WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

Direct Dial: (212) 403-1329
Direct Fax: (212) 403-2329
E-Mail: WDSavitt@wlrk.com

July 12, 2023

<u>Via ECF</u>

The Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re: *Securities and Exchange Commission* v. *Coinbase, Inc.*
         *and Coinbase Global, Inc.*, 23 Civ. 4738 (KPF)

Dear Judge Failla:

  Consistent with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, defendants Coinbase, Inc. and Coinbase Global, Inc. (together, "Coinbase") respectfully respond to the July 7, 2023 letter of the Securities and Exchange Commission ("SEC" or "Commission") announcing an intent to move under Federal Rule of Civil Procedure 12(f) to strike Coinbase's defenses rooted in the major questions doctrine, abuse of discretion, equitable estoppel, unclean hands, and laches. Should the Court allow the SEC to file this typically "disfavored" motion, *see Trodale Holdings LLC* v. *Bristol Healthcare Invs., L.P.*, 2017 WL 5905574, at *15 (S.D.N.Y. Nov. 29, 2017), the briefing should be independent of, and not interfere with, the prompt schedule that Coinbase has proposed for its own substantial and potentially case-dispositive motion for judgment on the pleadings.

  Motions to strike are "not to be granted 'unless there is a strong reason for so doing.'" *Nunez* v. *Exec. Le Soleil N.Y. LLC*, 2023 WL 3319613, at *5 (S.D.N.Y. May 9, 2023) (quoting *Nungesser* v. *Columbia Univ.*, 2017 WL 1102661, at *1 (S.D.N.Y. Mar. 23, 2017)). The Court has broad discretion in resolving such motions, and that discretion may be exercised in favor of the movant only if "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; *and* (3) the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co.* v. *Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (emphasis added).

  The SEC's proposed motion will not fare well under this standard. Not one of the elements is met, much less all three. Coinbase pleaded in detail in its Answer both the legal and factual reasons why the major questions doctrine bars the SEC's attempt to exercise "[e]xtraordinary" wholesale power over the emergent $1 trillion digital asset industry. Answer ¶¶ 16-17, 82, ECF No. 22; *see West Virginia* v. *EPA*, 142 S. Ct. 2587, 2608-09 (2022). Far from granting the "clear congressional authorization" required for the SEC to exercise such authority, Congress has expressly recognized that it has not yet delegated such regulatory authority and is actively considering regulatory structures for the digital asset industry. Answer ¶¶ 51-54; *West Virginia*, 142 S.

WACHTELL, LIPTON, ROSEN & KATZ

Hon. Katherine Polk Failla
July 12, 2023
Page 2

Ct. at 2609. In the two weeks since Coinbase served its Answer, the Supreme Court has further reinforced the applicability of the major questions doctrine in circumstances closely analogous to these. *Biden* v. *Nebraska*, 600 U.S. ___ (2023). The SEC cannot show that "no question of fact" and "no question of law" support this defense, nor that the Commission would also be prejudiced by its inclusion in this case. *GEOMC Co.*, 918 F.3d at 96.

The same is true of the other defenses the SEC proposes to move to strike. Coinbase's abuse of discretion defense, based on the Commission's decision to assert new regulatory authority over digital asset platforms by retroactive enforcement action rather than notice-and-comment rulemaking, plainly has grounding in fact and law. *See, e.g.*, *Pfaff* v. *HUD*, 88 F.3d 739, 748-49 (9th Cir. 1996) (finding abuse of discretion in analogous circumstances; noting court was "most troubled that in this especially complex area of the law, in which private individuals may be subject to heavy-handed enforcement proceedings, the Secretary has done so little to enlighten the public as to what she expects of them"). So do Coinbase's equitable estoppel and unclean hands defenses, which stem from Coinbase's reasonable reliance on the SEC's conduct acknowledging its own lack of authority to regulate digital asset trading platforms, and from the SEC's unjust conduct in reversing course in the manner it did, in disregard of Coinbase's repeated requests for regulatory guidance. *See Schwebel* v. *Crandall*, 967 F.3d 96, 102-103 (2d Cir. 2020); *Dunlop-McCullen* v. *Local 1-S, AFL-CIO-CLC*, 149 F.3d 85, 90 (2d Cir. 1998) ("The doctrine of unclean hands is based on the principle that since equity tries to enforce good faith in defendants, it no less stringently demands the same good faith from the plaintiff." (cleaned up)). All of this is alleged in detail in Coinbase's Answer. Similarly, Coinbase's laches defense is well rooted in the SEC's waiting to bring an enforcement action—seeking potentially significant injunctive relief as well as punitive penalties—until years after it now claims Coinbase began violating the law, and years after allowing Coinbase to go public with the same business it operates today, causing seemingly unprecedented prejudice to Coinbase and its stockholders. *See Cayuga Indian Nation* v. *Pataki*, 413 F.3d 266, 278-79 (2d Cir. 2005). Finally, there can be no prejudice posed by any of these defenses, which broadly share the same factual predicate underlying Coinbase's fair notice defense—a defense the SEC does not propose striking. Accordingly, there is zero incremental burden on the SEC, with all the resources of the federal government behind it, to respond to these pleadings.

In view of the high bar the SEC must meet to circumscribe Coinbase's defenses at this early stage and the limited potential impact of its proposed motion, there is no reason why briefing on any Rule 12(f) motion should cloud or delay the prompt presentation of Coinbase's potentially case-dispositive motion under Rule 12(c), which is important not just to Coinbase but to the industry as a whole. Accordingly, Coinbase respectfully requests that its proposed motion for judgment on the pleadings be briefed as set out in previous correspondence, with the motion and opening brief due within 7 days of the Court's order, answering brief due 28 days thereafter, and reply brief due 14 days after that. Should the SEC persist in its demand to move under Rule 12(f), Coinbase would be prepared to answer the motion 28 days after it is filed.

Wachtell, Lipton, Rosen & Katz

Hon. Katherine Polk Failla
July 12, 2023
Page 3

                                                  Respectfully,

                                                  /s/ William Savitt

                                                  William Savitt

cc:    Steven R. Peikin, Esq.
        Sullivan & Cromwell LLP

        Peter Mancuso, Esq.
        U.S. Securities and Exchange Commission