# EXHIBIT I

ORIGINAL +/s

RECEIVED
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

OCT 24 1988

FILED —
DOCKETED —

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 85-1932

GERALD M. HOCKING,

Plaintiff-Appellant,

v.

MAYLEE DUBOIS and VITOUSEK &
DICK REALTORS, INC.

Defendants-Appellees.

On Appeal from the United States District Court
for the District of Nevada

BRIEF OF THE SECURITIES AND EXCHANGE COMMISSION,
AMICUS CURIAE, ON REHEARING EN BANC

DANIEL L. GOELZER
General Counsel

JACOB H. STILLMAN
Associate General Counsel

THOMAS L. RIESENBERG
Senior Special Counsel

RANDALL W. QUINN
Attorney

Of Counsel
    PAUL GONSON
    Solicitor

Securities and Exchange Commission
Washington, D.C.  20549

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . .   ii

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . .   1

INTEREST OF THE SECURITIES AND EXCHANGE COMMISSION
AND SUMMARY OF ITS POSITION . . . . . . . . . . . . . .   1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . .   4

    A.   Facts . . . . . . . . . . . . . . . . . . . .   4

    B.   District Court Proceedings . . . . . . . . . . .   5

    C.   The Panel Decision of this Court . . . . . . . .   6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . .   8

THE SALE OF A CONDOMINIUM APARTMENT DOES NOT CONSTITUTE THE SALE
OF A SECURITY UNDER THE FEDERAL SECURITIES LAWS WHERE THE SELLER
HAS NO AFFILIATION OR SELLING ARRANGEMENT WITH THE RENTAL POOL
OPERATOR . . . . . . . . . . . . . . . . . . . . . .   8

    A.   Unless there is an affiliation or selling
        arrangement between the seller of a condominium
        and the rental pool operator, the condominium sale
        and the procurement of management services are two
        separate transactions, and the condominium sale
        does not satisfy the Howey investment contract
        test. . . . . . . . . . . . . . . . . . . .   8

    B.   Commission Release 5347, on which the panel relied
        in concluding that a security was sold here,
        applies to sales of condominiums by developers who
        have an affiliation or selling arrangement with a
        rental pool operator, not to a resale by an owner
        who has no such arrangement. . . . . . . . . . .   12

CONCLUSION . . . . . . . . . . . . . . . . . . . . .   15

TABLE OF AUTHORITIES

<u>CASES</u>                                                                 <u>Page</u>

Blackwell v. Bentsen, 203 F.2d 690 (5th Cir.),
  cert. dismissed, 347 U.S. 925 (1953) . . . . . . . . . . . 11

Cameron v. Outdoor Resorts of America, Inc., 608 F.2d
  187 (5th Cir. 1979) . . . . . . . . . . . . . . . . . . . 10

Dumbarton Condominium Assoc. v. 3120 R Street Assoc.,
  657 F. Supp. 226 (D.D.C. 1987) . . . . . . . . . . . . . . 9

Hodges v. H & R Investments, 668 F. Supp 545
  (N.D. Miss. 1987) . . . . . . . . . . . . . . . . . . . . 10

Joyce v. Ritchie Tower Properties, 417 F. Supp 53
  (N.D. Ill. 1976) . . . . . . . . . . . . . . . . . . . . . 9

Mosher v. Southridge Assoc., Inc., 552 F. Supp. 1231
  (W.D. Penn. 1982) . . . . . . . . . . . . . . . . . . . . 9

SEC v. Glenn W. Turner Enterprises, Inc., 474 F.2d 476
  (9th Cir.), cert. denied, 414 U.S. 821 (1973) . . . . . . 9

SEC v. W.J. Howey Co., 328 U.S. 293 (1946) . . . . . . . 3, 8, 9

United Housing Foundation, Inc. v. Forman,
  421 U.S. 837 (1975) . . . . . . . . . . . . . . . . . . 9, 11

Wooldridge Homes v. Bronze Tree, 558 F. Supp. 1085
  (D. Colo. 1983) . . . . . . . . . . . . . . . . . . . . . 10

