# Parlatore Law Group, LLP

## Scott D. Brenner, Esq.

One World Trade Center, Suite 8500
New York, NY 10007
scott.brenner@parlatorelawgroup.com
Telephone: (212) 603-9918

October 10, 2023

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, New York, NY 10007

Re: *SEC v. Coinbase, Inc., and Coinbase Global, Inc.*, No. 1:23-CV-04738 (KPF)

Dear Judge Polk Failla:

     Parlatore Law Group represents New Finance Institute ("NFI"), and we respectfully request leave to file an Amicus Brief in support of the SEC's Opposition to Defendants' Motion for Judgment on the Pleadings. A copy of the Amicus Brief is attached hereto as Exhibit A.

     NFI is a public benefit corporation with a dedicated mission to discover financial truths and bring financial empowerment to the masses. NFI's corporate website can be found at: www.newfinanceinstitute.com. NFI publishes two blogs: Finance 2027 ("F27") and Full Court Press ("FCP"). F27 can be found at https://www.finance2027.com/ and, through its publication, NFI aims to build consensus on financial definitions. FCP is available at https://www.fullcourtpress.io/ and is dedicated to exploring the legal implications of financial definitions.

     This case necessitates the application of legal principles to a unique set of facts which must be situated within the appropriate historical and financial context. NFI has a strong interest in building consensus on all financial definitions, most notably the word investing, which it sees as a gating item toward prosperity and informed decision-making. This amicus brief, drawing on financial expertise, hones in on the definition of investing, which NFI believes to be central to this case. As such, NFI advocates for an evaluation of the boundaries of investor protection through that lens. This holistic, multi-disciplinary approach is intended to offer the Court a novel and distinct viewpoint.

     NFI contends that the purchasing of crypto tokens should not be characterized as investments due to the lack of cash flow generation (a long-established prerequisite for any true investment). In NFI's view, such purchases are still investment contracts because the buying public is denied the full and fair disclosure that they are *not* investing. Ultimately, NFI aligns

with Plaintiff's position, reaching the same legal conclusion, but taking a different path of reasoning.

NFI's position can be viewed as expressing an opinion on two related questions: First, the finance question: Is it an investment? Second, the legal question: Is it an investment contract? The same is in fact true for both the Plaintiff and Defendants. NFI believes that's one of the unique contributions it is making via this amicus brief: It provides a novel way of visualizing this case through a straightforward two-by-two table, guided by two key yes-or-no questions described above. Answering each of these questions with a 'yes' or 'no' results in four potential outcomes (yes/yes, yes/no, no/yes and no/no). Furthermore, NFI believes that it is illuminating to map the positions of the involved parties onto this hypothetical two-by-two table. The SEC answers both questions with a yes, and Coinbase appears to be leaning toward a yes/no pair, while they also answered both questions in the negative in a recent amicus brief.

"An amicus brief should normally be allowed when … the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Citizens Against Cas. Gam., Erie Co. v. Kempthorne*, 471 F. Supp. 2d 295 (W.D.N.Y. 2007) (internal citations omitted). "District courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *Automobile Club of N.Y., Inc. v. the Port Auth. of N.Y. N.J.*, 11 Civ. 6746 (RJH) (S.D.N.Y. Nov. 23, 2011), citing *Jamaica Hosp. Medical v. United Health Group*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008).

For the foregoing reasons, NFI respectfully requests that the Court grant leave to file the amicus brief attached hereto as Exhibit A.

Respectfully submitted,

By: _____

Scott D. Brenner, Esq.
Fed Bar No. SB4264
Attorney for Amici Curiae

cc: All Counsel of Record (via ECF)