

**Scott D. Brenner, Esq.**
Partner
Parlatore Law Group, LLP
260 Madison Avenue, 17th Floor
New York, NY  10016
scott.brenner@parlatorelawgroup.com
Direct: 646-330-4725
Facsimile: 646-417-6422

November 17, 2023

<u>Via ECF</u>
The Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square, New York, NY 10007

Re: *SEC v. Coinbase, Inc., and Coinbase Global, Inc.*, No. 1:23-CV-04738 (KPF)
   *Oral Argument re Motion for Judgement on the Pleadings*
   *Joint Letter dated November 16, 2023 (Dkt #92); Memo Endorsement Order (Dkt #93)*

Dear Judge Polk Failla:

    I respectfully submit this letter as counsel to New Finance Institute, *Amicus Curiae* ("NFI"), with respect to the *Joint Letter* submission dated November 16, 2023 (Dkt #92) and the Court's Memo Endorsement Order entered earlier today (Dkt #93).  We request that the Court modify its Order (Dkt #93) for the following reasons:

    On November 6, we advised the Court of our request to participate in oral argument (Dkt #90). By your Honor's Order, dated October 25, 2023 (Dkt #86), the parties were to *meet and confer* with respect to oral argument on the Defendant's pending Motion for Judgment on the Pleadings (Dkt #35), as follows:

> *Additionally, the parties are instructed to meet and confer with each other and with those amici curiae who wish to be heard to propose a reasonable schedule for oral argument, including duration and division of time for each side. The parties shall file a joint submission containing the proposed schedule on or before November 17, 2023.*

    **NFI RESPECTFULLY REQUESTS** that the Court modify the Order (Dkt #93) to afford NFI a modest period of ten (10) minutes oral argument out of the four (4) hours total time allotted.  As I advised counsel for the SEC on our call yesterday, my client's position is consistent with the result sought by the SEC <u>but proposes a distinct legal analysis</u> that we believe is compelling for the Court to consider given the public policy implications presented by this case.

    The above-referred Joint Letter (Dkt. #92) failed to advise the court that we were not in agreement with the SEC's and Defendants' position regarding oral argument.  Unfortunately, the call I received yesterday from SEC attorneys Patrick Costello and Nicholas Margida was not to *confer* regarding a reasonable schedule – rather, it was to *advise* of the SEC's collective decision with Defendants' counsel that we will <u>not</u> be allotted any time for argument.  I maintained my client's request to participate, which the SEC attorneys declined. Their stated



Honorable Katherine Polk Failla, U.S.D.J.
November 17, 2023
Page 2 of 2

reasoning was twofold, (i) that no other amici curiae were requesting time for argument, and (ii) that our position was already set forth in our brief and therefore participation in oral argument was unnecessary.

The first prong of their reasoning is not to my knowledge a proper ground for either the granting or denial of an opportunity to participate in oral argument – it is for the Court to decide. I am aware of no straw-poll requirement setting a minimum threshold of amici curiae interested to present oral argument in order for such participation to be approved. To the contrary, my understanding is that the Court alone has discretion over decorum and, as such, determines the mode and conduct of oral argument before it.

Pursuant to the October 25, 2023 Order (Dkt #86), the parties were to confer on a *reasonable schedule* for argument together *with those amici curiae who wish to be heard*. Respectfully, I am at a loss to understand how such an order would empower Plaintiff and Defendant to determine whether or not amici curiae gets an opportunity to argue at all. If that was your Honor's intention then we stand corrected and humbly withdraw this request.

Secondly, to argue that an amicus party need not participate in oral argument because its position is already stated in their brief seems contrary to the very reasons for oral argument. Oral argument permits the Court, parties, and permitted amici curiae, an opportunity to challenge each position, in person, on the facts and law presented in their respective briefs, so as to present the Court with a fully adjudicated analysis of the matters before it for decision. The SEC's and Defendants' joint position not only denies amici curiae an opportunity to participate, but also usurps the Court's discretion to explore, challenge and consider amici curiae positions on oral argument that address broader public policy issues impacted by the instant dispute.

We thank the Court for its consideration of this matter.

> Very truly yours,
>
> **PARLATORE LAW GROUP LLP**
>
> _____
> Scott D. Brenner, Partner

cc: All Counsel and Pro Se parties of record (via ECF)

```
The Court is in receipt of New Finance Institute's ("NFI") letter
requesting the Court modify its November 17, 2023 Order, (Dkt #93),
accepting the proposed oral argument schedule.  (Dkt. # 95).
Application DENIED.  The Court sees no reason to deviate from the so
ordered schedule.                    SO ORDERED.

Dated:    November 20, 2023
          New York, New York
                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE
```