

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

March 4, 2024

Via ECF

The Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Securities and Exchange Commission v. Coinbase, Inc. et al.*, 23 Civ. 4738 (KPF)

Dear Judge Failla:

Plaintiff Securities and Exchange Commission ("SEC") respectfully informs the Court of a recent ruling on a motion for default judgment in *SEC v. Wahi*, 22 Civ. 1009 (TL) (Dkt. No. 119) (W.D. Wash. Mar. 1, 2024) ("*Wahi*") that is relevant to the Court's consideration of Defendants' Motion for Judgment on the Pleadings and the SEC's Opposition thereto (Dkt. Nos. 36, 69). In *Wahi* the court ruled that a defendant who purchased certain crypto assets on trading platforms purchased securities because the assets were offered and sold as investment contracts under *Howey*. In explaining its ruling, the court held that the *Howey* "analysis remains the same even to the extent [the defendant] traded tokens on the secondary market." *Wahi*, at 13-14 (citing *SEC v. Terraform Labs Pte. Ltd.*, 2023 WL 8944860, at *15 (S.D.N.Y. Dec. 28, 2023)). Notably, in briefs supporting the Wahis' motion to dismiss, certain defendants and Coinbase as *amicus curiae* argued that secondary market trades in crypto assets cannot involve investment contracts because there needs to be an asset sale "*coupled with* legally binding promises by the seller."[1] Mot. to Dismiss at 13-27, *Wahi* (Dkt. No. 33) (W.D. Wash. Feb. 6, 2023); *see also* Amicus Br. of Coinbase, Inc. in Support of Defs. at 9-10, 12-17, *Wahi* (Dkt. No. 104) (W.D. Wash. Apr. 3, 2023) (claiming that "Coinbase Does Not List Securities, Period."). The *Wahi* opinion is attached hereto as Exhibit A.

Respectfully submitted,

/s/ Peter A. Mancuso
Peter A. Mancuso
*Counsel for Plaintiff*

Cc: All counsel of record (via ECF)

---

[1] These co-defendants later settled. *Wahi* (Dkt. No. 111) (W.D. Wash. Jun. 2, 2023).