WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

DIRECT DIAL: (212) 403-1329
DIRECT FAX: (212) 403-2329
E-MAIL: WDSavitt@wlrk.com

March 5, 2024

<u>Via ECF</u>

The Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

> Re:   *Securities and Exchange Commission* v. *Coinbase, Inc.*
> *and Coinbase Global, Inc.*, 23 Civ. 4738 (KPF)

Dear Judge Failla:

    We write to provide further information not included in Plaintiff Securities and Exchange Commission's ("SEC") Notice of Supplemental Authority, ECF No. 103, relevant to the default judgment entered by the U.S. District Court for the Western District of Washington on the SEC's unopposed motion in *SEC* v. *Wahi*.

    In July 2022, the SEC filed suit against Ishan and Nikhil Wahi, a 32-year old former Coinbase employee and his brother, and Ishan's college friend, Sameer Ramani.  *See SEC* v. *Wahi*, No. 2:22-cv-01009-TL, ECF No. 1 (W.D. Wash. July 21, 2022) (*Wahi*).   The complaint alleged securities fraud based on defendants' theft of Coinbase's confidential information and front-running of purchases of nine digital assets, none of which are at issue in the SEC's complaint in this matter.  The SEC did not include as parties any issuers, exchanges, or other crypto industry participants in that action.  *Id.*

    On February 6, 2023, defendants Ishan and Nikhil Wahi moved to dismiss the complaint, including on the basis that the tokens were "not 'investment contracts'" and that the SEC thus had exceeded its statutory authority.  *Wahi*, ECF No. 33.  Coinbase and several other industry participants filed briefs in support of the Wahi brothers' motion.  *See Wahi*, ECF Nos. 92, 94, 97, 101, 104.  That motion was never decided because just weeks later, on June 1, 2023, the SEC terminated the action against the Wahi brothers in a zero-dollar, no-admit-no-deny settlement. *Wahi*, ECF Nos. 109, 110.

    The third defendant, Mr. Ramani, never responded to service or otherwise responded to the complaint, and is suspected to have fled the country.  *See Wahi*, ECF No. 28.  On October 26, 2023, the Clerk of Court entered default against Mr. Ramani in light of his failure to respond to the complaint.  *Wahi*, ECF No. 114.

    On January 18, 2024, the day after oral argument in this matter and nearly three months after the entry of default, the SEC moved for entry of a default judgment against Mr. Ramani.

WACHTELL, LIPTON, ROSEN & KATZ

Hon. Katherine Polk Failla
March 5, 2024
Page 2

*Wahi*, ECF No. 118.  The SEC's motion was unopposed.  No party or *amici* (let alone Coinbase) filed any brief.  The SEC's motion—despite repeated citation to decisions of "district courts in the Second Circuit"—did not mention this action or that a motion for judgment on the pleadings had been fully briefed and argued before this Court.  *Id.* at 10 n.6, 11-12 & n.7.  Nor did the motion cite the recent opinion in *SEC* v. *Ripple Labs, Inc.*, No. 20-cv-10832 (S.D.N.Y. July 13, 2023), or its analysis of transactions on the secondary market.  *See Wahi*, ECF No. 118.

On the basis of this one-sided record, the *Wahi* Court entered a default judgment against Mr. Ramani on March 1, finding, among other things, that "resolution on the merits [wa]s not reasonably possible."  *Wahi*, ECF No. 119 at 15.  Accepting "the allegations in the complaint as true," it found that "the crypto assets . . . were investment contracts," *id.* at 14 (internal quotation and citation omitted), a position that the SEC itself rejected before this Court, ECF No. 101 at 21:11 ("The token itself is not the security.").

The *Wahi* order was procured against an empty chair and its reasoning reflects as much. Coinbase respectfully submits that the default judgment against Mr. Ramani should be afforded no weight.  *See Arizona* v. *California*, 530 U.S. 392, 414 (2000) (recognizing that in "the case of a judgment entered by . . . default, none of the issues is actually litigated").

Respectfully,

/s/ William Savitt

William Savitt

cc:     Steven R. Peikin, Esq.,
        Sullivan & Cromwell LLP

        Peter Mancuso, Esq.
        U.S. Securities and Exchange Commission