# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**SECURITIES AND EXCHANGE COMMISSION,**

                                        **Plaintiff,**

                    -against-

**COINBASE, INC. AND COINBASE GLOBAL, INC.**

                                        **Defendants.**

---

**23 Civ. 04738 (KPF)**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Plaintiff Securities and Exchange Commission, pursuant to Fed. R. Civ. P. 34, hereby serves its First Request for Production to Defendants Coinbase, Inc. and Coinbase Global, Inc., and requests the production of responsive Documents within thirty days of service hereof. The SEC further requests such production conform to the Definitions and Instructions set forth below.

## DEFINITIONS AND INSTRUCTIONS

A.    The terms "You, "Your" or "Coinbase" shall mean Defendants Coinbase, Inc. and Coinbase Global, Inc. under the full definition of "defendant" set forth in Local Civil Rule 26.3(c)(5).

B.    The term "SEC" shall mean Plaintiff Securities and Exchange Commission under the full definition of "plaintiff" set forth in Local Civil Rule 26.3(c)(5).

C.    The term "Complaint" shall mean the Complaint filed by the SEC in the above-styled matter on June 6, 2023 (Dkt. # 1).

D.    The term "Answer" shall mean the Answer and Defenses filed by Coinbase in the above-styled matter on June 28, 2023 (Dkt. # 22).

E.    The term "Initial Disclosures" shall mean Your initial disclosures under Fed. R. Civ. P. 26(a)(1) in the above-styled matter.

F.    The term "Coinbase Platform" shall mean Coinbase's digital asset spot exchange as first referenced in Paragraph 31 of the Preliminary Statement section of the Answer.

G.    The term "Prime" shall mean Coinbase Prime as first referenced in Paragraph 32 of the Preliminary Statement section of the Answer.

H.    The term "Listing Application" shall mean Coinbase's digital asset listing application, as first referenced in Paragraph 104 of the Responses to Plaintiff's Allegations section of the Answer.

I.    The term "Crypto Asset" shall mean an asset issued or transferred using distributed ledger or blockchain technology, including assets referred to colloquially as "digital assets," "crypto assets," "cryptocurrencies," digital "coins," or "tokens."

J.    The terms "Trade" or "Trading" shall mean trade, swap, purchase, exchange, or sale.

K.    The term "Named Tokens" shall mean the following Crypto Assets named in the Complaint: Solana (SOL), Cardano (ADA), Polygon (MATIC), Filecoin (FIL), Sandbox (SAND), Axie Infinity (AXS), Chiliz (CHZ), Flow (FLOW), Internet Computer Protocol (ICP), Near (NEAR), Voyager (VGX), and Dash (DASH).

L.    The term "Asset Hub" shall mean the Coinbase Asset Hub as first referenced in Paragraph 65 of the Responses to Plaintiff's Allegations section of the Answer.

M.    The term "Primary Token" shall mean any Crypto Asset approved for listing or Trading on the Coinbase Platform or by or through Prime, whether through Asset Hub or otherwise, which was offered or sold by the issuer to purchasers on the Coinbase Platform or by or through Prime.

N.    The term "Staking Program" shall mean Coinbase's staking program as referenced in Paragraph 7 of the Responses to Plaintiff's Allegations section of the Answer.

O.     The term "User Agreement" shall mean Coinbase's User Agreement as first referenced in Paragraph 83 of the Responses to Plaintiff's Allegations section of the Answer.

P.     The term "Trading Rules" shall mean the Coinbase Markets Trading Rules as first referenced in Paragraph 88 of the Responses to Plaintiff's Allegations section of the Answer.

Q.     The term "Listing Services Agreement" shall mean the Coinbase Listing Services Agreement included as part of the listing process for Crypto Assets in Asset Hub.

R.     The term "Prime Broker Agreement" shall mean the Coinbase Prime Broker Agreement included as part of Prime.

S.     The term "Prime Product Guide" shall mean the Coinbase Prime Product Guide as first referenced in Paragraph 101 of the Responses to Plaintiff's Allegations section of the Answer.

