# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  -against-<br><br>COINBASE, INC. AND COINBASE GLOBAL, INC.<br><br>       Defendants. | 23 Civ. 04738 (KPF) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

Plaintiff Securities and Exchange Commission, pursuant to Fed. R. Civ. P. 36, hereby serves its First Request for Admission to Defendants Coinbase, Inc. and Coinbase Global, Inc., and requests the admission of the truth of the matters set forth herein within thirty days of service hereof. The SEC further requests such admissions conform to the Definitions and Instructions set forth below.

## DEFINITIONS AND INSTRUCTIONS

A. The terms "You, "Your" or "Coinbase" shall mean Defendants Coinbase, Inc. and Coinbase Global, Inc. under the full definition of "defendant" set forth in Local Civil Rule 26.3(c)(5).

B. The term "SEC" shall mean Plaintiff Securities and Exchange Commission under the full definition of "plaintiff" set forth in Local Civil Rule 26.3(c)(5).

C. The term "Complaint" shall mean the Complaint filed by the SEC in the above-styled matter on June 6, 2023 (Dkt. # 1).

D. The term "Answer" shall mean the Answer and Defenses filed by Coinbase in the above-styled matter on June 28, 2023 (Dkt. # 22).

E.   The term "Crypto Asset" shall mean an asset issued or transferred using distributed ledger or blockchain technology, including assets referred to colloquially as "digital assets," "crypto assets," "cryptocurrencies," digital "coins," or "tokens."

F.   The term "Named Tokens" shall mean the following Crypto Assets named in the Complaint: Solana (SOL), Cardano (ADA), Polygon (MATIC), Filecoin (FIL), Sandbox (SAND), Axie Infinity (AXS), Chiliz (CHZ), Flow (FLOW), Internet Computer Protocol (ICP), Near (NEAR), Voyager (VGX), and Dash (DASH).

G.   The term "Coinbase Platform" shall mean Coinbase's digital asset spot exchange as first referenced in Paragraph 31 of the Preliminary Statement section of the Answer.

H.   The terms "Trade" or "Trading" shall mean trade, swap, purchase, exchange, or sale.

I.   The term "Trading Order" shall mean an order placed by a Coinbase customer to Trade a Crypto Asset, including, but not limited to, the Named Tokens, on the Coinbase Platform.

J.   The term "Coinbase Website" shall mean Coinbase's website located at www.coinbase.com.

K.   The term "Coinbase Mobile App" shall mean Coinbase's mobile application available for download to a smart phone or tablet through, among others, Apple's "App Store."

L.   The term "Matching Engine" shall mean the "matching engine," as referenced in Paragraph 97 of the Responses to Plaintiff's Allegations section of the Answer, that Coinbase uses to match customer Trading Orders.

M.   The term "Coinbase Ledger" shall mean Coinbase's "internal ledgering system," as first referenced in Paragraph 54 of the Responses to Plaintiff's Allegations section of the Answer, used to track Coinbase customer balances of Crypto Assets and fiat currency.

N.   The term "User Agreement" shall mean Coinbase's User Agreement as first referenced in Paragraph 83 of the Responses to Plaintiff's Allegations section of the Answer.

O.  The term "Trading Rules" shall mean the Coinbase Markets Trading Rules as first referenced in Paragraph 88 of the Responses to Plaintiff's Allegations section of the Answer.

P.  The term "Person" is defined to be synonymous in meaning and equal in scope to the usage of the term "person" in Local Civil Rule 26.3(c)(6).

Q.  These requests incorporate the rules of construction set forth in Local Civil Rule 26.3(d).

R.  The truth of the matters set forth in these requests will be deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) unless, within 30 days after service hereof, You serve on the SEC a written answer or objection addressed to each matter and signed by You or your attorney.

S.  If a matter is not admitted, Your answer must specifically deny it or state in detail why You cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that You qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. You may assert lack of knowledge or information as a reason for failing to admit or deny only if You state that You have made a reasonable inquiry and the information You know or can readily obtain is insufficient to enable You to admit or deny the matter.

T.  If You object to a request, You must state the grounds for the objection. Note that You may not object solely on the ground that the request presents a genuine issue for trial.

