**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,
                                  *Plaintiff*,

            v.

COINBASE, INC. AND COINBASE GLOBAL, INC.,
                                  *Defendants*.

23 Civ. 4738 (KPF)

---

**STIPULATION AND PROPOSED FED. R. EVID. 502(d) ORDER**

Upon stipulation of Plaintiff Securities and Exchange Commission and Defendants Coinbase, Inc. and Coinbase Global, Inc. (collectively, "Parties," and individually, a "Party"), and pursuant to Section 7(d) of the Civil Case Management Plan and Scheduling Order (D.E. 116), the Court enters this proposed Order under Fed. R. Evid. 502(d) to govern the inadvertent production of certain documents by the parties during the course of this proceeding.

**1.  Definitions.**

    a.  As used herein, "Requesting Party" means the Party requesting production of documents.

    b.  As used herein, "Producing Party" means the Party that may be producing documents in response to the request of the Requesting Party.

    c.  As used herein, the words "Party" or "Parties" include the Requesting Party and the Producing Party.

    d.  As used herein, the words "Protected Information" means documents or electronically stored information ("ESI") (including, without limitation, metadata) subject to a legally recognized claim of privilege or other protection from production or other disclosure.

2.  **Privilege logs.** The Parties agree as follows:

    a.  Documents produced in redacted form will in the first instance be logged, individually, as a metadata log. Such log will include the following metadata fields, where available:

        i. Beginning Bates Number
        ii. Duplicate Custodians
        iii. Document date
        iv. From
        v. To
        vi. CC
        vii. BCC
        viii. Subject / File Name
        ix. Attachment
        x. Privilege Asserted

    b.  Pursuant to Local Civil Rule 26.2(c), documents withheld from production in their entirety on the basis of privilege or comparable protection (whether or not produced as a placeholder image) will be logged by category with information sufficient to assess the basis for the privilege asserted, setting forth for each category the privilege asserted as well as a general description of the documents in each category and, for each document withheld, the following metadata fields (where available):

        i. Beginning Bates Number
        ii. Document date

      iii. From

      iv. To

      v. CC

      vi. BCC

      vii. Subject / File Name

      viii. Attachment

      ix. Duplicate Custodians

      x. Privilege asserted or other reason for withholding or not producing the documents in each group or category

c. Should the Receiving Party have questions about any redactions to documents, any particular categories of documents, any log entry with metadata information, or the descriptions setting forth any assertion of privilege or protection, the Parties will meet and confer in a good faith to attempt to address said questions.

d. Should the Parties be unable to resolve any dispute as to a redaction, group or category, or assertion of privilege or other legal protection, the Parties shall present such dispute to the Court by letter motion pursuant to Rule 3(C) of the Court's Individuals Rules.

e. Nothing in this section shall constitute a waiver of a Party's right to challenge or otherwise object to the privilege or protection asserted by a Producing Party.

3. **Clawback provisions.**

a. If, during the course of the litigation in the above-captioned action, the Producing Party determines it has inadvertently produced Protected Information, the Producing Party may notify the Receiving Party of such production in writing,

whether by e-mail or otherwise, in a time period that is reasonable under the circumstances. The Producing Party's written notice must identify the Protected Information by Bates Number range, the privilege or protection claimed, and the basis for the assertion of the privilege.

b. Within five (5) business days of such written notice, the Producing Party shall provide the Receiving Party with a privilege log for such Protected Information, consistent with the provisions of Section 2, above.

c. In the event any portion of the Protected Information is within the scope of discovery and does not contain privileged or protected information (as determined by the Producing Party), the Producing Party shall also provide to the Receiving Party a redacted copy of the Protected Information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity, or other protection.

d. After receiving such written notification and the privilege log as provided in Subparagraph 3(b) above, the Receiving Party must, within five (5) business days of receiving the written notification, return, sequester, or destroy the specified Protected Information and any copies, along with any notes, abstracts or compilations of the content thereof.

e. In the event of a dispute about whether the Producing Party may properly claim an inadvertent production of Protected Information or whether the classification thereof should be deemed waived, including whether notice of the claim was reasonable under the circumstances, whether the claim is warranted, or whether such Protected Information may be used for any purpose in this litigation, the

    Parties will meet and confer as soon as practicable to address said issues, and, if they are unable to agree, shall present such dispute to the Court by letter motion under Rule 3(C) of the Court's Individual Rules.

f. Until the dispute is resolved by the Court, the Receiving Party (i) must preserve the Protected Information; (ii) may not use the Protected Information or disclose it to any third party, including by filing thereof as an attachment, exhibit, or otherwise; and (iii) if disclosure to any third party already has been made by the time the Producing Party notifies the Receiving Party of the inadvertent production, then the Receiving Party must take immediate steps to retrieve the Protected Information and any copies, along with any notes, abstracts or compilations of the contents thereof, from the third party or ensure the third party sequesters the Protected Information and any copies, along with any notes, abstracts or compilations of the contents thereof.

Dated: May 24, 2024

_____
Patrick R. Costello
*Counsel for Plaintiff*

**STIPULATED AND AGREED BY:**

_____
Kevin S. Schwartz
*Counsel for Defendants*

**SO ORDERED:**

_____
HON KATHERINE POLK FAILLA
United States District Judge