**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

---

SECURITIES AND EXCHANGE COMMISSION,

<em>Plaintiff</em>,

v.

COINBASE, INC. AND COINBASE GLOBAL, INC.,

<em>Defendants</em>.

23 Civ. 4738 (KPF)

---

<u>**STIPULATION AND PROPOSED PROTECTIVE ORDER**</u>

Defendants Coinbase, Inc. and Coinbase Global, Inc. (collectively, "**Defendants**") and

Plaintiff Securities and Exchange Commission ("**SEC**") (each of the foregoing, a "**Party**" and,

collectively, the "**Parties**") are engaged in discovery proceedings in the above-captioned action

(the "**Litigation**"), which may include, among other things, taking depositions and producing

documents.  Upon stipulation of the parties pursuant to Section 7(c) of the Civil Case

Management Plan and Scheduling Order (D.E. 116), the Court enters this stipulated Order for the

purpose of assuring the confidentiality of certain information that will be disclosed by the parties

and non-parties during the course of the Litigation.  It is therefore,

ORDERED that any person subject to this Order—including, without limitation, the

Parties, their representatives, agents, experts and consultants, all third parties providing

discovery in connection with the Litigation, and all other interested persons with actual or

constructive notice of this Order—shall adhere to the following terms:

**A.      Scope**

1.      This Order governs the handling of all information; documents; deposition

testimony (whether based upon oral examination or written questions); answers to

interrogatories; responses to requests for admission; responses to requests for documents and

electronically stored information; responses to subpoenas or other voluntary requests for

information from non-parties to this Litigation; and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom (collectively referred to as "**Discovery Material**"), and all other information produced or furnished by or on behalf of any Party or other third party that meets the definition of Confidential Material under Paragraph 4 and has been so designated by either a Party or a non-party (in each case, the "**Designating Party**").  This Order is also subject to this Court's Individual Rules of Practice in Civil Cases ("Court's Individual Rules"), the Local Rules of this District (the "**Local Rules**"), and the Federal Rules of Civil Procedure (the "**Rules**") on matters of procedure and calculation of time periods.

2.      Nothing in this Order precludes any Party or non-party from seeking relief from the Court with regard to the production of documents or information.

3.      This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

**B.      Confidential Material**

4.      A Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order if the Designating Party reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary, confidential, technical, business, financial, personal, or commercially sensitive information.  Confidential Material shall not include information that is otherwise lawfully available to the general public or already available in the public domain.

**C.      Manner and Time of Designation**

5.      The designation of Discovery Material as Confidential Material shall be made in the following manner:

a.  <u>Documents and other materials apart from depositions or other pre-trial testimony</u>.  Documents shall be designated as Confidential Material before or at the time they are disclosed or produced.  Where reasonably practicable, documents shall be designated as Confidential Material by stamping or otherwise clearly affixing the legend "Confidential" to every such page (or relevant portion thereof) in a manner that will not interfere with legibility.  In the case of electronically stored information produced in native format, documents shall be designated as Confidential Material by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g., CD-ROM, USB, DVD).  In such circumstances where the marking of each piece of Discovery Material is impractical or impossible, the Designating Party shall designate in writing, whether by e-mail or otherwise, the Discovery Material that it regards as "Confidential" at the time of its production.

b.  <u>Depositions and other pre-trial testimony</u>.  Testimony (including exhibits) during an oral deposition or other pre-trial testimony shall be designated as "Confidential" by:  (i): a statement to that effect on the record during the deposition or testimony at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) written notice, whether by e-mail or otherwise, sent to all counsel of record by the Designating Party within ten (10) business days of receipt of the rough or final transcript (whichever is earliest) designating the entire transcript and/or the specific exhibits that are to be designated.  Prior to such time, all portions of the deposition transcript shall be considered to have been designated "Confidential." Nothing in this paragraph, however, shall preclude any witness or their counsel from reviewing his or her own deposition transcript.  Each court reporter participating in any such deposition or testimony shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall mark those portions (including exhibits) of such deposition or testimony transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL — DESIGNATED BY COUNSEL," and shall place on the cover of any such transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE CLAIMED TO BE CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER.

6.  <u>Redaction of Confidential Materials</u>:  Except as otherwise provided in this Order, or as otherwise ordered, Discovery Material specified below may be redacted by the Designating Party from the documents it produces in the following manner:

      a.      For any matter the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity, the Designating Party shall mark each place where matter has been redacted with a legend stating "REDACTED — PRIVILEGE," and shall specify the basis for the redaction (e.g., privilege, etc.) in its claim of privilege pursuant to Rule 26(b)(5)(A); and

      b.      The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth in Paragraph 12 and Section D below.

