# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>                    **Plaintiff,**<br><br>          **-against-**<br><br>**COINBASE, INC. AND COINBASE GLOBAL, INC.**<br><br>                    **Defendants.** | **23 Civ. 04738 (KPF)** |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the U.S. District Court for the Southern District of New York ("Local Civil Rules"), Plaintiff Securities and Exchange Commission (the "Commission," "SEC," or "Plaintiff") hereby responds to Defendants Coinbase, Inc. and Coinbase Global, Inc.'s (collectively, "Defendants" or "Coinbase") First Request for Production of Documents to Plaintiff ("Requests"). The Commission's responses and objections to the Requests are made to the best of its present knowledge, information, and belief. These responses and objections are made without prejudice to the Commission's right to revise or supplement its responses and objections as appropriate and to rely upon and produce or object to evidence, witnesses, facts, writings, or documents that are identified either herein or in any later supplements or amendments. By responding and objecting below, the Commission does not intend to—and does not—waive any applicable privilege, protection, or right that may prevent the disclosure of any such information.

## DEFINITIONS USED IN THE RESPONSES AND OBJECTIONS

1.     The "Investigation" means the Commission's Division of Enforcement staff's investigation captioned *In the Matter of Coinbase, Inc.* conducted under File Nos. HO-14315 and SF-04523.

2.     The "Action" means the instant, above-captioned Commission civil enforcement action.

3.     The "Commission's Initial Disclosures" means the Commission's Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)(A), including Attachments A and B thereto, served on Defendants in the Action on May 3, 2024.

4.     The "Commission's Investigative File" means those non-privileged documents identified in Section II and Attachment B of the Commission's Initial Disclosures obtained by the Commission's Division of Enforcement staff in the Investigation.

5.     "Non-privileged" means not protected by any privilege or protection, including, without limitation, the attorney-client privilege, the work product doctrine, the deliberative process privilege, privileges and protections pursuant to Section 24(f) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78x, and the law enforcement privilege.

## OBJECTIONS TO DEFINITIONS

The Commission asserts the following objections to Defendants' Definitions and incorporates such objections into each of the Specific Responses and Objections below.

1.     The Commission objects to Defendants' Definition No. 6 ("Communication") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "communication" set forth in Local Civil Rule 26.3(c)(1). The Commission will produce only those communications contemplated and encompassed by the defined term "communication" set forth in Local Civil Rule 26.3(c)(1).

2.     The Commission objects to Defendants' Definition No. 11 ("Document" or "documents") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "document" set forth in Local Civil Rule 26.3(c)(2). The Commission will produce only those documents contemplated and encompassed by the defined term "document" set forth in Local Civil Rule 26.3(c)(2).

3.     The Commission objects to Defendants' Definition No. 16 ("Investigation") to the extent it means the "investigation(s) of individuals and entities" outside of the investigation conducted under File Nos. HO-14315 and SF-04523 (*see* defined term, "Investigation" above), because it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. Accordingly, and unless expressly stated otherwise, the Commission will search for and produce responsive documents only to the extent they are part of the Commission's Investigative File (*i.e.,* they were produced to the Commission's Division of Enforcement staff by third parties, constitute communications between Division of Enforcement staff and third parties, or were gathered by Division of Enforcement staff from publicly available sources, in connection with the Investigation), and they are non-privileged.

4.     The Commission objects to Defendants' Definition No. 20 ("Person") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "person" set forth in Local Civil Rule 26.3(c)(6). In responding and objecting to the Requests, the Commission will apply the definition of "person" set forth in Local Civil Rule 26.3(c)(6), and no other such definition.

5.     The Commission objects to Defendants' Definition No. 21 ("Plaintiff," "SEC," "Commission," "you," or "your") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "plaintiff" set forth in Local Civil Rule 26.3(c)(5), and to the extent that it purports to include within the scope of any Request Commission divisions and persons who did not conduct the Investigation or this Action. To the extent that any Request seeks documents

obtained or created by Commission divisions, offices, or employees of the Commission other than those who conducted the Investigation, the Commission objects to any such Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this Action, and because it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission will produce only those non-privileged responsive documents within the possession, custody, or control of Division of Enforcement employees who conducted the Investigation.

6.     The Commission objects to Defendants' Definition No. 27 ("concerning") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "concerning" set forth in Local Civil Rule 26.3(c)(7). In responding and objecting to the Requests, the Commission will apply the definition of the term "concerning" set forth in Local Civil Rule 26.3(c)(7), and no other such definition.

## OBJECTIONS TO INSTRUCTIONS

The Commission asserts the following objections to Defendants' Instructions and incorporates such objections into each of the Specific Responses and Objections below.

1.     The Commission objects to Instruction No. 6, to the extent it is inconsistent with the Court's Order dated May 22, 2024, regarding the Stipulation and Proposed Fed. R. Evid. 502(d) Order (D.E. 127) ("May 22nd Order"), and to the extent it seeks to impose on the Commission a burden that is greater than that contemplated by or reflected in Local Civil Rule 26.2(c). The Commission further objects to this instruction because the Requests seek potentially millions of internal e-mails and other privileged and/or protected documents beyond the scope of the Investigation (most of which are irrelevant as set forth in the Specific Responses and Objections herein). Therefore, it would be especially burdensome, not proportional to the needs of the case, and oppressive to require the Commission to prepare a privilege log that identifies each such privileged document. Pursuant to the Court's May 22nd Order, the Commission will provide a privilege log that identifies by category the

documents and information being withheld and includes all available metadata fields specified in the May 22nd Order.