<u>STATUTES AND RULES</u>

  <u>Securities Act of 1933, 15 U.S.C. 77a et seq.</u>

Section 2(1), 15 U.S.C. 77b(1) . . . . . . . . . . . . . . . 8
Section 12, 15 U.S.C. 77l . . . . . . . . . . . . . . . . . 5
Section 17, 15 U.S.C. 77q . . . . . . . . . . . . . . . . . 5

  <u>Securities Exchange Act of 1934, 15 U.S.C. 78a et seq.</u>

Section 3(a)(10), 15 U.S.C. 78c(a)(10) . . . . . . . . . . . 8
Section 10(b), 15 U.S.C. 78j(b) . . . . . . . . . . . . . . 5

Rule 10b-5, 17 C.F.R. 240.10b-5 . . . . . . . . . . . . . . 5

- ii -

MISCELLANEOUS

### Commission Release

Securities Act Release No. 5347, 1 Fed. Sec. L. Rep.
(CCH) para. 1049 (Jan. 4, 1973) . . . . . . . . . . . . 3, 4, 6
                                                        passim

### Division of Corporation Finance No-Action Letters

Embarcadero, [1976-77] Fed. Sec. L. Rep. (CCH)
para. 80,956 (Dec. 3, 1976) . . . . . . . . . . . . . . 14

Inter-Mack - Pali Ke Kua Condominiums (March 29, 1974) . . . . 14

Little Squaw Mountain Township (April 25, 1973) . . . . . . . 14

Terrace Hills Condominium (September 29, 1983) . . . . . . . . 14

### Other Authority

Bloomenthal, Securities and Federal Corporate Law,
(rev. ed. 1987) 2.04 . . . . . . . . . . . . . . . . . 10, 11

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 85-1932

GERALD M. HOCKING,

Plaintiff-Appellant,

v.

MAYLEE DUBOIS and VITOUSEK &
DICK REALTORS, INC.

Defendants-Appellees.

On Appeal from the United States District Court
for the District of Nevada

BRIEF OF THE SECURITIES AND EXCHANGE COMMISSION,
AMICUS CURIAE, ON REHEARING EN BANC

STATEMENT OF THE ISSUE

Whether the sale of a condominium apartment, where the buyer may apply to participate in a rental pool managed by a company that has no affiliation or selling arrangement with the condominium seller, constitutes the sale of a security under the federal securities laws.

INTEREST OF THE SECURITIES AND EXCHANGE COMMISSION
AND SUMMARY OF ITS POSITION

The Securities and Exchange Commission, the agency principally responsible for the administration of the federal securities laws, submits this brief as amicus curiae to address an important question concerning the coverage of the federal securities laws.  The Commission believes that the panel's

- 2 -

decision in this case, which is being reheard en banc,
improperly construed the reach of those laws in a case involving
the sale of residential real estate.  The Commission is
particularly concerned because the panel reached its decision
based in considerable part upon a misunderstanding of the
Commission's position as stated in a 1973 Commission release.

This case concerns the resale of a condominium apartment in
a resort complex in Hawaii.  The developer of the complex had
offered the original condominium purchasers the opportunity to
participate in a rental pool.  A rental pool is an arrangement
whereby an agent is responsible for renting and managing all
apartments that participate in the pool, and each owner receives
a pro rata share of the rental income (less the agent's fee).  A
sale of a condominium by a developer who also provides a rental
pool normally constitutes the sale of a security.

The resellers of the condominium here had chosen not to
participate in the rental pool when they purchased their
condominium from the developer.  Nonetheless, in connection with
the resale, a real estate agent informed the prospective buyer
that the buyer could apply to participate in the pool.  He
subsequently applied and was accepted.  The buyer sued the real
estate agent and her employer under the federal securities laws
for damages allegedly caused by fraudulent misrepresentations
made by the agent relating, for the most part, to the value of
the property.  At issue is whether the sale of the condominium

- 3 -

constituted the sale of a security.  The panel concluded that
the sale of a condominium as to which there exists an optional
rental pool always constitutes the sale of an investment
contract, and hence the sale of a security, even where, as
appears to be the situation here, there is no affiliation or
selling arrangement between the condominium seller and the rental
pool operator.