T.     The terms "Market Making" or "Market Makers" shall mean independent companies that provide liquidity to facilitate Trading on the Coinbase Platform, as those terms are referred to on Coinbase's website (www.coinbase.com).

U.     The term "Policies" shall mean policies, procedures, manuals, or rules.

V.     The term "Communication" is defined to be synonymous in meaning and equal in scope to the usage of the term "communication" in Local Civil Rule 26.3(c)(1).

W.     The term "Person" is defined to be synonymous in meaning and equal in scope to the usage of the term "person" in Local Civil Rule 26.3(c)(6).

X.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "document" in Local Civil Rule 26.3(c)(2).

Y.     The term "Concerning" is defined to be synonymous in meaning and equal in scope to the usage of the term "concerning" in Local Civil Rule 26.3(c)(7).

Z.     The term "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

AA.     The term "Identify" with respect to persons is defined to be synonymous in meaning and equal in scope to the usage of the term "identify" with respect to persons in Local Civil Rule 26.3(c)(3).

BB.     The term "Identify" with respect to documents is defined to be synonymous in meaning and equal in scope to the usage of the term "identify" with respect to documents in Local Civil Rule 26.3(c)(4).

CC.     These requests incorporate the rules of construction set forth in Local Civil Rule 26.3(d).

DD.     These requests call for Documents in Your actual or constructive possession, custody, or control, regardless of where such Documents are located.

EE.     All Documents must be produced in their entirety, including all attachments and enclosures, regardless of whether any portions thereof may contain information not requested. For example, all responsive emails shall be produced with their attachments, if any. Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook, or the cover or container, a copy of the label of such cover or other container must be attached to the Document or group of Documents. All Documents are to be produced as they are kept in the usual course of business so the SEC can ascertain the files in which the Documents were located, their relative order in such files, and how such files were maintained.

FF.     All Documents responsive to these requests that are maintained in the usual course of business in electronic format or ESI shall be produced in their ***native*** format along with software necessary to interpret such files if such software is not readily available. Production of ESI shall comply with the SEC's Data Delivery Standards, which the SEC is providing contemporaneously herewith.

GG.     Depending on the volume of Documents responsive to these requests, You may produce the Documents to the SEC via secure file transfers in multiple increments of 30 GB or less

using the SEC's Accellion/Kiteworks system. Please contact the SEC's undersigned counsel for an email link to the system if You or Your counsel do not already have an active user account. Please be sure to include the undersigned counsel as well as ENF-CPU@SEC.GOV on the Accellion/Kiteworks email transmission, and ensure You do **not** copy any non-SEC email addresses, as the system does not permit those on a transmission. Also, please list "HO-14315 Litigation: SEC v. Coinbase, Inc. et al (Case No. 23 Civ 4738 (KPF))" and Identify yourself as the producing party on the subject line or in the body of the transmission. Note that it is best when using the Accellion/Kiteworks system to put Your files into a container (such as a WinZip or WinRAR file) before adding them to the email transmission. Chrome and Edge are the preferred web browsers for use with Accellion/Kiteworks.

HH. Otherwise, for larger productions, please send the Documents on a hard drive or other tangible deliverable to the following address along with a cover letter referencing Your name as the producing party and "HO-14315 Litigation: SEC v. Coinbase, Inc. et al (Case No. 23 Civ 4738 (KPF))" and notify the SEC's undersigned counsel when the production is made: ENF-CPU (U.S. Securities & Exchange Commission), 14420 Albemarle Point Place, Suite 102, Chantilly, VA 20151-1750.

II. Affix a Bates label or other identifying mark to each page of each Document or ESI produced.

JJ. You must make a thorough search for all Documents requested herein. If no Documents responsive to a particular request exist, You must so state in Your response. If a Document or category of Documents once existed, but have since been lost, destroyed, or are no longer in Your actual or constructive possession, custody, or control, You must Identify each such Document or category of Documents in Your response and state the details Concerning the loss or destruction or the reason the Document or category of Documents no longer are in Your actual or constructive possession, custody, or control.