U.  These requests do not contemplate the disclosure of privileged information and are intended to call only for the provision of non-privileged information. Nevertheless, if you object in whole or in part to responding to a request because of a privilege, you must comply with Local Civil Rule 26.2 in responding to the relevant request.

V.  These requests are served without prejudice to the SEC's right to serve additional requests during the course of discovery.

W.    You are under a continuing obligation to supplement Your responses to these requests under the circumstances specified in Fed. R. Civ. P. 26(e).

X.    Unless otherwise specified below, the time period for these requests is January 1, 2019 through the present.

## REQUESTS FOR ADMISSION

*Please refer to the Definitions and Instructions above for a description of defined capitalized terms before responding to these requests.*

**Request No. 1.**  Admit that any U.S. Person at least 18 years of age is eligible to create a Coinbase customer account through a link on the Coinbase Website.

**Request No. 2.**  Admit that any U.S. Person at least 18 years of age is eligible to create a Coinbase customer account through the Coinbase Mobile App.

**Request No. 3.**  Admit that the services of the Coinbase Platform are available to Coinbase customers either on the Coinbase Website or through the Coinbase Mobile App.

**Request No. 4.**  Admit that a Coinbase customer may place a Trading Order on the Coinbase Platform either on the Coinbase Website or through the Coinbase Mobile App.

**Request No. 5.**  Admit that before a Coinbase customer may place a Trading Order on the Coinbase Platform, he or she must first have an active customer account with Coinbase.

**Request No. 6.**  Admit that a Coinbase customer may fund his or her customer account with fiat currency or with Crypto Assets.

**Request No. 7.**  Admit that after a Coinbase customer funds his or her customer account with fiat currency or with Crypto Assets, Coinbase updates the Coinbase Ledger to reflect the funds in the customer's account.

**Request No. 8.**  Admit that when a Coinbase customer funds his or her customer account with fiat currency or with Crypto Assets, that fiat or those Crypto Assets are "custodial assets" held by Coinbase for the customer's benefit, as that term is defined in the User Agreement.

**Request No. 9.**  Admit that Coinbase holds the customer fiat currency as referenced in Request No. 8 in Coinbase-controlled accounts.

**Request No. 10.**  Admit that Coinbase holds the customer Crypto Assets as referenced in Request No. 8 in Coinbase-controlled omnibus wallets.

**Request No. 11.**  Admit that customer Crypto Assets of the same type that Coinbase holds in Coinbase-controlled omnibus wallets are treated as "fungible and the equivalent of each other" as set forth in the User Agreement.

**Request No. 12.**  Admit that to place a Trading Order on the Coinbase Platform to buy a specified quantity of a Crypto Asset, including, but not limited to, the Named Tokens, a Coinbase customer must have sufficient funds in his or her Coinbase account to cover the value of the order plus any

transaction fee(s) that Coinbase may charge.

**Request No. 13.**   Admit that to place a Trading Order on the Coinbase Platform to sell a specified quantity of a Crypto Asset, including, but not limited to, the Named Tokens, a Coinbase customer must have a sufficient quantity of that Crypto Asset available in his or her Coinbase account plus sufficient funds to cover any transaction fee(s) that Coinbase may charge.

**Request No. 14.**   Admit that one type of Trading Order a Coinbase customer may place on the Coinbase Platform is a market order—that is, an order to buy or sell a specified quantity of a Crypto Asset, including, but not limited to, the Named Tokens, at the current best available market price.

**Request No. 15.**   Admit that another type of Trading Order a Coinbase customer may place on the Coinbase Platform is a limit order—that is, an order to buy or sell a specified quantity of a Crypto Asset, including, but not limited to, the Named Tokens, at a specified price or better.

**Request No. 16.**   Admit that another type of Trading Order a Coinbase customer may place on the Coinbase Platform is a stop limit order—that is, an instruction to post an order to buy or sell a specified quantity of a Crypto Asset, including, but not limited to, the Named Tokens, but only if and when the best price quotation reaches or passes the selected stop price.

**Request No. 17.**   Admit that once a Coinbase customer places a Trading Order on the Coinbase Platform, such as the Trading Orders referenced in Request Nos. 14-16, the order appears on Coinbase's order book.