7.     <u>Upward Designation of Discovery Material</u>.  A Party may upwardly designate any Discovery Material produced by another Party or any non-party (i.e., change the designation of any Discovery Material produced without a designation to a designation of "Confidential"), provided that said Party has a basis under Paragraph 4 of this Order to so designate, in which event said Party then becomes a Designating Party with respect to that Discovery Material. Upward designation shall be accomplished by providing written notice, whether by-email or otherwise, to all Parties (and, if the Discovery Material was produced by a non-party, to that person or entity) identifying (by Bates number or other individually identifiable information) the Discovery Material to be upwardly designated.  Thereafter, the upwardly designated Discovery Material will be treated as Confidential Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward, subject to the provisions of Paragraph 12 and Section D below.

8.     <u>Inadvertent Failure to Designate Discovery Material</u>.  Inadvertent failure to designate Discovery Material as "Confidential" shall not constitute a waiver of the Designating Party's right to later designate such Discovery Material as "Confidential" pursuant to this Order. If a document is designated "Confidential" and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as

Confidential Material if the recipient is actually aware of such fact, subject to Paragraph 11. A Designating Party may designate as "Confidential" any Discovery Material that has already been produced, including Discovery Material that the Designating Party inadvertently failed to designate as "Confidential," by providing supplemental written notice, whether by e-mail or otherwise, to all Receiving Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated. Thereafter, the re-designated Discovery Material will be treated as Confidential Material in conformity with the new designation, and will be fully subject to this Order from the date of such notice forward. Promptly after providing such notice, the Designating Party shall provide relabeled copies of the Confidential Material to each Party reflecting the change in designation. In addition, upon receiving such supplemental written notice, whether by e-mail or otherwise, any Receiving Party that disclosed the Discovery Material before its designation as "Confidential" in a manner not permitted by the provisions of this Order made applicable by virtue of the re-designation shall exercise its reasonable best efforts to ensure: (i) the return of such re-designated Discovery Material by any person not authorized to receive it under the terms of this Order, or, if the return of the material is not practicable, either because the material is electronically stored information or for another legitimate reason, then sequestration of such re-designated material; (ii) that any documents or other materials derived from such re-designated Discovery Material are treated in accordance with the applicable restrictions for Confidential Material pursuant to this Order; (iii) that such re-designated Discovery Material is not further disclosed except in accordance with the terms of this Order; and (iv) that any such re-designated Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 9.

9.     Unless otherwise provided in this or subsequent Orders of the Court, Confidential Material shall only be used in connection with the Litigation and in accordance with this Order, and may only be disclosed, summarized, described, characterized, shown to, or otherwise communicated or made available in whole or in part to the following persons:

  a. The Parties and the directors, officers, general partners, limited partners, managers, members, employees, and staff of the Parties who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

  b. Counsel who represent the Parties in this Litigation (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including third-party copying and litigation support services) who are charged with assisting in work on this Litigation and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

  c. Experts or consultants retained by counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including third-party copying and litigation support services) who are assisting with the Litigation, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order by executing the form of Exhibit A to this Order (the "**Non-Disclosure Agreement**");

  d. Witnesses or deponents and their counsel only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation (provided that upon completion of the review, the witness or deponent shall return the documents to the furnishing Party, other than copies provided to a court reporter as marked exhibits);

  e. Persons who are identified by the relevant document, accompanying cover letter, email, or other communication as the author or addressee; or who were the actual or intended recipient of such document in the ordinary course of business; or, in the case of meeting minutes and presentations, an attendee of the meeting;

  f. Other employees, staff, or representatives of the Parties who have a legitimate need to review such material in connection with the Litigation (and who shall, prior to reviewing such material, execute the Non-Disclosure Agreement);

g.   The Court, members of the jury, and court personnel, including any Magistrate assigned to the Litigation, their staff, as well as court reporters engaged to record depositions, hearings, or trial testimony, and their employees;

h.   Any mediator that the Parties engage in the Litigation or that the Court appoints; and

i.   Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Material (i) after notice to all Parties and an opportunity to object, and (ii) after such persons have executed the Non-Disclosure Agreement.

10.   To the extent that testimony is sought concerning Confidential Material during any deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition or testimony.

11.   Nothing in this Order shall limit or prevent any Party from using its own Confidential Material or from using the Party's own information or documents, or any other information or documents not subject to this Order, even if such information or documents are duplicative of Discovery Materials designated as Confidential Material by another Party.