2.     The Commission objects to Instruction No. 12, to the extent the Requests require the production of documents or communications "create[d]" after the date of the filing of the Complaint in this Action, on June 6, 2023.

## SPECIFIC RESPONSES AND OBJECTIONS

The Commission adopts and incorporates by reference the foregoing Objections to Definitions and Instructions in response to each numbered request below. Upon request by Defendants, the Commission is willing to meet and confer regarding its responses and objections to Defendants' Requests.

## REQUEST NO. 1

Your complete investigative file in connection with the Investigation, including but not limited to the following:

a.  All subpoenas, voluntary document requests, and other requests to provide documents, testimony, or an interview, including Documents concerning the terms of any testimony or interview (including proffer agreements) of any Person or entity from whom you gathered information in connection with the Investigation;

b.  All Documents received in response to any such requests, or otherwise obtained by you from third parties or third-party sources;

c.  All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness interview notes, and memos and witness statements;

d.  All Documents concerning any internal or external Communications concerning the Investigation.  As examples, but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from, any witness, potential witness, entities, or their counsel.  For the avoidance of doubt, this Request includes the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff;

e.  All Documents memorializing, evidencing, or concerning any Communications you had with any Government Entity and/or any other third party relating to the

Investigation, including but not limited to any written submissions or presentations made by third parties;

f.   All Documents or Communications concerning a cooperation agreement between you and any Person or entity from whom you gathered information in connection with the Investigation; and

g.   Your Contact List and Document Index for the Investigation, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual.

**Plaintiff's Response to Request No. 1:** The Commission objects to Request No. 1 to the extent it seeks documents that are privileged and protected by the attorney-client and deliberative process privileges, the work product doctrine, the law enforcement privilege, and Section 24(f) of the Exchange Act.

With respect to subpart (a) of Request No. 1, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

With respect to subpart (b) of Request No. 1, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

With respect to subpart (c) of Request No. 1, the Commission objects to Defendants' request for "witness interview notes" on grounds that such notes are protected by the work product doctrine. The Commission further responds to Defendants' request for "verbatim notes" by stating that it does not have any such documents in the Investigative File. With respect to the remainder of subpart (c) of this request, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

With respect to subpart (d) of Request No. 1, the Commission objects to Defendants' request for "notes" and "drafts" on grounds that such documents are protected by the attorney-client and deliberative process privileges, and the work product doctrine. The Commission further objects to Defendants' request for all "internal… Documents…[and] correspondence (including email)" and "the formal order memorandum, the action memorandum, and emails and other communications

between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff" because it calls for the production of documents that are protected by the attorney-client and deliberative process privileges, and the work product doctrine. With respect to the remainder of subpart (d) of this request, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

With respect to subpart (e) of Request No. 1, the Commission objects to Defendants' request for communications "with any Government Entity and/or any other third party relating to the Investigation" as that request seeks documents that are privileged and protected pursuant to Section 24(f) of the Exchange Act, and the law enforcement privilege. The Commission will not produce any privileged communications between Commission staff and any Government Entity, including the California Department of Financial Protection and Innovation ("CA DFPI"). The Commission states, however, that it will produce any non-privileged responsive documents produced by the CA DFPI to Division of Enforcement staff in connection with the Investigation, which are part of the Commission's Investigative File (as set forth in the Commission's Initial Disclosures). Accordingly, with respect to subpart (e) of this request, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request.

With respect to subpart (f) of Request No. 1, the Commission states that it does not have any such documents or communications in its possession, custody, or control.

Lastly, with respect to subpart (g) of Request No. 1, the Commission objects to Defendants' request for the Commission's "Contact List and Document Index for the Investigation, as contemplated in Section 3.2.9.4 of the SEC Enforcement Manual" on grounds that such documents are protected by the attorney-client privilege, and the work product doctrine. The Commission states that Attachment A to the Commission's Initial Disclosures identifies the contact information, if known, for any individuals likely to have discoverable information that the Commission may use to

support its claims against Defendants, and the Commission's Investigative File, which includes non-privileged documents responsive to this subpart, which the Commission will produce.

With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

## REQUEST NO. 2

All Documents and Communications concerning the Coinbase Platform, the Named Digital Assets, the Named Coinbase Services, or the subject matter of the Investigation or the Action, including all Communications with any Person or entity not party to this Action concerning the foregoing and any formal, informal, or voluntary requests by you for documents or information from any Person concerning the Coinbase Platform, the Named Digital Assets, the Named Coinbase Services, all Documents or Communications you received in response to such formal, informal, or voluntary requests, and all analyses (including but not limited to any regression and correlation, or event study analysis) whether done by you or on your behalf relating to the Coinbase Platform, any of the Named Digital Assets or Named Coinbase Services, the market performance of any of the Named Digital Assets relative to other Digital Assets or to public statements by Coinbase and/or the alleged issuers or promoters of such Named Digital Assets, and the size and value of sales of any of the Named Digital Assets over time.

**Plaintiff's Response to Request No. 2:**  The Commission objects to Request No. 2 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 2, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act. The Commission specifically objects to Defendants' request for: (i) "all analyses" done by or on behalf of the Commission, which is protected by the work product doctrine and also premature under and/or protected by Federal Rules 26(a)(2), 26(b)(3) and 26(b)(4); and (ii) "all Communications with any Person or entity not party to this Action" to the extent it calls for the production of communications between the Commission and other agencies protected by Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this

request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 3**

Documents and/or Communications sufficient to establish when the SEC first learned of the Coinbase Platform, the Named Digital Assets, and the Named Coinbase Services, and when the SEC first learned that each of the Named Digital Assets had been listed or was planned to be listed on the Coinbase Platform, without limitation as to the applicable time period.