The Commission believes that neither the case law nor its
1973 release supports this conclusion.  The investment contract
test set forth in SEC v. W.J. Howey Co., 328 U.S. 293 (1946),
requires an investment of money in which profits will be obtained
from the efforts of others.  An investment of money in the
purchase of a condominium is not, in itself, a securities
transaction, nor is the independent procurement of management
services from others.  In this residential real estate
transaction, we assume, based on our review of the record, that
there was no affiliation or selling arrangement between the
condominium seller or the real estate agent and the rental pool
operator.  As a result, the condominium sale and the pooling
arrangements were two separate transactions, and the sale was
not covered by the federal securities laws.

The panel determined that a Commission release published in
1973 (Securities Act Release No. 5347, 1 Fed. Sec. L. Rep. (CCH)
para. 1049 (Jan. 4, 1973)), "compel[led]" its conclusion that the
investment contract test was satisfied here.  The Commission

- 4 -

disagrees.  That release applies to "<u>persons engaged in the</u>
<u>business</u> of building and selling condominiums" who offer a rental
pool "<u>coupled</u>" with a condominium.  <u>Id</u>. at 2070 (emphasis added).
In other words, the release was intended to apply to developers
who, as is often the case in resort complex developments, make
available a rental pool for condominium purchasers.  The sellers
here, by contrast, were not developers, and they could do, and
did, nothing more than, acting through a real estate agent,
inform the purchaser that an entity with which they had no
affiliation or selling arrangement provided a rental pool.  The
release did not conclude that such a condominium sale is the
sale of a security.

<u>STATEMENT OF THE CASE</u>

A.  <u>Facts</u> <u>1</u>/

The plaintiff, Gerald Hocking, a Nevada resident, purchased
a condominium apartment from Tovik and Yaacov Liberman, who are
not parties to this suit, through defendant Maylee Dubois, a
licensed real estate agent.  At the time, Dubois was employed by
defendant Vitousek & Dick Realtors, Inc., a Hawaii real estate
agency.  The condominium was located in a Hawaiian resort complex
developed by Aetna Life Insurance Company.  As part of the
original development, Aetna offered purchasers the opportunity to
participate in a rental pool arrangement.  The rental pool,

───────────────────

<u>1</u>/   The statement of facts is taken from the opinion of the
      court of appeals.

- 5 -

which was managed by the Hotel Corporation of the Pacific, was optional, and the Libermans had elected not to participate.

In urging Hocking's purchase, Dubois told him of the availability of the rental pool arrangement.  The purchase of the condominium gave Hocking the right to apply to the pool operator to participate in the rental pool.  Hocking applied, and his application was accepted approximately two weeks after he purchased the condominium.  The rental pool arrangement was to take effect six months later.

B.  District Court Proceedings

Hocking filed suit in the United States District Court for the District of Nevada against the real estate agent, Dubois, and her employer, Vitousek & Dick Realtors, Inc.  He alleged misrepresentations by Dubois relating for the most part to the value of the condominium, and sought recovery under the antifraud provisions of Sections 12 and 17 of the Securities Act of 1933, 15 U.S.C. 77l and 77q, and of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, 15 U.S.C. 78j(b) and 17 C.F.R. 240.10b-5.  He also asserted certain state law claims.

The district court entered summary judgment in favor of the defendants on the securities law claims, and dismissed the pendent state claims for lack of subject matter jurisdiction. The court based its decision on its conclusion that the sale of the condominium did not involve the sale of a security.  Hocking

- 6 -

had argued that the offer of a rental pool made the condominium
sale an investment contract.  The court, however, stated that
"the mere representations by the defendants that there was a
rental pooling agreement available which the plaintiff could
enter into if he saw fit to do so subsequent to purchasing the
property, is insufficient to establish a cause of action against
these named defendants." (Appellant's Excerpts from Record on
Appeal at 44).

    C.   <u>The Panel Decision of this Court</u>

    Hocking appealed the district court ruling, and a divided
panel of this Court reversed and remanded for further
proceedings (839 F.2d 560).  The panel held that if Hocking's
allegation that the real estate agent had offered him the option
to participate in the rental pool was true, the sale of the
condominium satisfies the criteria for an investment contract set
forth in <u>Howey</u> and its progeny.