KK.    These requests do not contemplate the production of Documents that You already produced to the SEC during its investigation of this matter. However, in the event that one or more Documents responsive to a particular request already were produced, You must state so in Your response and Identify the particular Document or Documents by Bates number so that the SEC can locate the materials in its file. If the Document or Documents do not contain Bates numbers, You must instead state the Date You produced the material to the SEC during the investigation and specify the particular subpoena and request number in response to which the material was produced.

LL.    These requests do not contemplate the disclosure of privileged information and are intended to call only for the production of non-privileged Documents. Nevertheless, if You object in whole or in part to producing a Document because of a privilege, You must comply with Local Civil Rule 26.2 in responding to the relevant request.

MM.    These requests are served without prejudice to the SEC's right to serve additional requests during the course of discovery.

NN.    You are under a continuing obligation to supplement Your responses to these requests and any corresponding production of Documents under the circumstances specified in Fed. R. Civ. P. 26(e).

OO.    Unless otherwise specified below, the time period for these requests is January 1, 2019 through the present.


## REQUESTS FOR PRODUCTION

***Please refer to the Definitions and Instructions above for a description of defined capitalized terms before responding to these requests.***


**Request No. 1.**  Please produce all Documents identified in Your Initial Disclosures.

**Request No. 2.**  Please produce all Documents sufficient to show the technical specifications (such as architecture diagrams, visual depictions, and technical design requirements) underlying the infrastructure and software Coinbase uses for the Coinbase Platform.

**Request No. 3.**  Please produce all Documents sufficient to show the technical specifications (such as architecture diagrams, visual depictions, and technical design requirements) underlying the infrastructure and software Coinbase uses for Prime.

**Request No. 4.** Please produce Coinbase's Policies Concerning Trading operations on the Coinbase Platform.

**Request No. 5.**  Please produce Coinbase's Policies Concerning the order books and matching engine for the Coinbase Platform.

**Request No. 6.**  To the extent not encompassed by Request Nos. 4 and 5, please produce all Documents sufficient to show how the Coinbase Platform brings together or matches, and then executes, Trading orders of Crypto Assets (whether retail customer orders, margin Trading orders, or orders of Coinbase's institutional partners, clients, or customers Trading for their own customers), including, but not limited to, Documents sufficient to show the methods Coinbase uses to match and execute the orders, and Coinbase's Policies for matching and executing the orders.

**Request No. 7.**  Please produce all executed agreements Concerning the Coinbase Platform between Coinbase and any Market Makers or Crypto Asset issuers.

**Request No. 8.**  Please produce all executed agreements Concerning Prime between Coinbase and any Crypto Asset issuers or any third-party platforms to which Coinbase routes customer orders.

**Request No. 9.**  Please produce all Documents provided to new customers upon the creation of a Coinbase account for Trading on the Coinbase Platform or by or through Prime, including, but not limited to, any term of use agreement, rules, Policies, codes of conduct, product options, or informational materials.

**Request No. 10.**  Please produce Coinbase's Policies Concerning the functionality of Coinbase's "best price" matching rule, as first referenced in Paragraph 98 of the Complaint.

**Request No. 11.**  Please produce Coinbase's Policies Concerning Market Making on the Coinbase Platform.

**Request No. 12.**  Please produce Coinbase's Policies Concerning any Trading restrictions applicable to issuers offering or selling Crypto Assets directly on the Coinbase Platform.

**Request No. 13.**  Please produce all systems Documents and business requirements documentation (BRD) for the technology used to facilitate Trading between customers on the Coinbase Platform, management of customer funds and Crypto Assets, and order routing and execution.

**Request No. 14.**  Please produce Coinbase's Policies for custodying or safeguarding customer funds and Crypto Assets, including, but not limited to, Coinbase-controlled omnibus accounts/wallets with

private keys.