**Request No. 18.**  Admit that Coinbase matches Trading Orders on Coinbase's order book.

**Request No. 19.**  Admit that when Coinbase matches Trading Orders on Coinbase's order book, as referenced in Request No. 18, Coinbase does so based first on the best price for the order.

**Request No. 20.**  Admit that if there are multiple Trading Orders on Coinbase's order book at the same price, Coinbase matches the orders based on the time they are placed, with the earliest buy order matched with the earliest sell order.

**Request No. 21.**  Admit that the price-time priority Coinbase uses to match Trading Orders on Coinbase's order book, as referenced in Request Nos. 19-20, is executed by the Matching Engine.

**Request No. 22.**  Admit that the Matching Engine is programmed with the price-time priority rules, as referenced in Request Nos. 19-20.

**Request No. 23.**  Admit that a Coinbase customer may cancel a Trading Order up until such time as the order is matched on Coinbase's order book.

**Request No. 24.**  Admit that a Coinbase customer's Trading Order is subject to the Trading Rules.

**Request No. 25.**  Admit that both buyers and sellers using the Coinbase Platform to place Trading Orders are not aware of the identity of the counterparty to the Trade.

**Request No. 26.**  Admit that after a Trading Order is matched on Coinbase's order book, the order is removed from the order book.

**Request No. 27.**  Admit that after a Trading Order is matched on Coinbase's order book, Coinbase settles the transaction immediately by making corresponding debits and credits on the Coinbase Ledger to each customer's Coinbase account.

**Request No. 28.**  Admit that the debits and credits on the Coinbase Ledger referenced in Request No. 27 occur "off-chain"—that is, the transaction is recorded on the Coinbase Ledger, but not reflected or entered on any blockchain.

**Request No. 29.**  Admit that Coinbase does not restrict issuers or developers of Crypto Assets, including, but not limited to, the Named Tokens, from Trading those Crypto Assets or the Named Tokens on the Coinbase Platform.

**Request No. 30.**  Admit that Coinbase does not restrict any affiliates, officers, directors, or principals of issuers or developers of Crypto Assets, including, but not limited to, the Named Tokens, from Trading those Crypto Assets or the Named Tokens on the Coinbase Platform.

**Request No. 31.**  Admit that issuers or developers of Crypto Assets, including, but not limited to, the Named Tokens, have Traded those Crypto Assets or the Named Tokens on the Coinbase Platform.

**Request No. 32.**  Admit that affiliates, officers, directors, or principals of issuers or developers of Crypto Assets, including, but not limited to, the Named Tokens, have Traded those Crypto Assets or the Named Tokens on the Coinbase Platform.


Dated:  May 16, 2024
Washington, D.C.

          _/s/ Patrick R. Costello_
          Patrick R. Costello
          Nicholas C. Margida
          David S. Mendel
          Rebecca R. Dunnan
          SECURITIES AND EXCHANGE COMMISSION
          100 F. Street NE
          Washington, DC 20549

          Peter A. Mancuso
          Jorge G. Tenreiro
          SECURITIES AND EXCHANGE COMMISSION
          New York Regional Office
          100 Pearl Street, Suite 20-100
          New York, New York 10004

          _Counsel for Plaintiff_
          _Securities and Exchange Commission_

## **CERTIFICATE OF SERVICE**

I certify that on May 16, 2024, I caused the foregoing Plaintiff's First Request for Admission to be served by electronic mail on Defendants' counsel at the following addresses:

| | |
|---|---|
| William Savitt, wdsavitt@wlrk.com | Steven R. Peikin, peikins@sullcrom.com |
| Kevin S. Schwartz, kschwartz@wlrk.com | Kathleen S. McArthur, mcarthurk@sullcrom.com |
| Sarah K. Eddy, skeddy@wlrk.com | James M. McDonald, mcdonaldj@sullcrom.com |
| Adam M. Gogolak, amgogolak@wlrk.com | Julia A. Malkina, malkinaj@sullcrom.com |
| David P.T. Webb, dpwebb@wlrk.com | Olivia G. Chalos, chaloso@sullcrom.com |
| Sijin Choi, schoi@wlrk.com | |

  /s/ *Patrick R. Costello*
Patrick R. Costello

*Counsel for Plaintiff*