12.   <u>Filing of Confidential Material</u>.  In the event that any Party determines to file with, or submit to, the Court (i) any Discovery Material that has been designated by a Designating Party as Confidential Material, or (ii) any papers containing or referencing such Confidential Material, the Party shall do so as set forth in Paragraph 9 of this Order and in accordance with Section 9 of the Court's Individual Rules.

a.   The filing Party shall file a public version of any filing that includes or references Confidential Material with the Confidential Material redacted, and shall file an unredacted version of that filing under seal;

b.   Within one (1) business day of the filing thereof, the filing Party shall meet and confer with the Designating Party to determine what, if any, Confidential Material the Designating Party believes should remain redacted in any public filing and filed under seal and the reasons why the Designating Party believes so;

c.      If the Filing Party and Designating Party reach agreement within two (2) business days after the Parties' meet-and-confer that the Confidential Material should not remain redacted, then the Filing Party shall promptly file a public, unredacted version of the material;

d.      If agreement is not reached within two (2) business days after the Parties' meet-and-confer, the Designating Party shall file a letter motion in accordance with Section 9 of the Court's Individual Rules and articulate with particularity the basis for maintaining the redaction and sealed status of the subject Confidential Material;

e.      The Filing Party may file a response to the letter motion within three (3) business days thereof; and

f.      If either (i) the Designating Party fails to timely file the letter motion, or (ii) the Court denies the Designating Party's request to maintain the redactions to and/or the sealed status of the subject Confidential Material, then the filing Party shall thereafter promptly file a public, unredacted version of the subject Confidential Material.

13.     <u>Use of Confidential Material in Public</u>.  Unless otherwise ordered, in the event that any Party determines to use any Confidential Material at trial or any hearing to be held in open court, such Party shall so advise the relevant Designating Party five business (5) days in advance and the Parties shall meet and confer reasonably promptly thereafter to discuss the use of the Confidential Material in open court.  If the Designating Party believes that special procedures should be implemented to protect the Confidential Material from disclosure in open court, then that Party shall propose such procedures to the Court via letter motion.

**D.      Challenges to Designations**

14.     In addition to the procedures set forth for filing Confidential Material set forth in Paragraph 12, any Party may at any time challenge the designation of any Discovery Material as Confidential Material, including any designation of Confidential Material of any portion of a deposition pursuant to Paragraph 5.  If agreement cannot be reached after a meet-and-confer between the Parties, counsel for either Party may file a letter motion in accordance with the

procedure set forth in Section 3(C) of the Court's Individual Rules to seek a ruling from the Court on whether the Discovery Material qualifies as Confidential Material.

15.     The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Material, which burden remains on the Designating Party.  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**E.     Conclusion of Litigation**

16.     Within thirty (30) days after the conclusion of the entirety of the Litigation (including appeals and any other proceeding in which Confidential Material is permitted to be used) and upon written request of the Designating Party, whether by e-mail or otherwise, all persons having received Confidential Material shall either:  (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to the Designating Party, with the Designating Party bearing the reasonable costs of such return; or (ii) make a good-faith and reasonable effort to destroy all Confidential Material and certify that such Confidential Material has been destroyed; however, counsel for any Party or non-party may retain a complete file of all litigation documents filed with the Court and any attorney work product prepared in connection with the Litigation, provided that such counsel shall maintain the confidentiality thereof and shall not disclose such Confidential Material to any person except pursuant to an agreement by the Designating Party, or as otherwise specified in Section F.  Notwithstanding anything to the contrary in this Order, documents need not be destroyed if there is a written agreement by the Designating Party to the contrary, including but not limited to the Designating Party's agreement that the Confidential Material

may be used in another legal proceeding.  Nothing in this paragraph shall override any Party's legal obligation to preserve documents.

17.     The restrictions on the use of Confidential Material shall survive the conclusion of the Litigation.  During the pendency of this Litigation only, the Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Following the conclusion of the entirety of the Litigation (including appeals and any other proceeding in which Confidential Material is permitted to be used), any dispute concerning restrictions on the use of Confidential Material will be resolved pursuant to Paragraph 12 and Section D in any court of competent jurisdiction.

**F.      Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

18.     Nothing in this Order will prevent a Receiving Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process (collectively, a "**Demand**"), provided that such Receiving Party, to the extent permitted by law, gives written notice, whether by e-mail or otherwise, to the Designating Party as soon as reasonably permitted by the time allowed under the request, and in no event less than ten (10) business days before any disclosure unless prohibited by law.  Such notification must include a copy of the Demand.  Upon receiving such notice, the Designating Party will bear the burden to timely oppose compliance with the Demand.

19.     The Receiving Party must also immediately inform in writing, whether by e-mail or otherwise, the person who caused the Demand to issue that some or all of the requested materials are subject to this Order, and in so doing provide a copy of this Order.

20.     The obligations set forth in this Section will remain in effect while any Party has in its possession, custody, or control any Confidential Material received from any Designating Party in connection with the Litigation.