**Plaintiff's Response to Request No. 3:** The Commission objects to Request No. 3 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to Defendants' use of the term "first learned," which is vague and undefined, and to the extent it seeks to place on the Commission a burden to precisely identify when it (an agency, not an individual) "first learned" of the enumerated subjects or any other burden not found in or greater than what is required under the Federal Rules, Local Civil Rules, or the Court's Individual Rules of Practice in Civil Cases ("Court's Individual Rules"). The Commission also specifically objects to the extent that certain communications responsive to this request—including communications between Defendants and non-Enforcement Division staff of the Commission—are already in the possession, custody, or control of, or equally available to, Defendants.

The Commission further objects to Request No. 3, to the extent it seeks documents that are not relevant nor proportional to the needs of the case. The Commission specifically objects because "when the SEC first learned of" the subjects enumerated in Request No. 3 is not relevant to any party's claims or defenses in this Action.

The Commission further objects to Request No. 3, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will

produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

## REQUEST NO. 4

All Communications with, and Documents concerning Communications with, third parties (including any Government Entity) concerning the application of federal laws, regulations, or rules (including, but not limited to, the Securities Act of 1933 and the Securities Exchange Act of 1934) to the Coinbase Platform, the Named Digital Assets, or the Named Coinbase Services.

**Plaintiff's Response to Request No. 4:**  The Commission objects to Request No. 4 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 4, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 4 as it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, the law enforcement privilege, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 5**

All Communications with, and Documents concerning Communications with, third parties (including any Government Entity) concerning any investigation by a Government Entity concerning Coinbase, the Coinbase Platform, any of the Named Digital Assets, or any of the Named Coinbase Services.

**Plaintiff's Response to Request No. 5:** The Commission objects to Request No. 5 as unduly burdensome, overbroad, and oppressive.

The Commission also objects to Request No. 5, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 5 as it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, the law enforcement privilege, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 6**

All Communications with, and Documents concerning Communications with, any Government Entity, including the CFTC, or with the Financial Industry Regulatory Authority (FINRA), relating to the allegations in the Complaint, the Investigation, Staking as a Service, Digital Assets, or Digital Asset Platforms, including but not limited to:

    a.  Any factual Documents prepared for or by the Commission, any Commissioner, and/or any Commission Staff or otherwise in the Commission Staff's custody or control, relating to the regulatory and/or enforcement authorities of the SEC and/or another Government Entity, including the scope of regulatory and/or enforcement authorities as between the SEC and another Government Entity or potential or proposed legislation relating to the regulatory and/or enforcement authorities of the SEC and/or another Government Entity; and

    b.  Any external Communications by the Commission, any Commissioner, and/or any Commission Staff, whether formal or informal, relating to the regulatory and/or

enforcement authorities of the SEC and/or another Government Entity, including the scope of regulatory and/or enforcement authorities as between the SEC and another Government Entity or potential or proposed legislation relating to the regulatory and/or enforcement authorities of the SEC and/or another Government Entity.

**Plaintiff's Response to Request No. 6:** The Commission objects to Request No. 6 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 6 because it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 6 because it seeks documents protected by one or more privileges or protections, including the attorney-client and deliberative process privileges, the work product doctrine, the law enforcement privilege, and Section 24(f) of the Exchange Act.

Based on the foregoing objections, the Commission is not producing documents. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

## REQUEST NO. 7

All Communications with, and Documents concerning Communications with, journalists or other employees or affiliates of news or media organizations concerning Coinbase, this Action, the Investigation, the Coinbase Platform, Digital Asset Platforms, any of the Named Digital Assets, or any of the Named Coinbase Services.

**Plaintiff's Response to Request No. 7:** The Commission objects to Request No. 7 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 7 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 7, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

**REQUEST NO. 8**

All Communications with, and Documents concerning Communications with, any alleged developers of, alleged issuers of, or Persons otherwise affiliated with any of the Named Digital Assets or their associated blockchain networks, including any Documents or information provided to you by any alleged developers of, alleged issuers of, or Persons otherwise affiliated with any of the Named Digital Assets, their affiliated blockchain networks, or their counsel.

**Plaintiff's Response to Request No. 8:** The Commission objects to Request No. 8 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 8, to the extent it seeks documents protected by the attorney-client and deliberative process privileges and the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 9**

All Documents and Communications concerning any discussions, instructions, advice, inquiries, or other Communications between the SEC and any Person concerning that Person's actual, planned, or potential business or other relationship with Coinbase.

**Plaintiff's Response to Request No. 9:** The Commission objects to Request No. 9 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 9 because the phrase "actual, planned, or potential business or other relationship with Coinbase" is vague and undefined.

The Commission further objects to Request No. 9 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 9, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and

Section 24(f) of the Exchange Act.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

**REQUEST NO. 10**

Without limitation as to time period, all Communications with, and Documents concerning Communications with: Prometheum, Inc., Martin Kaplan, Aaron Kaplan, or Benjamin Kaplan; Securitize, Inc.; Securitize LLC; or Securitize Markets, LLC.

**Plaintiff's Response to Request No. 10:**  The Commission objects to Request No. 10 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 10 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 10, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

**REQUEST NO. 11**

All Communications with, and Documents concerning Communications with, IEX Group, Inc. or Investors' Exchange LLC concerning Coinbase, Digital Assets, or Digital Asset Platforms.

**Plaintiff's Response to Request No. 11:**  The Commission objects to Request No. 11 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 11 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 11, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 12

Without limitation as to time period, all Communications with, and Documents concerning Communications with, any Person concerning: (i) any actual, planned, or potential registration by that Person as an exchange, broker, dealer, clearing agency, alternative trading system, or custodian that would or could facilitate the offer, sale, or custody of Digital Assets or any product or service relating to Digital Assets, including but not limited to the requirements and process for or viability of such registration; or (ii) the registration with the SEC of any exchange- traded product that holds or references Digital Assets. For the purposes of this Request, "Person" includes but is not limited to BlackRock, Inc., Valkyrie Investments Inc., Valkyrie Digital Assets LLC, and Valkyrie Funds LLC.

**Plaintiff's Response to Request No. 12:** The Commission objects to Request No. 12 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 12 because it seeks only documents not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 12, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Based on the foregoing objections, the Commission is not producing documents.

## REQUEST NO. 13

All Documents and Communications concerning (i) the June 14, 2018 speech by former SEC Director of the Division of Corporation Finance William Hinman titled "Digital Asset Transactions: When Howey Met Gary (Plastic)" ("Hinman Speech"), (ii) FinHub's April 2019 "Framework for 'Investment Contract' Analysis of Digital Assets," and (iii) *Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The DAO*, Exchange Act Release No. 81207 (July 25, 2017), including but not limited to all Communications with any blockchain network or representative thereof and all Documents and Communications, including internal Communications, analyses, and other materials, that were prepared, reviewed, or relied upon by any current or former SEC Commissioner, Division Director, or Staff member in reaching the conclusions and observations reflected in these statements, including drafts of the statements and analyses prepared or commented upon by SEC Staff.

**Plaintiff's Response to Request No. 13:** The Commission objects to Request No. 13 as unduly burdensome, overbroad, and oppressive. The Commission also specifically objects to the

extent that the Hinman Speech, FinHub Framework, and DAO Report are all public and thus available to Defendants.

The Commission further objects to Request No. 13 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 13, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act. The Commission specifically objects because "internal Commission communications, analyses, and other materials," "drafts," additional "analyses prepared or commented upon by SEC Staff" constitute documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 14

All Documents and Communications concerning any public statements by the Commission or any SEC Division, Commissioner, or Staff member concerning the Named Digital Assets or Digital Asset Platforms, including but not limited to any internal or external Communications concerning such public statements and any analyses or other materials that were prepared or relied upon in reaching the conclusions and observations reflected in such public statements, including all Documents and Communications reflecting the Persons involved in such Communications or analyses.

**Plaintiff's Response to Request No. 14:** The Commission objects to Request No. 14 as unduly burdensome, overbroad, and oppressive. The Commission also objects on the basis that the "public statements" themselves are all public and thus available to Defendants.

The Commission further objects to Request No. 14 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 14, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

The Commission specifically objects because "internal … Communications," "any analyses," and certain "materials that were prepared or relied upon" by the Commission constitute documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

**REQUEST NO. 15**

All Documents and Communications concerning whether Digital Assets or transactions in Digital Assets are "investment contract[s]" within the meaning of the Securities Act of 1933 or the Securities Exchange Act of 1934, including Documents and Communications concerning the application of *SEC* v. *W.J. Howey Co.*, 328 U.S. 293 (1946), to Digital Assets or transactions in Digital Assets.

**Plaintiff's Response to Request No. 15:** The Commission objects to Request No. 15 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 15, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 15, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 16**

All Documents and Communications concerning (i) the role of a Digital Asset's ecosystem in the application of the federal securities laws to that asset, including but not limited to determining whether transactions in an asset constitute transactions in investment contracts or other securities; or (ii) the ecosystems of the Named Digital Assets, including but not limited to the  components of such ecosystems, the identities of the alleged developers, issuers, and promoters affiliated with such ecosystems, and any decentralized applications or business platforms related to such ecosystems.

**Plaintiff's Response to Request No. 16**:  The Commission objects to Request No. 16 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 16, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 17**

All Documents and Communications relating to your assertion during Oral Argument that when someone "purchases tokens like [the Named Digital Assets], like these 13 examples . . . they are investing into the network behind it"—that is, "the ecosystem." *See* Jan. 17, 2024 Hr'g Tr. at 21:20-22:5; *see also id.* at 57:17-21.

**Plaintiff's Response to Request No. 17**:  The Commission objects to Request No. 17 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 17 to the extent it selectively quotes from the cited transcript and does not cite nor provide the full answer or context for, and misconstrues, the Commission's position stated during the relevant hearing on January 17, 2024.

The Commission further objects to Request No. 17, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

## REQUEST NO. 18

All Documents and Communications relating to (i) Bitcoin's ecosystem; or (ii) your assertion during Oral Argument that "there's no ecosystem behind" Bitcoin. *See* Jan. 17, 2024 Hr'g Tr. at 30:7-15.

**Plaintiff's Response to Request No. 18:** The Commission objects to Request No. 18 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 18 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 18, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 19

All Documents and Communications concerning the size, value, growth, or importance of the Digital Asset industry or Digital Asset Platforms.

**Plaintiff's Response to Request No. 19:** The Commission objects to Request No. 19 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 19 because the phrase "the size, value, growth, or importance of the Digital Asset industry or Digital Asset Platforms" is vague and undefined.

The Commission further objects to Request No. 19, to the extent it seeks documents that

are not relevant nor proportional to the needs of the case.  The Commission specifically objects to the extent this request seeks documents concerning Defendants' "major questions doctrine" defense (*see* Defendants' Answer, D.E. 22 ("Answer"), at 174, Third Defense), which the Court has already rejected and thus is not relevant. *See* Opinion and Order on Defendants' Rule 12(c) Motion for Judgment on the Pleadings, D.E. 105 ("12(c) Order"), at 33 ("The Court finds that the instant enforcement action does not implicate the major questions doctrine.").

The Commission further objects to Request No. 19, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

## **REQUEST NO. 20**

All Documents and Communications relating to all risks of loss that you contend are relevant to whether Coinbase's Staking Services involves the offer and sale of investment contracts.

**Plaintiff's Response to Request No. 20:**  The Commission objects to Request No. 20, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 21**

All Documents and Communications relating to all managerial efforts that you contend Coinbase undertakes in providing the Staking Services.

**Plaintiff's Response to Request No. 21:** The Commission objects to Request No. 21, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 22**

All Documents and Communications concerning potential or proposed legislation relating to the regulatory and/or enforcement authorities of the SEC and/or another Government Entity with respect to Digital Assets or Digital Asset Platforms.

**Plaintiff's Response to Request No. 22:** The Commission objects to Request No. 22 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects because the referenced "proposed legislation" is public and thus available to Defendants. *See e.g.*, Answer at 20-21 & notes 67-71 (identifying, discussing, and providing website links to several proposed bills); *see also* Defs.' Mem. In Support of Motion for Judgment on the Pleadings (D.E. 36), at 23 & n.17 (same).

The Commission further objects to Request No. 22 because the term "regulatory and/or enforcement authorities" is vague and undefined.

The Commission further objects to Request No. 22, to the extent it seeks documents that are not relevant nor proportional to the needs of the case. The Commission specifically objects to the extent this request seeks documents not relevant to the application of the law *as it is. See* 12(c)

Order at 39 ("Here, the SEC is not announcing a new regulatory policy, but rather is simply engaging in a fact-intensive application of an existing standard—an application that Coinbase also conducted—to determine whether certain transactions involving crypto-assets meet the characteristics of an 'investment contract.'"). The Commission also specifically objects to the extent this request seeks documents concerning Defendants' "major questions doctrine" defense (*see* Defendants' Answer, D.E. 22 ("Answer"), at 174, Third Defense), which the Court has already rejected and thus is not relevant. *See* Opinion and Order on Defendants' Rule 12(c) Motion for Judgment on the Pleadings, D.E. 105 ("12(c) Order"), at 33 ("The Court finds that the instant enforcement action does not implicate the major questions doctrine.").

The Commission further objects to Request No. 22, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the law enforcement privilege, the work product doctrine, and Section 24(f) of the Exchange Act.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 23

All Documents and Communications concerning any meeting or call involving one or more Commissioner concerning Coinbase, the Coinbase Platform, or any of the Named Digital Assets or Named Coinbase Services, including a list of the attendees of any such meeting or call.

**Plaintiff's Response to Request No. 23:** The Commission objects to Request No. 23 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent this request seeks to impose on the Commission a burden to create "a list of the attendees of any such meeting or call" that does not otherwise exist, or any other burden not found in or greater than what is required under the Federal Rules, Local Civil Rules, or the Court's Individual Rules. The Commission also specifically objects to the extent that certain communications responsive to this request—*i.e.*, communications between Defendants and the Commission—are already in the

possession, custody, or control of, or equally available to, Defendants. *See, e.g.,* Appendix A to Defendants' Wells Submission ("Examples of Coinbase's Engagement with SEC" detailing the "Date" and "Topic(s) Covered" at meetings or in correspondence with various Commission divisions, offices, and Commissioners).

The Commission further objects to Request No. 23 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 23, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 24

All Documents and Communications from the SEC to Coinbase concerning (i) Coinbase listing any Digital Assets or the sale of any of the Named Coinbase Services; or (ii) Coinbase's operations.

**Plaintiff's Response to Request No. 24**: The Commission objects to Request No. 24 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent that certain documents and communications responsive to this request—*i.e.*, communications between Defendants and the Commission (including attachments to any such written communications)—are already in the possession, custody, or control of, or equally available to, Defendants.

The Commission further objects to Request No. 24 because the term "Coinbase's operations" is vague and undefined.

The Commission further objects to Request No. 24, to the extent it seeks documents that are not relevant nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Commission states it will

produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

## REQUEST NO. 25

All Documents and Communications concerning any policy, guidance, clearance, or other permission or restriction given to current or former SEC Commissioners or employees concerning the purchase, use, ownership, or trading of Digital Assets or use of Digital Asset Platforms, including the purchase, use, ownership, or trading of any of the Named Digital Assets or Named Coinbase Services by such Person or their family members, including but not limited to general SEC policies and Communications with any Person.

**Plaintiff's Response to Request No. 25:** The Commission objects to Request No. 25 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent this request seeks to impose an undue burden on the Commission to search for and produce all "Communications with any Person" concerning the overbroad subjects enumerated in the request.

The Commission further objects to Request No. 25 because the phrase "guidance, clearance, or other permission or restriction" is vague and undefined.

The Commission further objects to Request No. 25 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 25, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

The Commission further objects to Request No. 25, to the extent it seeks Commission employees' confidential personal financial information, where production of such information would result in the unnecessary infringement of their privacy rights and interests.

Subject to and without waiving the foregoing objections, the Commission states that 18 U.S.C. § 208, which is publicly available, bars an employee from working on a matter that will have a direct and predictable effect on the employee's financial interests, or those of the employee's spouse

or minor child. Commission employees are also subject to the Supplemental Standards of Ethical Conduct for Members and Employees of the Securities and Exchange Commission, publicly available and codified at 5 C.F.R. Part 4401. To the extent there are other ethics regulations that govern Commission employees' "purchase, use, ownership, or trading" of crypto assets or "use of Digital Asset Platforms," they are public and thus available to Defendants.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 26

To the extent such Documents and Communications concern any Communications, analyses, or other materials regarding Coinbase, any of the Named Digital Assets, or any of the Named Coinbase Services, your investigative files in connection with any investigations by the Commission or Commission Staff relating to the following litigation matters and all Documents and Communications produced to or by the Commission in discovery in the following litigation matters:

a. *SEC* v. *Kik Interactive Inc.*, Case No. 19-cv-5244 (S.D.N.Y.);
b. *SEC* v. *Telegram Grp. Inc. and TON Issuer Inc.*, Case No. 19-cv-9439 (S.D.N.Y.);
c. *SEC* v. *Ripple Labs, Inc. et al.*, Case No. 20-cv-10832 (S.D.N.Y.);
d. *SEC* v. *LBRY, Inc.*, Case No. 21-cv-260 (D.N.H.); *SEC* v. *Wahi et al.*, Case No. 2:22-cv-1009 (W.D. Wash.);
e. *SEC* v. *Binance Holdings Ltd. et al.*, Case No. 23-cv-1599 (D.D.C.);
f. *SEC* v. *Bittrex, Inc. et al.*, Case No. 23-cv-580 (W.D. Wash.);
g. *SEC* v. *Genesis Global Capital, LLC and Gemini Tr. Co., LLC*, Case No. 23-cv-287 (S.D.N.Y.);
h. *SEC* v. *Terraform Labs PTE Ltd. and Kwon*, Case No. 23-cv-1346 (S.D.N.Y.);
i. *SEC* v. *Payward, Inc. and Payward Ventures, Inc.*, Case No. 23-cv-6003 (N.D. Cal.); and
j. *SEC* v. *Payward Ventures, Inc. (D/B/A Kraken) and Payward Trading, Ltd. (D/B/A Kraken)*, Case No. 23-cv-588 (N.D. Cal.).

**Plaintiff's Response to Request No. 26:** The Commission objects to Request No. 26 because it is unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent certain responsive documents were publicly filed on the dockets for each of the enumerated cases and thus are available to Defendants.

The Commission further objects to Request No. 26 because it seeks only documents that

are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 26, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.  The Commission specifically objects because the request calls for the production of internal and inter-agency "Communications," "analyses," and "other materials" constituting documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 27

All Documents and Communications concerning Coinbase's direct public offering or registration statement on Form S-1 (including any drafts of such registration statement), including but not limited to Documents and Communications concerning the application or potential application of the federal securities laws to Coinbase's business or operations.

**Plaintiff's Response to Request No. 27**:  The Commission objects to Request No. 27 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent certain documents responsive to this request—*i.e.*, the Form S-1 and any drafts thereof or attachments thereto—are public and thus available to Defendants.  The Commission also specifically objects to the extent certain documents responsive to this request—*i.e.*, communications between Defendants and the Commission, or documents produced by Defendants to the Commission—are in the possession, custody, or control of, or equally available to, Defendants.

The Commission further objects to Request No. 27 because it seeks only documents that are not relevant nor proportional to the needs of the case and/or for which the burden or expense of the proposed discovery outweighs its likely benefit under Federal Rule 26(b)(1). The Commission specifically objects because documents concerning Coinbase Global., Inc.'s registration statement on Form S-1 (declared effective on April 1, 2021) ("the Form S-1") are not relevant to any claim or

defense in this Action, *see* 15 U.S.C. §§ 77w, 78z. Indeed, the Form S-1 itself (and subsequent SEC filings by Coinbase) disclosed the risks that Coinbase could be found to be engaging in unregistered securities intermediary activity notwithstanding the Commission having declared the Form S-1 effective. (D.E. 1, ¶ 112).

The Commission further objects to Request No. 27, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

## REQUEST NO. 28

All Documents and Communications concerning SEC Chair Gary Gensler's public remarks about Digital Assets, Digital Asset Platforms, and Staking as a Service, without limitation as to the applicable time period, including but not limited to:

    a.  Chair Gensler's May 6, 2021 testimony before the United States House Committee on Financial Services;

    b.  Chair Gensler's May 7, 2021 appearance on CNBC;

    c.  Chair Gensler's May 26, 2021 testimony before the United States House Subcommittee on Financial Services and General Government;

    d.  Chair Gensler's August 3, 2021 remarks before the Aspen Security Forum;

    e.  Chair Gensler's September 21, 2021 interview with the *Washington Post*;

    f.  Chair Gensler's October 5, 2021 testimony before the United States House Committee on Financial Services;

    g.  Chair Gensler's August 19, 2022 opinion piece published by the *Wall Street Journal*, titled "The SEC Treats Crypto Like the Rest of the Capital Markets";

    h.  Chair Gensler's December 7, 2022 interview with Yahoo! Finance;

    i.  Chair Gensler's interview with Ankush Khardori, as reported in *Intelligencer's* February 23, 2023 article, "Can Gary Gensler Survive Crypto Winter? D.C.'s Top Financial Cop on Bankman-Fried Blowback";

    j.  Chair Gensler's interview with CNBC's *Squawk Box*, as reported in CNBC's February 10, 2023 article, "SEC's Gary Gensler on Kraken Staking Settlement: Other Crypto Platforms Should take Note of This";

    k.  Chair Gensler's March 29, 2023 testimony before the United States House Appropriations Subcommittee on Financial Services and General Government;

    l.  Chair Gensler's statements regarding Digital Assets during "Office Hours with Gary

Gensler" including but not limited to the episodes from August 16, 2021, July 28, 2022, August 4, 2022, October 3, 2022, February 9, 2023, and April 27, 2023;

m.  Chair Gensler's April 18, 2023 testimony before the United States House Committee on Financial Services;

n.  Chair Gensler's interview with CNBC's *Squawk Box*, as reported in CNBC's June 6, 2023 article, "SEC Chair Gensler doubts the need for more digital currency";

o.  Chair Gensler's interview with the *Wall Street Journal*, as reported in the June 8, 2023 article, "SEC's Gary Gensler Had Crypto in His Sights for Years. Now He's Suing Binance and Coinbase.";

p.  Chair Gensler's June 8, 2023 remarks before the Piper Sandler Global Exchange & Fintech Conference;

q.  Chair Gensler's interview with the *Wall Street Journal*, as broadcast in the June 14, 2023 podcast episode, "SEC Chair Gary Gensler on His Crypto Crackdown";

r.  Chair Gensler's September 12, 2023 testimony before the United States Senate Committee on Banking, Housing, and Urban Affairs;

s.  Chair Gensler's September 27, 2023 testimony before the United States House Committee on Financial Services; and

t.  Chair Gensler's statements concerning Digital Assets or Digital Asset Platforms made prior to his tenure as SEC Chair.

**Plaintiff's Response to Request No. 28:** The Commission objects to Request No. 28 because it is unduly burdensome, overbroad, and oppressive.  The Commission specifically objects to the extent this request seeks documents concerning *all* crypto assets, platforms, and staking generally, not only those at issue in this Action.  The Commission also specifically objects to the extent the enumerated remarks themselves are public and thus available to Defendants.

The Commission further objects to Request No. 28 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 28, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

**REQUEST NO. 29**

Without limitation as to time period, all Documents and Communications concerning the Petition for Rulemaking submitted by Coinbase on July 21, 2022, any comment letters submitted by Coinbase concerning its Petition for Rulemaking, or the Commission's Order denying Coinbase's Petition for Rulemaking issued on December 15, 2023, including any Communications with any third parties (including any Government Entity) concerning Coinbase's Petition for Rulemaking or the Commission's Order.

**Plaintiff's Response to Request No. 29:** The Commission objects to Request No. 29 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent certain responsive documents were publicly filed on the Commission's website, and also publicly filed in Coinbase's action petitioning for a writ of mandamus to the Commission, *see In re Coinbase, Inc.*, Case 23-1779 (3d. Cir.), and thus are equally available to Defendants. The Commission also specifically objects to the extent certain responsive documents—*i.e.*, communications between Defendants and the Commission—are in the possession, custody, or control of, or equally available to, Defendants.

The Commission further objects to Request No. 29 because it seeks only documents that are not relevant nor proportional to the needs of the case. The Commission specifically objects because the requested documents and any other documents relating to Defendants' "Abuse of Discretion" defense (Answer, D.E. 22, at 174) or any other defense grounded in the Administrative Procedures Act ("APA"), are not relevant. *See* 12(c) Order at 39 ("[T]he APA also does not foreclose the SEC from bringing this enforcement action" reasoning, that "[w]hile it may be true that in cases where an agency purports to promulgate *new* regulatory authority, notice-and-comment rulemaking may offer a better, fairer, and more effective method of implementing agency policy than punitive enforcement actions, such is not the case here" where "the SEC is not announcing a new regulatory policy, but rather is simply engaging in a fact-intensive application of an existing standard[.]") (emphasis in original).

The Commission further objects to Request No. 29, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

**REQUEST NO. 30**

Without limitation as to time period, all Documents and Communications concerning the comment letters sent to Coinbase Global, Inc. by the Commission dated September 22, 2023 and April 17, 2024 regarding Coinbase Global, Inc.'s Form 10-K for the year ended December 31, 2023, Form 10-K for the year ended December 31, 2022, Form 10-Q for the period ended June 30, 2023, Form 8-K filed January 10, 2023, and Form 8-K filed May 4, 2023 (File No. 001-40289), and any subsequent correspondence relating thereto.

**Plaintiff's Response to Request No. 30**: The Commission objects to Request No. 30 as unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent the enumerated comment letters are public and thus available to Defendants. The Commission also specifically objects to the extent certain responsive communications—*i.e.*, communications between Defendants and the Commission—are in the possession, custody, or control of, or equally available, to Defendants.

The Commission further objects to Request No. 30 because it seeks only documents that are not relevant nor proportional to the needs of the case.

The Commission further objects to Request No. 30, to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine.

Based on the Commission's relevance objection above, the Commission is not producing, and will not log, documents responsive to this request.

**REQUEST NO. 31**

All Documents and Communications that you intend to use or otherwise rely upon for any purpose in this Action, including: (i) all Documents and Communications identified, quoted, or referenced in the Complaint, indicating the paragraph(s) of the Complaint to which each Document and Communication relates; and (ii) all Documents and Communications that were created, reviewed, considered, or relied upon by you in preparing the Complaint, including, without limitation, any computations or analyses prepared by you underlying any assertions in the Complaint.

**Plaintiff's Response to Request No. 31**: The Commission objects to Request No. 31 as

unduly burdensome, overbroad, and oppressive. The Commission specifically objects to the extent this request seeks to impose on the Commission any undue burden to "indicate" the "paragraph(s) of the Complaint to which each [requested] Document and Communication relates" or any other burden not found in or greater than what is required under the Federal Rules, Local Civil Rules, and/or the Court's Individual Rules.

The Commission further objects to Request No. 31 to the extent it seeks documents protected by the attorney-client and deliberative process privileges, and the work product doctrine. The Commission specifically objects because documents "created, reviewed, considered, or relied upon" by the Commission, "computations or analyses", and internal Commission communications are all documents protected by the attorney-client and deliberative process privileges and the work product doctrine.

The Commission further objects to Request No. 31 to the extent it calls for production of any exhibits the Commission intends to offer at any trial in this Action, as such request is premature and contrary to the requirements of Federal Rule 26. The Commission will make appropriate trial-exhibit and other pretrial disclosures as required by the Federal Rules and the Court's Individual Rules, and pursuant to Section 15 of the Court's Case Management Plan and Scheduling Order (D.E. 116).

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

**REQUEST NO. 32**

All Documents and Communications relating to any Person that you have retained or intend to retain as an expert witness to testify or provide an affidavit or report in this Action, including: (i) a curriculum vitae for the expert; (ii) any Documents or Communications relied on, referred to, or consulted by the expert in formulating any opinions the expert intends to offer in any affidavit, report, or testimony in this Action; (iii) any Documents or Communications created by the expert related to this Action; (iv) all engagement letters or agreements concerning the expert's retention or employment in connection with this Action; (v) all articles, books, book chapters, speeches, and other presentations created by the expert during the past ten years that relate in any way to the opinions or conclusions reached by the expert in connection with the Action; (vi) all testimony given by and reports submitted by the expert as an expert witness during the past five years; and (vii) all Documents and Communications provided, prepared, received, reviewed, or made  available to the expert or a representative of the expert.

**Plaintiff's Response to Request No. 32**:  The Commission objects to Request No. 32 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 32 as premature and contrary to the requirements of Federal Rule 26. The Commission will make appropriate expert disclosures and productions as required by the Federal Rules and pursuant to Section 8(g) of the Court's Case Management and Scheduling Order (D.E. 116).

**REQUEST NO. 33**

All Documents and Communications produced by any third parties in connection with this Action (through subpoena, agreement, or otherwise).

**Plaintiff's Response to Request No. 33:**  The Commission objects to Request No. 33 as premature, as the Commission has served, but not yet received documents in response to, Federal Rule 45 subpoenas for documents.

Subject to and without waiving the foregoing objections, the Commission states that it will produce any relevant non-privileged documents produced by any third parties, in response to subpoenas or otherwise, consistent with the Court's May 22nd Order.

**REQUEST NO. 34**

(a) All Documents referenced in Plaintiff's initial disclosures, and (b) all Documents and Communications relating to any Person listed as an individual or an entity likely to have discoverable information in Plaintiff's initial disclosures and that also relate to any issue in this Action.

**Plaintiff's Response to Request No. 34:** The Commission objects to Request No. 34 as unduly burdensome, overbroad, and oppressive.

The Commission further objects to Request No. 34 to the extent it seeks documents protected by the attorney-client and deliberative process privileges, the work product doctrine, and Section 24(f) of the Exchange Act.

Subject to and without waiving the foregoing objections, the Commission states it will produce the Commission's Investigative File, which includes non-privileged documents responsive to this request. With respect to any responsive documents being withheld on the basis of privilege, the Commission will provide a privilege log describing those documents, consistent with the Court's May 22nd Order.

Dated: May 23, 2024
Washington, D.C.

*s/ Nicholas C. Margida*
Nicholas C. Margida
Patrick R. Costello
David S. Mendel
Rebecca R. Dunnan
SECURITIES AND EXCHANGE
COMMISSION
100 F. Street NE
Washington, DC 20549

Peter A. Mancuso
Jorge G. Tenreiro
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004

*Counsel for Plaintiff*
*Securities and Exchange Commission*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 23, 2024, I caused the foregoing Plaintiff's Responses and Objections to Defendants' First Request for Production of Documents to be served by electronic mail on Defendants' counsel at the following addresses:

William Savitt, wdsavitt@wlrk.com          Steven R. Peikin, peikins@sullcrom.com

Kevin S. Schwartz, kschwartz@wlrk.com     Kathleen S. McArthur, mcarthurk@sullcrom.com

Sarah K. Eddy, skeddy@wlrk.com            James M. McDonald, mcdonaldj@sullcrom.com

Adam M. Gogolak, amgogolak@wlrk.com       Julia A. Malkina, malkinaj@sullcrom.com

David P.T. Webb, dpwebb@wlrk.com          Olivia G. Chalos, chaloso@sullcrom.com

Sijin Choi, schoi@wlrk.com

*s/ Nicholas C. Margida*
Nicholas C. Margida

*Counsel for Plaintiff*