    The panel based its decision, in considerable part, on its
interpretation of Securities Act Release No. 5347, 1 Fed. Sec.
L. Rep. (CCH) para. 1049 (Jan. 4, 1973), in which the Commission
set forth guidelines as to the application of the investment
contract test to the offer and sale of condominium units.  The
panel noted that Release 5347 described three rental
arrangements, one of which involves a rental pool.  As to such an
arrangement, the release states that "the offering of
participation in a rental pool arrangement" brings the

- 7 -

transaction within the scope of the investment contract test.
Id. at 2072.  The panel, in view of the release, stated that
offering a condominium with a rental pool "automatically makes
the investment a security."  839 F.2d at 565 (emphasis in
original).

The panel went on to hold that, even apart from the release,
the offer of the condominium satisfied the Howey test, which
requires that there be an "(1) an investment of money, (2) in a
common enterprise, (3) with the expectation of profits produced
by the efforts of others."  Id. at 564.  The panel analyzed each
of these factors.  First, the sale of the apartment involved an
"investment of money."  Id. at 566.  Second, a rental pool
involves a "common enterprise," because "the success of each
participant's individual investment clearly depends on the entire
[rental pool's] success."  Id. at 567.  Finally, an "expectation
of profits produced by the efforts of others" exists "whenever a
condominium is sold with [a rental pool] option."  Id. (emphasis
in original).  The panel therefore remanded the case to the
district court to determine whether Hocking was, as he alleged,
offered an "option" to participate in a rental pool.  Id. at 562
n.1.

In a dissenting opinion, Judge Hug concluded that the
transaction did not involve the sale of a security because the
seller had "no connection whatsoever with a rental pool."  839
F.2d at 572.  In addition, Judge Hug stated that the majority's

- 8 -

conclusion is based on its incorrect premise that Hocking was offered an "option" to participate in the rental pool.  He stated that there is "no evidence in the record that even suggests an option was offered," and the seller did not even have a "transferable 'option' to enter the rental pool that was binding on the developer * * *."  Id. (emphasis in original).

The defendants petitioned for rehearing en banc.  This Court granted the petition on August 1, 1988.

ARGUMENT

THE SALE OF A CONDOMINIUM APARTMENT DOES NOT CONSTITUTE THE SALE OF A SECURITY UNDER THE FEDERAL SECURITIES LAWS WHERE THE SELLER HAS NO AFFILIATION OR SELLING ARRANGEMENT WITH THE RENTAL POOL OPERATOR.

A.    Unless there is an affiliation or selling arrangement between the seller of a condominium and the rental pool operator, the condominium sale and the procurement of management services are two separate transactions, and the condominium sale does not satisfy the Howey investment contract test.

Section 2(1) of the Securities Act, 15 U.S.C. 77b(1), and Section 3(a)(10) of the Securities Exchange Act, 15 U.S.C. 78c(a)(10), both define "security" as including  "investment contract."  The leading case on the meaning of "investment contract" is Howey, which defined an investment contract as "a contract, transaction or scheme whereby a person [1]invests his money [2]in a common enterprise and [3]is led to expect profits solely from the efforts of the promoter or a third party."  328

- 9 -

U.S. at 298-99. 2/  When real property is sold as a residence or
without management services, the transaction ordinarily does not
involve the sale of a security.  See, e.g., United Housing
Foundation, Inc. v. Forman, 421 U.S. 837 (1975)(sale of
cooperative apartments by nonprofit corporation, where purchasers
sought to acquire a place to live, does not involve sale of a
securi-v); Joyce v. Ritchie Tower Properties, 417 F. Supp 53
(N.D. Ill. 1976)(condominium to be occupied by buyer as his
residence); Dumbarton Condominium Assoc. v. 3120 R Street Assoc.,
657 F. Supp. 226 (D.D.C. 1987)(seller of condominium apartments
did not promise to market, develop, sell, or lease the property
on behalf of the buyers); Mosher v. Southridge Assoc., Inc., 552
F. Supp. 1231 (W.D. Penn. 1982)(buyer had sole discretion whether
or not to rent out condominium and no rental pool offered).

    Where, however, real property is sold with management
services, courts have found the investment contract test to have
been satisfied when the management services were provided either
by the real estate promoter or by an entity having some
affiliation or selling arrangement with the promoter.  See, e.g.,
Howey, 328 U.S. at 295 (promoter sells orange groves and company

_____

2/   See also United Housing Foundation, Inc. v. Forman, 421
     U.S. 837, 852 (1975)(describing the third prong of the
     test as "a reasonable expectation of profits to be
     derived from the entrepreneurial or managerial efforts
     of others"); SEC v. Glenn W. Turner Enterprises, Inc.,
     474 F.2d 476, 482 (9th Cir.), cert. denied, 414 U.S.
     821 (1973)(test is whether efforts made by those other
     than investors are the "undeniably significant ones").

- 10 -

affiliated -- under "direct common control" -- with promoter

offers to grow, harvest, and sell oranges); <u>Cameron v. Outdoor</u>

<u>Resorts of America, Inc.</u>, 608 F.2d 187 (5th Cir. 1979) (promoter

sells condominium campsites and retains exclusive right to rent

campsites in owner's absence and share profits with owner);

<u>Wooldridge Homes v. Bronze Tree</u>, 558 F. Supp. 1085 (D. Colo.

1983) (promoter sells unimproved resort property and promises to

build condominiums and arrange for management services for two

years); <u>Hodges v. H & R Investments</u>, 668 F. Supp 545 (N.D. Miss.

1987)(promoter of condominium guarantees buyer minimum rental

income and promises to pay referral fee to buyer).  As one

commentator has noted, the typical situation that gives rise to

an investment contract is the sale of property "accompanied by an

arrangement under which the promoters * * * manage the entire

operation and allocate the profits, if any, on the basis of the

individual's relative participation."  H. Bloomenthal, <u>Securities</u>

<u>and Federal Corporate Law</u> (rev. ed. 1987), 2.04[1].

An affiliation or selling arrangement requirement stems from

the nature of an investment contract.  An investment contract

requires both an investment of money and an expectation of

profits from the efforts of others.  An investment of money in

the purchase of a condominium is not, in itself, a securities

transaction, nor is the independent procurement of management

services from others.  Unless there is a link between the seller

of the property (or his agent) and the provider of services,

- 11 -

these are two separate transactions, and the property sale is not
covered by the securities laws.  See Blackwell v. Bentsen, 203
F.2d 690, 693 (5th Cir.), cert. dismissed, 347 U.S. 925 (1953)
(finding an investment contract where the sales of citrus groves
and the offering of management services, "although separate in
form," "form constituent parts of what is essentially one
transaction").

Since in this case there is no suggestion of any affiliation
or selling arrangement between the sellers of the condominium (or
the real estate agent) and the operator of the rental pool, the
sale of the condominium was not a transaction that involved an
investment contract. 3/

---

3/   We are limiting our conclusion that there must be an
     affiliation or selling arrangement to the context of
     residential real estate, in light of its unique
     characteristic, noted in the case law, of providing a
     place to live (see, e.g., United Housing Foundation,
     Inc. v. Forman, 421 U.S. 837 (1975)).  We are not
     expressing a view as to whether an affiliation or
     selling arrangement is necessary in all other types of
     cases, except to note that in other cases the
     management services must at least be "related" in some
     manner to the activities of the promoter.  See
     Bloomenthal, Securities and Federal Corporate Law,
     (rev. ed. 1987) 2.04[11].

     We also express no view as to who has the burden of
     proof on the linkage issue, or what will satisfy that
     burden so as to require the other side to go forward.
     We note, however, that it could be an easy evasion of
     the federal securities laws for a condominium seller
     and a rental pool operator to avoid formal documentary
     arrangements between themselves and nonetheless have an
     understanding, by custom and usage or otherwise.

- 12 -

B.   Commission Release 5347, on which the panel relied in
     concluding that a security was sold here, applies to
     sales of condominiums by developers who have an
     affiliation or selling arrangement with a rental pool
     operator, not to a resale by an owner who has no such
     arrangement.

The Commission's view that the transaction at issue here

did not involve the sale of a security is consistent with the

position taken by the Commission in Release 5347.  The release

notes that "[t]he offer of real estate as such, without any

collateral arrangements with the seller or others, does not

involve the offer of a security."  1 Fed. Sec. L. Rep. (CCH)

para. 1049 at 2071.  However, the release states, "[w]hen the

real estate is offered in conjunction with certain services, a

security, in the form of an investment contract, may be present."

Id.  One such service noted in the release is a rental pool. 4/

---

4/   The release also discusses two other types of services
     that will cause an offering to be viewed as an offering
     of securities.  The pertinent section of the release
     reads in full (1 Fed. Sec. L. Rep. (CCH) para. 1049 at
     2072):

         In summary, the offering of condominium units in
         conjunction with any one of the following will
         cause the offering to be viewed as an offering of
         securities in the form of investment contracts:

         1.  The condominiums, with any rental arrangement
         or other similar service, are offered and sold
         with emphasis on the economic benefits to the
         purchaser to be derived from the managerial
         efforts of the promoter, or a third party
         designated or arranged for by the promoters, from
         rental of the units.

         2. The offering of participation in a rental pool
         arrangement; and

                                              (continued...)

- 13 -

The release does not state, however, that the mere contemporane-
ous offer of a rental pool is sufficient to meet the investment
contract test.  The very first sentence of the release makes
clear that it applies where the condominium sale is "coupled
with" the pool.  Id. at 2070.  Where the condominium seller and
the rental pool operator have no affiliation or selling
arrangement, there is no such "coupling."

Moreover, the release states that it applies to "persons
engaged in the business of building and selling condominiums and
similar types of real estate."  Id. at 2070 (emphasis added).  In
other words, the release applies to developers, who, as is often
the case in resort areas, have an affiliation or selling
arrangement with a rental pool operator.  The release does not
apply to persons who resell their own individual units after the
initial project is complete and have no such affiliation or
selling arrangement with the pool operator.

The Commission's staff has expressed that understanding of
the release on numerous occasions.  Subsequent to the issuance of
the Commission's release, persons involved in developing real
estate projects have frequently sought the informal advice of the

_____

4/ (...continued)

        3.  The offering of a rental or similar
arrangement whereby the purchaser must hold his
unit available for rental for any part of the
year, must use an exclusive rental agent or is
otherwise materially restricted in his occupancy
or rental of his unit.

- 14 -

Commission's Division of Corporation Finance as to whether the Division would recommend Commission enforcement action if the property were sold without complying with the registration provisions of the Securities Act.  The Division has declined to take a "no-action" position where there is an affiliation or selling arrangement between the developer and the rental pool operator.  See, e.g., Little Squaw Mountain Township (April 25, 1973)(rental pool operated by subsidiary of the developer); Inter-Mack – Pali Ke Kua Condominiums (March 29, 1974)(rental pool operated by agent employed by the developer).  Where, however, no such affiliation or selling arrangement is present, the Division has taken a no-action position.  See Terrace Hills Condominium (September 29,1983) (optional rental pool available from the Board of Directors of the Homeowners Association, an entity that had no business relationship with the developer).  5/

---

5/   The only possible exception to this approach is
     Embarcadero, [1976-77] Fed. Sec. L. Rep. (CCH) para.
     80,956 (Dec. 3, 1976), which the panel cited for the
     proposition that a condominium owner who participates
     in a rental pool cannot "uncouple" the condominium from
     the rental pool.  See 839 F.2d at 570.  There, the
     Division of Corporation Finance declined to take a no-
     action position as to a transaction involving the
     resale of a condominium in which participation in the
     original rental pool offered by the developer
     terminated upon resale and the new purchaser had to
     apply to enter the pool.  The Embarcadero letter
     contains little discussion, and it cannot be determined
     whether there was an affiliation or selling arrangement
     between the seller of the condominium and the rental
     pool operator.  Assuming there was no such
     relationship, Embarcadero is a statement of the staff
     in 1976 with which the present staff and the Commission
                                            (continued...)

- 15 -

<u>CONCLUSION</u>

For the foregoing reasons, the Commission believes that the availability of a condominium rental pool does not make the sale of the condominium a securities transaction where the condominium seller has no affiliation or selling arrangement with the rental pool operator.

Respectfully submitted,


DANIEL L. GOELZER
General Counsel


JACOB H. STILLMAN
Associate General Counsel


THOMAS L. RIESENBERG
Senior Special Counsel


Of Counsel
   PAUL GONSON
   Solicitor

RANDALL W. QUINN
Attorney

Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, D.C.  20549


October 1988

_____

5/(...continued)
   disagree.  <u>See</u> 17 C.F.R. 202.1(d) ("opinions expressed
   by members of the staff do not constitute an official
   expression of the Commission's views.")