**Request No. 15.**  Please produce Coinbase's Policies for clearing or settling customer Trades made on the Coinbase Platform.

**Request No. 16.**  Please produce Coinbase's Policies for ensuring customer funds and Crypto Assets, including, but not limited to, such funds and Crypto Assets held in Coinbase-controlled omnibus accounts/wallets with private keys, are not commingled with Coinbase's own funds and Crypto Assets or otherwise used to support any proprietary Trading or other activities by Coinbase.

**Request No. 17.**  Please produce Coinbase's Policies for effecting the transfer of customer funds and Crypto Assets, either through an internal ledger system or by any other means, between customer accounts.

**Request No. 18.**  Please produce Coinbase's Policies for customer order taking, order routing, and order execution on the Coinbase Platform.

**Request No. 19.**  Please produce Coinbase's Policies for customer order taking, order routing, and order execution by or through Prime.

**Request No. 20.**  Please produce Coinbase's Policies for routing customer orders by or through Prime to the Coinbase Platform or to any third-party platform.

**Request No. 21.**  Please produce Coinbase's marketing, offering, advertising, promotional, or sales

Documents in which customers are encouraged to open accounts with Coinbase and use the services of the Coinbase Platform or of Prime.

**Request No. 22.**  Please produce Coinbase's fee schedules for customer Trading activity on the Coinbase Platform and Documents sufficient to show any transaction-based fees, fees from Trading on margin, or fees collected from institutional partners, clients, or customers who use the Coinbase Platform to Trade for their own customers.

**Request No. 23.**  Please produce Coinbase's fee schedules for customer Trading activity by or through Prime and Documents sufficient to show any transaction-based fees, fees from Trading on margin, or fees collected from institutional partners, clients, or customers who use Prime to Trade for their own customers.

**Request No. 24.**  Please produce all Documents sufficient to show the order routing methodology used by Coinbase for routing customer orders on the Coinbase Platform.

**Request No. 25.**  Please produce all Documents sufficient to show the order routing methodology used by Coinbase or by Prime for routing customer orders by or through Prime to the Coinbase Platform or to any third-party platform.

**Request No. 26.**  Please produce Coinbase's Policies for custodying and handling customer Crypto Assets and fiat on the Coinbase Platform.

**Request No. 27.**  Please produce Coinbase's Policies for custodying and handling customer Crypto

Assets and fiat on or as part of Prime.

**Request No. 28.**  Please produce Coinbase's Policies for recommending or evaluating the merits of particular Crypto Assets available on the Coinbase Platform for customer Trading.

**Request No. 29.**  Please produce Coinbase's Policies for recommending or evaluating the merits of particular Crypto Assets available by or through Prime for customer Trading.

**Request No. 30.**  Please produce all Documents sufficient to show any negotiations Coinbase performs with Crypto Asset issuers on behalf of Coinbase's institutional partners, clients, or customers for Trading in the Crypto Assets by or through Prime.

**Request No. 31.**  Please produce all research, insights, market intelligence, or other Trading resource Documents provided to customers Trading on the Coinbase Platform or by or through Prime.

**Request No. 32.**  Please produce all Documents sufficient to show whether and to what extent Coinbase maintains a level of net capital equal to or in excess of the aggregate amount of customer funds and Crypto Assets custodied at Coinbase.

**Request No. 33.**  Please produce the completed Listing Application, supporting Documents, and any amendments to the application or supporting Documents submitted by or on behalf of each of the issuers of the Named Tokens.

**Request No. 34.**  Please produce all Communications between You and each of the issuers of the

Named Tokens Concerning the Listing Application, supporting Documents, or any amendments thereto.

**Request No. 35.**  Please produce all Communications between You and each of the issuers of the Named Tokens Concerning any additional information or Documents that You requested from the issuers as part of Your review of the Listing Application, supporting Documents, or any amendments thereto.

**Request No. 36.**  Please produce any additional Documents that You received in response to Your request to the issuers of the Named Tokens as referenced in Request No. 35.

**Request No. 37.**  Please produce all Documents sufficient to show, with respect to each of the Named Tokens, the source(s) of the "information" on the "digital asset's page on Coinbase's website," as first referenced in Paragraph 121 of the of the Responses to Plaintiff's Allegations section of the Answer.

**Request No. 38.** Please produce the completed Listing Application or Listing Agreement, supporting Documents, and any amendments to the application or agreement or to the supporting Documents submitted by or on behalf of the issuer of any Primary Token.

**Request No. 39.**  Please produce all Communications between You and the issuer of any Primary Token Concerning the Listing Application, Listing Agreement, supporting Documents, or any amendments thereto.

**Request No. 40.**  Please produce all Communications between You and the issuer of any Primary Token Concerning any additional information or Documents that You requested from the issuer as part of Your review of the Listing Application, Listing Agreement, supporting Documents, or any amendments thereto.

**Request No. 41.**  Please produce any additional Documents that You received in response to Your request to the issuer of any Primary Token as referenced in Request No. 40.

**Request No. 42.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 133 of the Complaint.

**Request No. 43.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 145 of the Complaint.

**Request No. 44.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 152 of the Complaint.

**Request No. 45.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 173 of the Complaint.

**Request No. 46.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 195 of the Complaint.

**Request No. 47.**  Please produce all Documents sufficient to show the factual basis for Your denial

of the allegations in Paragraph 208 of the Complaint.

**Request No. 48.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 217 of the Complaint.

**Request No. 49.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 237 of the Complaint.

**Request No. 50.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 251 of the Complaint.

**Request No. 51.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 262 of the Complaint.

**Request No. 52.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 276 of the Complaint.

**Request No. 53.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 287 of the Complaint.

**Request No. 54.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 137 of the Complaint.

**Request No. 55.**  Please produce all Documents sufficient to show the factual basis for Your denial

in Paragraph 140 of the Responses to Plaintiff's Allegations section of the Answer to the fourth sentence of the corresponding allegations in Paragraph 140 of the Complaint—that is, "This marketed burning of SOL as part of the Solana network's 'deflationary mechanism' has led investors reasonably to view their purchase of SOL as having the potential for profit to the extent there is a built-in mechanism to decrease the supply and therefore increase the price of SOL."

**Request No. 56.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 184 of the Responses to Plaintiff's Allegations section of the Answer to the first sentence of the corresponding allegations in Paragraph 184 of the Complaint—that is, "The economic structure of FIL distribution and public statements about that structure further invited investors to view FIL as an investment in Protocol Labs' and the Filecoin Foundation's efforts and to conclude that FIL investors' interests were aligned with those of FIL's developers."

**Request No. 57.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 229 of the Responses to Plaintiff's Allegations section of the Answer to the third sentence of the corresponding allegations in Paragraph 229 of the Complaint—that is, "As with other Crypto Asset securities set forth herein, this marketed burning of CHZ has led investors reasonably to view their purchase of CHZ as having the potential for profit."

**Request No. 58.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 236 of the Responses to Plaintiff's Allegations section of the Answer to the first sentence of the corresponding allegations in Paragraph 236 of the Complaint—that is, "Given that FLOW are required to interact with the Flow blockchain, the demand for and the value of the FLOW token would increase as a result of Dapper Labs' and the Flow development team's efforts to develop the

Flow blockchain network and increase demand for its features and, thus, for the FLOW token itself."

**Request No. 59.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 236 of the Responses to Plaintiff's Allegations section of the Answer to the second sentence of the corresponding allegations in Paragraph 236 of the Complaint—that is, "The increase in value of FLOW would inure to all FLOW holders—investors and the Dapper Labs/Flow development team alike."

**Request No. 60.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 240 of the Complaint.

**Request No. 61.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 257 of the Responses to Plaintiff's Allegations section of the Answer to the fourth sentence of the corresponding allegations in Paragraph 257 of the Complaint—that is, "As with other Crypto Asset securities set forth herein, this marketed burning of ICP as part of the system's 'deflationary' mechanism has led investors reasonably to view their purchase of ICP as having the potential for profit."

**Request No. 62.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 269 of the Responses to Plaintiff's Allegations section of the Answer to the third sentence of the corresponding allegations in Paragraph 269 of the Complaint—that is, "As with other Crypto Asset securities set forth herein, this marketing burning of NEAR has led investors reasonably to view their purchase of NEAR as having the potential for profit."

**Request No. 63.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 281 of the Responses to Plaintiff's Allegations section of the Answer to the second sentence of the corresponding allegations in Paragraph 281 of the Complaint—that is, "As with the 'burn' mechanisms of other Crypto Asset securities set forth herein, this marketed burning of VGX led investors reasonably to view their purchase of VGX as having the potential for profit."

**Request No. 64.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 286 of the Responses to Plaintiff's Allegations section of the Answer to the fifth sentence of the corresponding allegations in Paragraph 286 of the Complaint—that is, "Accordingly, the fortunes of the investors (*i.e.*, the non-Masternodes token holders) are tied to the fortunes of the Masternodes and the DCG."

**Request No. 65.**  Please produce all Documents sufficient to show any representations made to You or to the public by the issuers of the Named Tokens Concerning any use (other than for investment or profit making) for the Named Tokens.

**Request No. 66.**  Please produce all Documents sufficient to show how Coinbase operates the Staking Program, including, but not limited to, Documents sufficient to show how Coinbase stores user balances, how often staked assets are sent to platforms or protocols to be staked, how and when Coinbase receives or comes into possession of staking rewards, how Coinbase transfers any portion of those rewards to itself (as a "commission" or otherwise), and how and when Coinbase allocates and pays those rewards including any governance rewards.

**Request No. 67.**  Please produce all Documents sufficient to Identify and show all Coinbase

"affiliates" who "facilitate the staking" of Coinbase customers' assets as part of the Staking Program (as set forth in the User Agreement).

**Request No. 68.**  Please produce all Documents sufficient to show Coinbase's marketing, offering, advertising, or promotion of the Staking Program, including, but not limited to, social media posts and articles, blog entries, or other statements or posts on Coinbase's website (www.coinbase.com).

**Request No. 69.**  Please produce all executed agreements between Coinbase and third parties Concerning the Staking Program, including, but not limited to, agreements with Coinbase customers, vendors, consultants, Crypto Asset issuers, or other blockchain businesses.

**Request No. 70.**  Please produce all Documents sufficient to show the technical specifications (such as architecture diagrams, visual depictions, and technical design requirements) underlying the infrastructure and software Coinbase uses for its staking services in the Staking Program.

**Request No. 71.**  Please produce all Documents sufficient to show how Coinbase maintains the amount of staked assets owned by each user in the Staking Program along with the supporting detail of how rewards are earned, collected, and divided among staking customers.

**Request No. 72.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 317 of the Complaint.

**Request No. 73.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 326 of the Complaint.

**Request No. 74.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraphs 340, 341, and 342 of the Complaint.

**Request No. 75**.  Please produce all Documents sufficient to show the "commercially reasonable efforts" Coinbase "use[s]" "to prevent any staked assets from slashing" (as set forth in the User Agreement).

**Request No. 76**.  Please produce all Communications with any Coinbase Staking Program user, customer, or participant Concerning any request by any such user, customer, or participant to have their Crypto Assets "replaced" (as that term is used in the User Agreement) in response to any slashing event claimed by such user, customer, or participant.

**Request No. 77.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 347 of the Complaint.

**Request No. 78.**  Please produce all Documents sufficient to show the extent to which (and when during the time period) Coinbase has staked or "may at times stake its own digital assets through Coinbase's staking services" alongside those of Staking Program customers, as set forth in Paragraph 348 of the Responses to Plaintiff's Allegations section of the Answer.

**Request No. 79**.  Please produce all Documents sufficient to show whether Staking Program customers' assets are held or maintained together in wallets controlled by Coinbase (segregated by asset), or whether each Staking Program customer's assets are segregated from other customers' assets

in individual wallets.

**Request No. 80.**  Please produce all Documents relating to the statement in Paragraph 351 of the Responses to Plaintiff's Allegations section of the Answer that "Coinbase further admits that the probability of a validator being chosen to participate in a consensus activity may, on some protocols, increase in proportion to the number of digital assets staked to it", including, but not limited to, Documents sufficient to show for which specific protocols (of the "some protocols") that is true, and when and under what circumstances that actually occurs or has occurred.

**Request No. 81.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 357 of the Complaint.

**Request No. 82.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 361 of the Complaint.

**Request No. 83.**  Please produce all Communications Concerning the Staking Program between You and anyone employed by or associated with the Cardano, Solana, Cosmos, Tezos, or Ethereum blockchain protocols, including, but not limited to, Communications sufficient to show how and when the Staking Program infrastructure and the technical connections between the Staking Program and each of the five protocols were built or established.

**Request No. 84.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 363 of the Complaint.

**Request No. 85.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 365 of the Complaint.

**Request No. 86.**  Please produce all Documents sufficient to show the factual basis for Your denial of the allegations in Paragraph 367 of the Complaint.

**Request No. 87.**  Please produce all versions of the Listing Application in effect from January 1, 2018 through the present.

**Request No. 88.**  Please produce all versions of the User Agreement in effect during the time period.

**Request No. 89.**  Please produce all versions of the Trading Rules in effect during the time period.

**Request No. 90.**  Please produce all versions of the Listing Services Agreement in effect during the time period.

**Request No. 91.**  Please produce all versions of the Prime Broker Agreement in effect during the time period.

**Request No. 92.**  Please produce all versions of the Prime Product Guide in effect during the time period.

**Request No. 93.**  Please produce all versions of account opening agreements or account opening Documents in effect during the time period for Coinbase customers Trading on the Coinbase

Platform or by or through Prime.

**Request No. 94.**  Please produce all versions of account opening agreements or account opening Documents in effect during the time period for Coinbase institutional partners, clients, or customers Trading for their own customers on the Coinbase Platform or by or through Prime.

**Request No. 95.**  Please produce all Documents sufficient to show the factual basis for any exemptions Coinbase claims from registering as (i) a national securities exchange under Section 6 of the Securities Exchange Act of 1934 [15 U.S.C. § 78f], (ii) a broker under Section 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o *et seq.*], or (iii) a clearing agency under Section 17A(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78q-1(b)].

**Request No. 96.**  Please produce all Documents sufficient to show the total gross revenue You generated from transaction fees through customer Trading and customer Trading on margin on the Coinbase Platform.

**Request No. 97.**  Please produce all Documents sufficient to show the total gross revenue You generated from transaction fees through customer Trading and customer Trading on margin by or through Prime.

**Request No. 98.**  Please produce all Documents sufficient to show the total gross revenue You generated from fees from institutional partners, clients, or customers who Traded for their own customers on the Coinbase Platform.

**Request No. 99.**  Please produce all Documents sufficient to show the total gross revenue You generated from fees from institutional partners, clients, or customers who Traded for their own customers by or through Prime.

**Request No. 100.**  Please produce all Documents sufficient to show the total gross revenue You generated through the Staking Program.

**Request No. 101.**  Please produce all Documents sufficient to show the total gross revenue You generated from fees charged to issuers for listing their Crypto Assets for Trading on the Coinbase Platform or by or through Prime.

**Request No. 102.**  Please produce all Documents sufficient to show the business expenses that You incurred in operating the Coinbase Platform, including, but not limited to, all Documents substantiating the incurrence and payment of each such business expense.

**Request No. 103.**  Please produce all Documents sufficient to show the business expenses that You incurred in operating Prime, including, but not limited to, all Documents substantiating the incurrence and payment of each such business expense.

**Request No. 104.**  Please produce all Documents sufficient to show the business expenses that You incurred in operating the Staking Program, including, but not limited to, all Documents substantiating the incurrence and payment of each such business expense.

**Request No. 105.**  Please produce all Documents sufficient to show the net gain/loss for customer

Trading and customer Trading on margin on the Coinbase Platform. For purposes of Your response, You may produce data in the aggregate for U.S.-based retail customers during the time period.

**Request No. 106.**  Please produce all Documents sufficient to show the net gain/loss for customer Trading and customer Trading on margin by or through Prime. For purposes of Your response, You may produce data in the aggregate for Coinbase's U.S.-based institutional partners, clients, or customers Trading for their own customers during the time period.

**Request No. 107.**  Please produce all Documents sufficient to show the net gain/loss for users, customers, or participants in the Staking Program. For purposes of Your response, You may produce data in the aggregate for U.S.-based retail users, customers, or participants during the time period.

**Request No. 108.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 71 of the Responses to Plaintiff's Allegations section of the Answer to the first sentence of the corresponding allegations in Paragraph 71 of the Complaint—that is, "Coinbase and CGI share the same board of directors and the majority of CGI's executive officers hold the same executive positions at Coinbase, including Brian Armstrong, who acts as CEO for both Coinbase and CGI."

**Request No. 109.**  Please produce all Documents sufficient to show the factual basis for Your denial in Paragraph 72 of the Responses to Plaintiff's Allegations section of the Answer to the first sentence of the corresponding allegations in Paragraph 72 of the Complaint—that is, "Indeed, in their public statements, Coinbase and CGI do not distinguish between themselves."

**Request No. 110.**  Please produce all versions of Defendant Coinbase Global, Inc.'s Code of Business

Conduct & Ethics in effect during the time period.

**Request No. 111.** Please produce all Documents sufficient to show the organizational structure and employees of Defendant Coinbase Global, Inc.

**Request No. 112.** Please produce all Documents sufficient to show the members of the board of directors and executive officers of Defendant Coinbase Global, Inc. during the time period.

**Request No. 113.** Please produce all Documents sufficient to show the members of the board of directors and executive officers of Defendant Coinbase, Inc. during the time period.

**Request No. 114.** Please produce all Documents sufficient to show the flow of all funds between Defendants Coinbase, Inc. and Coinbase Global, Inc. during the time period.

**Request No. 115.** Please produce all executed agreements between Defendants Coinbase, Inc. and Coinbase Global, Inc., including, but not limited to, all contracts, memoranda of understanding, supporting Documents, and any amendments thereto.

**Request No. 116.** Please produce all executive/management committee materials and all materials for any committee comprised of any board of director members, including, but not limited to, packages, exhibits, and meeting minutes, of Defendant Coinbase Global, Inc. during the time period.

Dated: April 29, 2024
Washington, D.C.

                                      */s/ Patrick R. Costello*

Patrick R. Costello
Nicholas C. Margida
SECURITIES AND EXCHANGE
COMMISSION
100 F. Street NE
Washington, DC 20549

Peter A. Mancuso
Jorge G. Tenreiro
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004

*Counsel for Plaintiff*
*Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2024, I caused the foregoing Plaintiff's First Request for Production to be served by electronic mail on Defendants' counsel at the following addresses:

William Savitt, wdsavitt@wlrk.com          Steven R. Peikin, peikins@sullcrom.com

Kevin S. Schwartz, kschwartz@wlrk.com     Kathleen S. McArthur, mcarthurk@sullcrom.com

Sarah K. Eddy, skeddy@wlrk.com            James M. McDonald, mcdonaldj@sullcrom.com

Adam M. Gogolak, amgogolak@wlrk.com       Julia A. Malkina, malkinaj@sullcrom.com

David P.T. Webb, dpwebb@wlrk.com          Olivia G. Chalos, chaloso@sullcrom.com

Sijin Choi, schoi@wlrk.com

  */s/ Patrick R. Costello*
Patrick R. Costello

*Counsel for Plaintiff*