21.     Nothing in this Section shall be construed as authorizing or encouraging a Receiving Party in this Litigation to disobey a lawful direction from another court or from a government agency.

**G.     Confidential Material Subpoenaed or Ordered Produced in Other Litigation**

22.     Nothing in this Order shall be construed to have any effect on the SEC's obligations under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, or to limit or restrict the SEC from using or disclosing any Confidential Material to the extent otherwise required by law or permitted pursuant to 17 C.F.R. § 240.24c-1(b). Provided, however, that the SEC shall notify the Party that produced the Confidential Material in the event it discloses such material as permitted pursuant to 17 C.F.R. § 240.24c-1(b). In the event the SEC determines that providing notice to a Party regarding the sharing of Confidential Material would compromise law enforcement interests, the SEC may apply to the Court for an order relieving it of its notification obligation.

**H.     Non-Waiver of Confidentiality or Privilege**

23.     <u>Disclosure of Confidential Material</u>.  In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) make reasonable efforts to recover the disclosed Confidential Material and all copies thereof, as well as

preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof.  Disclosure of Confidential Material other than in accordance with the terms of this Order by a Receiving Party may subject that Receiving Party to such sanctions and remedies as the Court may deem appropriate.

24.     The inadvertent or unintentional disclosure of Confidential Material, regardless of whether the information or document was so designated at the time of the disclosure, shall not be deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality, either as to the specific information or document disclosed or as to any other information or documents relating thereto on the same or related subject matter.

**I.      Amendment**

25.     Upon good cause shown, and upon notice to all Parties as provided by the applicable Rules and Local Rules, any Party may move to amend the provisions of this Order at any time.

**J.      Producing Non-Parties**

26.     Any Party issuing a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.  Any Party who has already issued a subpoena to a non-party shall notify the non-party that the protections of this Order are available to such non-party.

27.     Except as expressly provided herein, this Order does not expand, create, limit, or otherwise alter any rights any non-party may have to seek relief from the Court under the Rules

(including Rule 26(c)), the Local Rules, this Court's Individual Rules, or applicable case law to seek to protect Confidential Material after receiving notice from a Party of that Party's intended disclosure.  Further, except as expressly provided herein, this Order does not expand, create, limit or otherwise alter the rights any Party may have under the foregoing provisions to oppose any non-party request for relief on any ground.

**K.      No Admission**

28.      Nothing in this Order operates to create an admission by any Party that any Discovery Material contains Confidential Material, is relevant, or is admissible.  Each Party specifically reserves the right to object to the use or admissibility of Discovery Material, in accordance with applicable law, including the Rules and the Local Rules.

**L.      Persons Bound**

29.      The Parties shall be bound by the provisions herein pending entry of this Order by the Court and further agree that any violation of these provisions before this Order is entered shall be subject to the same sanctions and penalties as if this Order had already been entered. Upon entry, the Order shall be binding upon the Parties, their counsel, and persons made subject to this Order by its terms, including any non-parties who produce documents subject to and with notice of this Order.

**M.      Governing Law**

30.      This Order shall be interpreted under the laws of the state of New York.

**N.      Counterparts**

31.      This Order may be executed in several counterparts, each of which shall be deemed an original and all of which shall together constitute one and the same instrument.

Delivery of an executed counterpart of a signature page to this Order by facsimile or scanned

pages shall be effective as delivery of a manually executed counterpart to this Order.

Dated:  May 24, 2024                          **STIPULATED AND AGREED BY:**

_____              _____
Patrick R. Costello                          Kevin S. Schwartz
*Counsel for Plaintiff*                      *Counsel for Defendants*

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The Court
will retain jurisdiction over the terms and conditions of this agreement
only for the pendency of this litigation.  Any party wishing to make
redacted or sealed submissions shall comply with Rule 9 of this Court's
Individual Rules of Civil Procedure.

 DATED: May 28, 2024
        New York, NY
```
                                             **SO ORDERED:**

                                             _____
                                             HON KATHERINE POLK FAILLA
                                             United States District Judge

**<u>Exhibit A</u>**

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff,*

v.

COINBASE, INC. AND COINBASE GLOBAL, INC.,

*Defendants.*

23 Civ. 4738 (KPF)

## <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, acknowledge that I have received, read and understand the Protective Order in the above-captioned action governing the non-disclosure of those portions of discovery or other materials in these proceedings that have been designated as Confidential Material, as defined therein.  I will not disclose such Confidential Material to anyone other than pursuant to the terms of the Protective Order, and at the conclusion of the Litigation I will return all Discovery Materials as defined in the Protective Order to the Party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____        _____

Name:

Title: