# EXHIBIT O

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **23 Civ. 04738 (KPF)** |
| **-against-** | |
| **COINBASE, INC. AND COINBASE GLOBAL, INC.** | |
| **Defendants.** | |

---

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure ("Federal Rules") and the Local Rules of the U.S. District Court for the Southern District of New York ("Local Civil Rules"), Plaintiff Securities and Exchange Commission (the "Commission," "SEC," or "Plaintiff") hereby responds to Defendants Coinbase, Inc. and Coinbase Global, Inc.'s (collectively, "Defendants" or "Coinbase") First Set of Requests for Admission ("Requests").

The Commission's responses and objections to the Requests are made to the best of its present knowledge, information, and belief. These responses and objections are made without prejudice to the Commission's right to revise or supplement its responses and objections as appropriate and to rely upon and produce or object to evidence, witnesses, facts, writings, or documents that are identified either herein or in any later supplements or amendments. By responding and objecting below, the Commission does not intend to—and does not—waive any applicable privilege, protection, or right that may prevent the disclosure of any such information.

## DEFINITIONS USED IN THE RESPONSES AND OBJECTIONS

1.     The "Investigation" means the Commission's Division of Enforcement staff's investigation captioned *In the Matter of Coinbase, Inc.* conducted under File Nos. HO-14315 and SF-04523.

2.     The "Action" means the instant, above-captioned Commission civil enforcement action.

3.     The "Exchange Act" means the Securities Exchange Act of 1934 (15 U.S.C. § 78a *et seq.*)

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     The Commission objects to Defendants' Definition No. 18 ("Investigation") to the extent it means the "investigation(s) of individuals and entities" outside of the investigation conducted under File Nos. HO-14315 and SF-04523 (*see* defined term, "Investigation" above), because it is overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case.

2.     The Commission objects to Defendants' Definition No. 19 ("Person") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "person" set forth in Local Civil Rule 26.3(c)(6).  In responding and objecting to the Requests, the Commission will apply the definition of "person" set forth in Local Civil Rule 26.3(c)(6), and no other such definition.

3.     The Commission objects to Defendants' Definition No. 20 ("SEC", "Commission", "you", or "your") to the extent it is inconsistent with and/or seeks impermissibly to expand the definition of the term "plaintiff" set forth in Local Civil Rule 26.3(c)(5), and to the extent that it purports to include within the scope of any Request Commission divisions and persons who did not conduct the Investigation or this Action.  To the extent that any Request seeks information in the possession of Commission divisions, offices, or employees of the Commission other than those who

conducted the Investigation and litigation, the Commission objects to any such Request on the grounds that it seeks information that is not relevant to any party's claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses, is overbroad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise stated below, the Commission's Responses and Objections are based only on the knowledge of employees of the Commission who conducted the Investigation and litigation in this Action.

4.      The Commission objects to Defendants' Definitions and Instructions, including but not limited to Nos. 25, 26, and 27, to the extent that any of them purport to impose greater obligations on the Commission than the Federal Rules of Civil Procedure.

5.      The Commission objects to Defendants' Definitions and Instructions to the extent that any of them differ from the way those terms are used in the Exchange Act, the Federal Rules of Civil Procedure, or in the Commission's Complaint in this Action.

## SPECIFIC RESPONSES AND OBJECTIONS

The Commission adopts and incorporates by reference the foregoing Objections to Definitions and Instructions in response to each numbered request below. Upon request by Defendants, the Commission is willing to meet and confer regarding its responses and objections to Defendants' Requests.

### Request for Admission No. 1

Admit that a SOL token itself is not a Security.

Answer:  The Commission objects to Request No. 1 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  *See* Fed. R. Civ. P. 36(a)(1)(A).  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request.  Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the

term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question. *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper."). The Commission avers that the legal attributes of "a SOL token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token. *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token."). Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale. To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 2**

Admit that an ADA token itself is not a Security.

Answer: The Commission objects to Request No. 2 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts. *See* Fed. R. Civ. P. 36(a)(1)(A). The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request. Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question. *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper."). The Commission avers that the legal attributes of "an ADA token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token. *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token."). Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale. To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 3**

Admit that a MATIC token itself is not a Security.

Answer: The Commission objects to Request No. 3 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts. *See* Fed. R. Civ. P. 36(a)(1)(A). The Commission further objects to the Request as vague and ambiguous because it is unclear what the

undefined term "token itself" means in the context of this Request.  Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question.  *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper.").  The Commission avers that the legal attributes of "a MATIC token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token.  *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token.").  Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale.  To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

## Request for Admission No. 4

Admit that a FIL token itself is not a Security.

Answer:  The Commission objects to Request No. 4 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  *See* Fed. R. Civ. P. 36(a)(1)(A).  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request.  Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question.  *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper.").  The Commission avers that the legal attributes of "a FIL token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token.  *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token.").  Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale.  To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

## Request for Admission No. 5

Admit that a SAND token itself is not a Security.

Answer:  The Commission objects to Request No. 5 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks

a legal conclusion instead of the application of law to specific facts. *See* Fed. R. Civ. P. 36(a)(1)(A). The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request. Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question. *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper."). The Commission avers that the legal attributes of "a SAND token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token. *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token."). Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale. To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 6**

Admit that an AXS token itself is not a Security.

<u>Answer:</u>  The Commission objects to Request No. 6 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts. *See* Fed. R. Civ. P. 36(a)(1)(A). The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request. Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question. *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper."). The Commission avers that the legal attributes of "an AXS token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token. *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token."). Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale. To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 7**

Admit that a VGX token itself is not a Security.

<u>Answer:</u>  The Commission objects to Request No. 7 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts. *See* Fed. R. Civ. P. 36(a)(1)(A). The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request. Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question. *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper."). The Commission avers that the legal attributes of "a VGX token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token. *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token."). Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale. To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

## Request for Admission No. 8

Admit that a CHZ token itself is not a Security.

<u>Answer:</u> The Commission objects to Request No. 8 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts. *See* Fed. R. Civ. P. 36(a)(1)(A). The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request. Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question. *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper."). The Commission avers that the legal attributes of "a CHZ token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token. *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token."). Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale. To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

## Request for Admission No. 9

Admit that a FLOW token itself is not a Security.

Answer:  The Commission objects to Request No. 9 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  *See* Fed. R. Civ. P. 36(a)(1)(A).  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request.  Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question.  *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper.").  The Commission avers that the legal attributes of "a FLOW token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token.  *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token.").  Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale.  To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

## Request for Admission No. 10

Admit that an ICP token itself is not a Security.

Answer:  The Commission objects to Request No. 10 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  *See* Fed. R. Civ. P. 36(a)(1)(A).  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request.  Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question.  *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper.").  The Commission avers that the legal attributes of "an ICP token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token.  *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token.").  Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale.  To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 11**

Admit that a NEAR token itself is not a Security.

    <u>Answer:</u>  The Commission objects to Request No. 11 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  *See* Fed. R. Civ. P. 36(a)(1)(A).  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request.  Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question.  *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper.").  The Commission avers that the legal attributes of "a NEAR token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token.  *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token.").  Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale.  To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 12**

Admit that a DASH token itself is not a Security.

    <u>Answer:</u>  The Commission objects to Request No. 12 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  *See* Fed. R. Civ. P. 36(a)(1)(A).  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "token itself" means in the context of this Request.  Subject to and without waiving its objections, the Commission states that it cannot truthfully admit or deny this Request because (1) the term "token itself" is undefined, vague and ambiguous; and (2) this Request improperly seeks an answer to a hypothetical question.  *Rubinstein v. Music Sales Corp.*, 2021 WL 3374539, at *3 (S.D.N.Y. Aug. 3, 2021) ("Requests for admission that call for the answer to hypothetical questions are not proper.").  The Commission avers that the legal attributes of "a DASH token itself," cannot be evaluated in isolation without considering the full set of expectations and understandings surrounding the sale and distribution of the token.  *Accord SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *25 (S.D.N.Y. Mar. 27, 2024) ("When a customer purchases a token on Coinbase's platform, she is not just purchasing a token, which in and of itself is valueless; rather, she is buying into the token's digital ecosystem, the growth of which is necessarily tied to value of the token.").  Whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances surround its offer and sale.  To the extent a response is required, then subject to and

without waiving its objections, the Commission denies this Request.

**Request for Admission No. 13**

Admit that the SEC declared effective Coinbase Global, Inc.'s registration statement on Form S-1 on April 1, 2021.

Answer:  The Commission objects to Request No. 13 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that Coinbase Global, Inc.'s registration statement on Form S-1 was declared effective by certain staff of the Commission's Division of Corporation Finance ("Division of Corporation Finance") pursuant to delegated authority on April 1, 2021.  See 15 U.S.C. § 77h.  Otherwise, denies.

**Request for Admission No. 14**

Admit that, in declaring effective Coinbase Global, Inc.'s registration statement on Form S-1, the SEC determined such declaration to be consistent with the public interest and the protection of investors.

Answer:  The Commission objects to Request No. 14 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  See Fed. R. Civ. P. 36(a)(1)(A). Subject to and without waiving its objections, the Commission admits that at the time Coinbase Global, Inc.'s registration statement on Form S-1 was declared effective, certain staff of the Division of Corporation Finance pursuant to delegated authority gave "due regard to the adequacy of the information respecting [Coinbase Global, Inc.] theretofore available to the public, to the facility with which the nature of the securities to be registered, their relationship to the capital structure of [Coinbase Global, Inc.] and the rights of holders thereof can be understood, and to the public interest and the protection of investors."  *See* 15 U.S.C. § 77h(a).  Otherwise, denies.

**Request for Admission No. 15**

Admit that the SEC did not believe that the Coinbase Platform was an unregistered securities exchange when it declared effective Coinbase Global, Inc.'s registration statement on Form S-1.

Answer:  The Commission objects to Request No. 15 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts.  See Fed. R. Civ. P. 36(a)(1)(A).  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  The Commission further objects that in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, the Division of Corporation Finance staff did not determine the regulatory status of the Coinbase

Platform, rather it determined the adequacy of the disclosures, including material risk factors, in Coinbase Global, Inc.'s registration statement as required under the federal securities laws. Subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 16**

Admit that the SEC did not believe that Coinbase's Staking Services constituted the offer or sale of unregistered securities when it declared effective Coinbase Global, Inc.'s registration statement on Form S-1.

Answer: The Commission objects to Request No. 16 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks a legal conclusion instead of the application of law to specific facts. See Fed. R. Civ. P. 36(a)(1)(A). The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. The Commission further objects that in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, the Division of Corporation Finance staff did not determine the regulatory status of Coinbase's Staking Services, rather it determined the adequacy of the disclosures, including material risk factors, in Coinbase Global, Inc.'s registration statement as required under the federal securities laws. Subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 17**

Admit that, on March 22, 2023, the SEC gave Coinbase a "Wells call" alleging that some transactions on Coinbase's Platform were unregistered securities transactions.

Answer: The Commission objects to Request No. 17 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses and because this Request for Admission seeks information that is available to Coinbase. The Commission also objects to the Request to the extent it improperly seeks discovery of information that the parties agreed was subject to and protected by Fed. R. Evid. 408. Subject to and without waiving its objections, the Commission admits that on March 22, 2023 Commission staff assigned to the Investigation spoke with and informed Coinbase's attorneys that the SEC staff had made a preliminary determination to recommend that the Commission file an enforcement action against Defendants, alleging violations of Sections 5, 15(a) and 17(A) of the Exchange Act. *See* Letters from SEC Staff to Defendants' Counsel, dated March 22, 2024 ("This letter confirms our telephone conversation earlier today. In that conversation, we advised you that the staff of the Securities and Exchange Commission has made a preliminary determination to recommend that the Commission file an enforcement action against" Defendants). Otherwise, denies.

**Request for Admission No. 18**

Admit that, during the SEC's March 22, 2023 "Wells call" with Coinbase, Coinbase asked the SEC to identify which Digital Assets that traded on the Coinbase Platform the SEC believed constitute securities.

Answer:  The Commission objects to Request No. 18 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks discovery of information that the parties agreed was subject to and protected by Fed. R. Evid. 408.  Subject to and without waiving its objections, the Commission admits that on March 22, 2023 Commission staff assigned to the Investigation spoke with Coinbase's attorneys and Coinbase's attorneys asked the staff to identify which crypto assets that traded on Coinbase's Platform the staff believed constitute securities.  However, the Commission avers that Coinbase has been provided fair notice that it could be subject to an SEC enforcement action with respect to crypto assets that traded on its platform through, among other things: (1) *Howey* and decades of other judicial precedents interpreting the term "investment contract;" (2) the Commission's Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The DAO (the "DAO Report"); and (3) the Commission's identification in other enforcement actions of crypto assets it believed constituted securities that Coinbase listed on its platform, such as AMP, DDX, LCX, OMG, POWR, RLY, and XYO; and, further, that Coinbase itself has demonstrated such notice by "establish[ing] a systematic analytical process for reviewing crypto assets" specifically to determine which "could be deemed 'securities' under the SEC's definition" (*See* Answer at ¶ 55).  The Commission further avers that "the law does not require the Government to reach out and warn all potential violators on an individual or industry level" that their conduct violates the law.  *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 183 (S.D.N.Y. 2020).  Otherwise, denies.

## Request for Admission No. 19

Admit that, in response to Coinbase's request during the SEC's March 22, 2023 "Wells call" that the SEC identify which Digital Assets traded on the Coinbase Platform the SEC believed constituted securities, the SEC stated that it was "not in a position to identify them."

Answer:  The Commission objects to Request No. 19 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to the Request to the extent it improperly seeks discovery of information that the parties agreed was subject to and protected by Fed. R. Evid. 408.  Subject to and without waiving its objections, the Commission admits that the Commission staff did not specifically identify on the March 22, 2023 telephone call between counsel which crypto assets trading on the Coinbase platform constituted securities.  However, the Commission avers that Coinbase has been provided fair notice that it could be subject to an SEC enforcement action with respect to crypto assets that traded on its platform through, among other things: (1) *Howey* and decades of other judicial precedents interpreting the term "investment contract;" (2) the Commission's Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The DAO (the "DAO Report"); and (3) the Commission's identification in other enforcement actions of crypto assets it believed constituted securities that Coinbase listed on its platform, such as AMP, DDX, LCX, OMG, POWR, RLY, and XYO; and, further, that Coinbase itself has demonstrated such notice by "establish[ing] a systematic analytical process for reviewing crypto assets" specifically to determine which "could be deemed 'securities' under the SEC's definition" (*See* Answer at ¶ 55).  The Commission further avers that "the law does not require the Government to reach out and warn all potential violators on an individual or industry level" that their conduct violates the law.  *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 183

(S.D.N.Y. 2020). Otherwise, denies.

**Request for Admission No. 20**

Admit that, prior to the filing of the Complaint, the SEC never identified to Coinbase any Digital Asset traded on Coinbase's Platform that the SEC believed constituted a security.

Answer: The Commission objects to Request No. 20 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks discovery of information that the parties agreed was subject to and protected by Fed. R. Evid. 408. Subject to and without waiving its objections, the Commission admits that prior to the filing of the Complaint, Commission staff assigned to the Investigation did not specifically identify to Coinbase which crypto assets that traded on Coinbase's Platform constituted a security. However, the Commission avers that Coinbase has been provided fair notice that it could be subject to an SEC enforcement action with respect to crypto assets that traded on its platform through, among other things: (1) *Howey* and decades of other judicial precedents interpreting the term "investment contract;" (2) the Commission's Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The DAO (the "DAO Report"); and (3) the Commission's identification in other enforcement actions of crypto assets it believed constituted securities that Coinbase listed on its platform, such as AMP, DDX, LCX, OMG, POWR, RLY, and XYO; and, further, that Coinbase itself has demonstrated such notice by "establish[ing] a systematic analytical process for reviewing crypto assets" specifically to determine which "could be deemed 'securities' under the SEC's definition" (*See* Answer at ¶ 55). The Commission further avers that "the law does not require the Government to reach out and warn all potential violators on an individual or industry level" that their conduct violates the law. *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 183 (S.D.N.Y. 2020). Otherwise, denies.

**Request for Admission No. 21**

Admit that, prior to the filing of the Complaint, the SEC never identified to Coinbase any transactions in Digital Assets traded on Coinbase's Platform that the SEC believed constituted securities transactions.

Answer: The Commission objects to Request No. 21 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to the Request to the extent it improperly seeks discovery of information that the parties agreed was subject to and protected by Fed. R. Evid. 408. Subject to and without waiving its objections, the Commission admits that prior to the filing of the Complaint, Commission staff assigned to the Investigation did not specifically identify to Coinbase which transactions in crypto assets that traded on Coinbase's Platform constituted a security. However, the Commission avers that Coinbase has been provided fair notice that it could be subject to an SEC enforcement action with respect to crypto assets that traded on its platform through, among other things: (1) *Howey* and decades of other judicial precedents interpreting the term "investment contract;" (2) the Commission's Report of Investigation Pursuant to Section 21(a) of the Securities Exchange Act of 1934: The DAO (the "DAO Report"); and (3) the Commission's identification in other enforcement actions of crypto assets it believed constituted securities that Coinbase listed on its platform, such as

13

AMP, DDX, LCX, OMG, POWR, RLY, and XYO; and, further, that Coinbase itself has demonstrated such notice by "establish[ing] a systematic analytical process for reviewing crypto assets" specifically to determine which "could be deemed 'securities' under the SEC's definition" (*See* Answer at ¶ 55). The Commission further avers that "the law does not require the Government to reach out and warn all potential violators on an individual or industry level" that their conduct violates the law. *SEC v. Kik Interactive Inc.*, 492 F. Supp. 3d 169, 183 (S.D.N.Y. 2020). Otherwise, denies.

**Request for Admission No. 22**

Admit that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, ADA was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer: Admits.

**Request for Admission No. 23**

Admit that the SEC knew, when it declared effective Coinbase Global, Inc.'s S-1, that ADA was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer: The Commission objects to Request No. 23 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission denies this Request and avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether the Coinbase Platform intermediated transactions involving investment contracts; and (2) the Investigation that preceded this Action commenced on June 30, 2021.

**Request for Admission No. 24**

Admit that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, MATIC was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer: Admits.

**Request for Admission No. 25**

Admit that the SEC knew, when it declared effective Coinbase Global, Inc.'s S-1, that MATIC was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer: The Commission objects to Request No. 25 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission denies this Request

and avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether the Coinbase Platform intermediated transactions involving investment contracts; and (2) the Investigation that preceded this Action commenced on June 30, 2021.

**Request for Admission No. 26**

Admit that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, FIL was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  Admits.

**Request for Admission No. 27**

Admit that the SEC knew, when it declared effective Coinbase Global, Inc.'s S-1, that FIL was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  The Commission objects to Request No. 27 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that in or around July 2020 Coinbase delivered a presentation to the Division of Corporation Finance staff stating that it "plans to list Filecoin in August 2020," which Coinbase stated was a "4" on a scale of "5" for "high securities law risk."  However, the Commission avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether the Coinbase Platform intermediated transactions involving investment contracts; and (2) the Investigation that preceded this Action commenced on June 30, 2021.  Otherwise, denies.

**Request for Admission No. 28**

Admit that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, DASH was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  Admits.

**Request for Admission No. 29**

Admit that the SEC knew, when it declared effective Coinbase Global, Inc.'s S-1, that DASH was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  The Commission objects to Request No. 29 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission denies this Request

and avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether the Coinbase Platform intermediated transactions involving investment contracts; and (2) the Investigation that preceded this Action commenced on June 30, 2021.

**Request for Admission No. 30**

Admit that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, ETH was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  The Commission objects to Request No. 30 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits this Request.

**Request for Admission No. 31**

Admit that the SEC knew, when it declared effective Coinbase Global, Inc.'s S-1, that ETH was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  The Commission objects to Request No. 31 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that Coinbase Global, Inc.'s registration statement on Form S-1 states that "A majority of our net revenue is derived from transactions in … Ethereum."  However, the Commission avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether the Coinbase Platform intermediated transactions involving investment contracts; and (2) the Investigation that preceded this Action commenced on June 30, 2021.  Otherwise, denies.

**Request for Admission No. 32**

Admit that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, XTZ was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  Admits.

**Request for Admission No. 33**

Admit that the SEC knew, when it declared effective Coinbase Global, Inc.'s S-1, that XTZ was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  The Commission objects to Request No. 33 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission denies this Request and avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether the Coinbase Platform intermediated transactions involving investment contracts; and (2) the Investigation that preceded this Action commenced on June 30, 2021.

**Request for Admission No. 34**

Admit that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, ATOM was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  Admit.

**Request for Admission No. 35**

Admit that the SEC knew, when it declared effective Coinbase Global, Inc.'s S-1, that ATOM was available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  The Commission objects to Request No. 35 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission denies this Request and avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether the Coinbase Platform intermediated transactions involving investment contracts; and (2) the Investigation that preceded this Action commenced on June 30, 2021.

**Request for Admission No. 36**

Admit that, prior to April 1, 2021, Coinbase's Staking Services were available for XTZ.

Answer:  Admits.

**Request for Admission No. 37**

Admit that the SEC knew that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, Coinbase's Staking Services were available for XTZ.

Answer:  The Commission objects to Request No. 37 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that Coinbase

provided information to Division of Corporation Finance staff regarding its "Tezos Staking Model" before April 1, 2021, but avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether Coinbase offered and sold its Staking Services Program as an investment contract; and (2) the Investigation that preceded this Action commenced on June 30, 2021.  Otherwise, denies.

**Request for Admission No. 38**

Admit that, prior to April 1, 2021, Coinbase's Staking Services were available for ATOM.

Answer:  Admits.

**Request for Admission No. 39**

Admit that the SEC knew that, before and as of April 1, 2021, the date of effectiveness of Coinbase Global, Inc.'s S-1, Coinbase's Staking Services were available for ATOM.

Answer:  The Commission objects to Request No. 39 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission denies this Request and avers that (1) in reviewing Coinbase Global, Inc.'s registration statement on Form S-1, Division of Corporation Finance staff did not determine whether Coinbase offered and sold its Staking Services Program as an investment contract; and (2) the Investigation that preceded this Action commenced on June 30, 2021.

**Request for Admission No. 40**

Admit that, prior to April 1, 2021, Coinbase informed the SEC that it would offer its staking service for ETH.

Answer:  The Commission objects to Request No. 40 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission asserts that it lacks knowledge or information sufficient to admit or deny this Request, and after reasonable inquiry the information the Commission knows or can readily obtain is insufficient to enable it to admit or deny this request.  To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 41**

Admit that on July 21, 2022, the SEC filed the *Wahi* Complaint.

Answer:  Admits.

**Request for Admission No. 42**

Admit that the SEC alleged in *Wahi* that Ihsan Wahi, Nikhil Wahi, and Sameer Ramani violated Section 10(b) [15 U.S.C. § 78j(b)] of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder [17 C.F.R.§ 240.10b-5].

Answer:  The Commission objects to Request No. 42 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits this Request.

**Request for Admission No. 43**

Admit that the SEC alleged in *Wahi* that Ihsan Wahi and Nikhil Wahi purchased and sold investment contracts, and thus securities subject to the federal securities laws, including the AMP, RLY, DDX, XYO, RGT, LCX, and POWR tokens.

Answer:  Admits.

**Request for Admission No. 44**

Admit that the SEC alleged in *Wahi* that the AMP, RLY, DDX, XYO, RGT, LCX, and POWR tokens were made available to Coinbase's customers to buy, sell, or trade on Coinbase's Platform.

Answer:  Admits.

**Request for Admission No. 45**

Admit that on April 17, 2023, the SEC filed the *Bittrex* Complaint.

Answer:  Admits.

**Request for Admission No. 46**

Admit that the SEC alleged in *Bittrex* that Bittrex, Inc. operated an unregistered securities exchange on which Bittrex's customers could buy, sell, and trade investment contracts.

Answer:  Admits.

**Request for Admission No. 47**

Admit that, prior to April 17, 2023, the AMP token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 47 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that on

or about August 31, 2021, the Bittrex Global Team announced in a Medium blog post that "The USD-AMP market pair is now available on: https://global.bittrex.com/home/markets." Otherwise, denies.

**Request for Admission No. 48**

Admit that, prior to April 17, 2023, the RLY token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 48 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that on or about June 29, 2022, Bittrex announced in an X (formerly known as Twitter) post "New Listing Update: Rally (RLY) wallet is open and trading will begin shortly on bittrex.com." Otherwise, denies.

**Request for Admission No. 49**

Admit that, prior to April 17, 2023, the DDX token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 49 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information. To the extent a response is required, then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 50**

Admit that, prior to April 17, 2023, the XYO token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 50 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that on or about May 2, 2022, Bittrex announced in an X (formerly known as Twitter) post "New Listing Update: XYO (XYO) wallet is open and trading will begin shortly on bittrex.com." Otherwise, denies.

**Request for Admission No. 51**

Admit that, prior to April 17, 2023, the RGT token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 51 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. Subject to and without waiving its objections, the Commission admits that on or about April 21, 2021, the Bittrex Global Team announced in a Medium blog post "Announcing Rari Governance Token (RGT) on Bittrex Global!" Otherwise, denies.

**Request for Admission No. 52**

Admit that, prior to April 17, 2023, the LCX token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 52 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information. To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 53**

Admit that, prior to April 17, 2023, the POWR token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 53 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that on or about February 10, 2020, Bittrex Global announced in an X (formerly known as Twitter) post "We are pleased to announce POWR token by Power Ledger is listed on Bittrex Global." Otherwise, denies.

**Request for Admission No. 54**

Admit that, in the *Bittrex* Complaint, the SEC did not allege that AMP tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer: The Commission objects to Request No. 54 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the AMP token. The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141). Otherwise, denies.

**Request for Admission No. 55**

Admit that, in the *Bittrex* Complaint, the SEC did not allege that RLY tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 55 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the RLY token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

## Request for Admission No. 56

Admit that, in the *Bittrex* Complaint, the SEC did not allege that DDX tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 56 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the DDX token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

## Request for Admission No. 57

Admit that, in the *Bittrex* Complaint, the SEC did not allege that XYO tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 57 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the XYO token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

## Request for Admission No. 58

Admit that, in the *Bittrex* Complaint, the SEC did not allege that RGT tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 57 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the RGT token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

**Request for Admission No. 59**

Admit that, in the *Bittrex* Complaint, the SEC did not allege that LCX tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 59 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the LCX token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto assets securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

**Request for Admission No. 60**

Admit that, in the *Bittrex* Complaint, the SEC did not allege that POWR tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 60 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission denies this Request.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141), and, additionally, did allege that "in deciding to make the crypto asset security known as 'POWR' … available on the Bittrex Platform, Bittrex ignored clear indications that POWR was marketed, offered, and sold as a security" (*id.* ¶ 134).

**Request for Admission No. 61**

Admit that on June 5, 2023, the SEC filed the *Binance* Complaint.

Answer:  Admits.

**Request for Admission No. 62**

Admit that the SEC alleges in *Binance* that the Binance Platforms operate as unregistered securities exchanges on which persons can buy, sell, and trade investment contracts.

Answer:  Admits.

**Request for Admission No. 63**

Admit that, prior to June 5, 2023, the AMP token was available for trading on the Binance Platforms.

Answer:  The Commission objects to Request No. 63 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits this Request.

**Request for Admission No. 64**

Admit that the SEC knew, prior to June 5, 2023, that the AMP token was available for trading on the Binance Platforms.

Answer:  The Commission objects to Request No. 64 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Binance Platforms was informed prior to June 5, 2023, that the AMP token was available for trading on the Binance Platforms.  Otherwise, denies.

**Request for Admission No. 65**

Admit that, in the *Binance* Complaint, the SEC did not allege that the AMP token was purchased, sold, or traded as an investment contract on the Binance Platforms.

Answer:  The Commission objects to Request No. 65 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission denies this Request.  The Commission avers that the *Binance* Complaint alleged that "the Binance Platforms … have made available for trading on them crypto assets that are offered and sold as investment contracts, and thus as securities," (*Binance* Complaint ¶ 352) and further provided "a non-exhaustive list of ten Crypto Asset Securities … available on the Binance Platforms" (*id.* ¶ 361), and, additionally, did alleged that the "Binance Platforms have made available for trading crypto assets that have been the subject of prior SEC enforcement actions based upon their status as crypto asset securities, including but not limited to AMP" (*id.* ¶ 360).

**Request for Admission No. 66**

Admit that, in the *Binance* Complaint, the SEC alleges that the MANA, ALGO, ATOM, and COTI tokens were purchased, sold, or traded as investment contracts on the Binance Platforms.

Answer:  The Commission objects to Request No. 66 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits this Request.

**Request for Admission No. 67**

Admit that the Complaint does not include the AMP, RLY, DDX, XYO, RGT, LCX, and POWR tokens in its definition of Crypto Asset Securities.

Answer:  The Commission objects to Request No. 67 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "definition" means in the context of this request.  Subject to and without waiving its objections, the Commission admits that the Complaint does not specifically reference the RGT token, but otherwise, denies the remainder of this Request.  The Commission avers that the Complaint alleged that "Coinbase … has made available for trading crypto assets that are offered and sold as investment contracts, and thus securities" (Complaint ¶ 102) and further provided "additional details regarding a non-exhaustive list of 13 Crypto Asset Securities" (*id.* ¶ 125), and, additionally, did allege that "Coinbase has made available for trading on Coinbase Platform … crypto assets that have been the subject of prior SEC enforcement actions based upon their status as crypto asset securities" including "AMP, … DDX, … LCX, … POWR, … RLY, … and XYO" (*id.* ¶ 124).

**Request for Admission No. 68**

Admit that the Complaint does not include the MANA, ALGO, ATOM, and COTI tokens in its definition of Crypto Asset Securities.

Answer:  The Commission objects to Request No. 68 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "definition" means in the context of this request.  Subject to and without waiving its objections, the Commission admits that the Complaint does not specifically reference the MANA, ALGO, ATOM, and COTI tokens.  The Commission avers that the Complaint alleged that "Coinbase … has made available for trading crypto assets that are offered and sold as investment contracts, and thus securities" (Complaint ¶ 102) and further provided "additional details regarding a non-exhaustive list of 13 Crypto Asset Securities" (*id.* ¶ 125).  Otherwise, denies.

**Request for Admission No. 69**

Admit that, prior to June 6, 2023, Coinbase's customers could buy, sell, or trade the MANA, ALGO, ATOM, and COTI tokens on Coinbase's Platform.

Answer:  The Commission objects to Request No. 69 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits following: that on or about November 5, 2020, Coinbase announced on its blog that "Decentraland (MANA) … [is] now available on Coinbase … customers can now buy, sell, convert, send, receive, or store … MANA"; that on or about July 16, 2020, Coinbase announced on its blog that "Algorand (ALGO) is now available on Coinbase … customers can now buy, sell, convert, send, receive, or store ALGO"; that on or about January 16, 2020, Coinbase announced on its blog that "Cosmos (ATOM) is now available on Coinbase … customers can now buy, sell, convert, send, receive, or store ATOM"; and that on or about August 27, 2021, Coinbase announced on its blog that "COTI (COTI) is now available on Coinbase … customers can now buy, sell, convert, send, receive, or store COTI." Otherwise, denies.

**Request for Admission No. 70**

Admit that, prior to April 17, 2023, the SOL token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 70 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission admits that on or about August 5, 2022, Bittrex announced in an X (formerly known as Twitter) post "Solana (SOL) wallet is now open and trading will begin shortly on bittrex.com."  Otherwise, denies.

**Request for Admission No. 71**

Admit that the SEC knew, prior to April 17, 2023, that the SOL token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 71 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the SOL token was available for trading on the Bittrex Platform.  Otherwise, denies.

**Request for Admission No. 72**

Admit that the SEC does not allege in the *Bittrex* Complaint that SOL tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer: The Commission objects to Request No. 72 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the SOL token. The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141). Otherwise, denies.

**Request for Admission No. 73**

Admit that, prior to April 17, 2023, the ADA token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 70 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission admits that on or about October 1, 2017, Cardano Foundation announced in an X (formerly known as Twitter) post "Ada trading is now live on Bittrex!" Otherwise, denies.

**Request for Admission No. 74**

Admit that the SEC knew, prior to April 17, 2023, that the ADA token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 74 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the ADA token was available for trading on the Bittrex Platform. Otherwise, denies.

**Request for Admission No. 75**

Admit that the SEC does not allege in the *Bittrex* Complaint that ADA tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 75 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the ADA token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

**Request for Admission No. 76**

Admit that, prior to April 17, 2023, the MATIC token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 76 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission admits that on or about May 5, 2021, Bittrex announced in an X (formerly known as Twitter) post "Polygon (MATIC) wallet is now open and trading will begin shortly on bittrex.com."  Otherwise, denies.

**Request for Admission No. 77**

Admit that the SEC knew, prior to April 17, 2023, that the MATIC token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 77 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the MATIC token was available for trading on the Bittrex Platform.  Otherwise, denies.

**Request for Admission No. 78**

Admit that the SEC does not allege in the *Bittrex* Complaint that MATIC tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 78 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the MATIC token. The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141). Otherwise, denies.

**Request for Admission No. 79**

Admit that, prior to April 17, 2023, the FIL token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 79 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission admits that on or about March 9, 2021, Bittrex announced in an X (formerly known as Twitter) post "Filecoin (FIL) wallet is now open and trading will begin shortly on bittrex.com." Otherwise, denies.

**Request for Admission No. 80**

Admit that the SEC knew, prior to April 17, 2023, that the FIL token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 80 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the FIL token was available for trading on the Bittrex Platform. Otherwise, denies.

**Request for Admission No. 81**

Admit that the SEC does not allege in the *Bittrex* Complaint that FIL tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer: The Commission objects to Request No. 81 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the FIL token. The Commission avers that the *Bittrex*

Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141). Otherwise, denies.

## Request for Admission No. 82

Admit that, prior to April 17, 2023, the SAND token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 82 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission admits that on or about December 14, 2021, Bittrex announced in an X (formerly known as Twitter) post "Sandbox (SAND) wallet is now open and trading will begin shortly on bittrex.com." Otherwise, denies.

## Request for Admission No. 83

Admit that the SEC knew, prior to April 17, 2023, that the SAND token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 83 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the SAND token was available for trading on the Bittrex Platform.  Otherwise, denies.

## Request for Admission No. 84

Admit that the SEC does not allege in the *Bittrex* Complaint that SAND tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 84 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the SAND token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on

the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

**Request for Admission No. 85**

Admit that, prior to April 17, 2023, the AXS token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 85 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission admits that on or about June 15, 2022, Bittrex announced in an X (formerly known as Twitter) post "Axie Infinity Shards (AXS) wallet is now open and trading will begin shortly on bittrex.com."  Otherwise, denies.

**Request for Admission No. 86**

Admit that the SEC knew, prior to April 17, 2023, that the AXS token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 86 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the AXS token was available for trading on the Bittrex Platform.  Otherwise, denies.

**Request for Admission No. 87**

Admit that the SEC does not allege in the *Bittrex* Complaint that AXS tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 87 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the AXS token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

**Request for Admission No. 88**

Admit that, prior to April 17, 2023, the VGX token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 88 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information.  To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 89**

Admit that the SEC knew, prior to April 17, 2023, that the VGX token was available for trading on the Bittrex Platform.

Answer:  The Commission objects to Request No. 89 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the VGX token was available for trading on the Bittrex Platform.  Otherwise, denies.

**Request for Admission No. 90**

Admit that the SEC does not allege in the *Bittrex* Complaint that VGX tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer:  The Commission objects to Request No. 90 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the VGX token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

**Request for Admission No. 91**

Admit that, prior to April 17, 2023, the CHZ token was available for trading on the Bittrex

Platform.

Answer: The Commission objects to Request No. 91 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information. To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 92**

Admit that the SEC knew, prior to April 17, 2023, that the CHZ token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 92 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the CHZ token was available for trading on the Bittrex Platform. Otherwise, denies.

**Request for Admission No. 93**

Admit that the SEC does not allege in the *Bittrex* Complaint that CHZ tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer: The Commission objects to Request No. 93 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the CHZ token. The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141). Otherwise, denies.

**Request for Admission No. 94**

Admit that, prior to April 17, 2023, the FLOW token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 94 because it is not relevant to any parties'

claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information. To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 95**

Admit that the SEC knew, prior to April 17, 2023, that the FLOW token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 95 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the FLOW token was available for trading on the Bittrex Platform. Otherwise, denies.

**Request for Admission No. 96**

Admit that the SEC does not allege in the *Bittrex* Complaint that FLOW tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer: The Commission objects to Request No. 96 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the FLOW token. The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141). Otherwise, denies.

**Request for Admission No. 97**

Admit that, prior to April 17, 2023, the ICP token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 94 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly

burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information. To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 98**

Admit that the SEC knew, prior to April 17, 2023, that the ICP token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 98 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the ICP token was available for trading on the Bittrex Platform. Otherwise, denies.

**Request for Admission No. 99**

Admit that the SEC does not allege in the *Bittrex* Complaint that ICP tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer: The Commission objects to Request No. 99 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the ICP token. The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141). Otherwise, denies.

**Request for Admission No. 100**

Admit that, prior to April 17, 2023, the NEAR token was available for trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 100 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information. To the extent a response is required,

then subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 101**

Admit that the SEC knew, prior to April 17, 2023, that the NEAR token was available for trading on the Bittrex Platform.

<u>Answer:</u>  The Commission objects to Request No. 101 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Bittrex Platform was informed prior to April 17, 2023 that the NEAR token was available for trading on the Bittrex Platform.  Otherwise, denies.

**Request for Admission No. 102**

Admit that the SEC does not allege in the *Bittrex* Complaint that NEAR tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

<u>Answer:</u>  The Commission objects to Request No. 102 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Bittrex* Complaint does not specifically reference the NEAR token.  The Commission avers that the *Bittrex* Complaint alleged that "the Bittrex Platform has made available for trading crypto assets that were offered and sold as investment contracts, and thus securities" (*Bittrex* Complaint ¶ 110), and further provided "a non-exhaustive list of six examples of crypto asset securities available for trading on the Bittrex Platform" (*id.* ¶ 141).  Otherwise, denies.

**Request for Admission No. 103**

Admit that, prior to April 17, 2023, the DASH token was available for trading on the Bittrex Platform.

<u>Answer:</u>  The Commission objects to Request No. 103 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission admits this Request.

**Request for Admission No. 104**

Admit that the SEC knew, prior to April 17, 2023, that the DASH token was available for

trading on the Bittrex Platform.

Answer: The Commission objects to Request No. 104 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits this Request.

## Request for Admission No. 105

Admit that the SEC does not allege in the *Bittrex* Complaint that DASH tokens were purchased, sold, or traded as investment contracts on the Bittrex Platform.

Answer: The Commission objects to Request No. 105 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission denies this Request.

## Request for Admission No. 106

Admit that, prior to June 5, 2023, the DASH token was available for trading on the Binance Platforms.

Answer: The Commission objects to Request No. 106 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that on or about October 15, 2019, Dash announced in its news blog "Binance.US Will List Dash (DASH)." Otherwise, denies.

## Request for Admission No. 107

Admit that the SEC knew, prior to June 5, 2023, that the DASH token was available for trading on the Binance Platforms.

Answer: The Commission objects to Request No. 107 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Binance Platforms was informed prior to June 5, 2023 that the DASH token was available for trading on the

Binance Platforms.  Otherwise, denies.

**Request for Admission No. 108**

Admit that the SEC does not allege in the *Binance* Complaint that DASH tokens were purchased, sold, or traded as investment contracts on the Binance Platforms.

<u>Answer:</u>  The Commission objects to Request No. 108 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Binance* Complaint does not specifically reference the DASH token.  The Commission avers that the *Binance* Complaint alleged that "the Binance Platforms … have made available for trading on them crypto assets that are offered and sold as investment contracts, and thus as securities," (*Binance* Complaint ¶ 352) and further provided "a non-exhaustive list of ten Crypto Asset Securities … available on the Binance Platforms" (*id.* ¶ 361).  Otherwise, denies.

**Request for Admission No. 109**

Admit that, prior to June 5, 2023, the VGX token was available for trading on the Binance Platforms.

<u>Answer:</u>  The Commission objects to Request No. 109 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information.  To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 110**

Admit that the SEC knew, prior to June 5, 2023, that the VGX token was available for trading on the Binance Platforms.

<u>Answer:</u>  The Commission objects to Request No. 110 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Binance Platforms was informed prior to June 5, 2023 that the VGX token was available for trading on the Binance Platforms.  Otherwise, denies.

**Request for Admission No. 111**

Admit that the SEC does not allege in the *Binance* Complaint that VGX tokens were purchased, sold, or traded as investment contracts on the Binance Platforms.

Answer: The Commission objects to Request No. 111 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Binance* Complaint does not specifically reference the VGX token. The Commission avers that the *Binance* Complaint alleged that "the Binance Platforms … have made available for trading on them crypto assets that are offered and sold as investment contracts, and thus as securities," (*Binance* Complaint ¶ 352) and further provided "a non-exhaustive list of ten Crypto Asset Securities … available on the Binance Platforms" (*id.* ¶ 361). Otherwise, denies.

**Request for Admission No. 112**

Admit that, prior to June 5, 2023, the CHZ token was available for trading on the Binance Platforms.

Answer: The Commission objects to Request No. 112 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission admits that on or about September 4, 2019, Binance announced in its "New Cryptocurrency Listing" that "Binance will list Chiliz (CHZ)." Otherwise, denies.

**Request for Admission No. 113**

Admit that the SEC knew, prior to June 5, 2023, that the CHZ token was available for trading on the Binance Platforms.

Answer: The Commission objects to Request No. 113 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Binance Platforms was informed prior to June 5, 2023 that the CHZ token was available for trading on the Binance Platforms. Otherwise, denies.

**Request for Admission No. 114**

Admit that the SEC does not allege in the *Binance* Complaint that CHZ tokens were purchased, sold, or traded as investment contracts on the Binance Platforms.

Answer:  The Commission objects to Request No. 114 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Binance* Complaint does not specifically reference the CHZ token.  The Commission avers that the *Binance* Complaint alleged that "the Binance Platforms … have made available for trading on them crypto assets that are offered and sold as investment contracts, and thus as securities," (*Binance* Complaint ¶ 352) and further provided "a non-exhaustive list of ten Crypto Asset Securities … available on the Binance Platforms" (*id.* ¶ 361).  Otherwise, denies.

## Request for Admission No. 115

Admit that, prior to June 5, 2023, the FLOW token was available for trading on the Binance Platforms.

Answer:  The Commission objects to Request No. 115 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission admits that on or about October 20, 2022, Binance announced that "Binance.us added support for mainnet FLOW tokens."  Otherwise, denies.

## Request for Admission No. 116

Admit that the SEC knew, prior to June 5, 2023, that the FLOW token was available for trading on the Binance Platforms.

Answer:  The Commission objects to Request No. 116 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Binance Platforms was informed prior to June 5, 2023 that the FLOW token was available for trading on the Binanance.us Platform.  Otherwise, denies.

## Request for Admission No. 117

Admit that the SEC does not allege in the *Binance* Complaint that FLOW tokens were purchased, sold, or traded as investment contracts on the Binance Platforms.

Answer:  The Commission objects to Request No. 117 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Binance* Complaint does not specifically reference the FLOW token. The Commission avers that the *Binance* Complaint alleged that "the Binance Platforms … have made available for trading on them crypto assets that are offered and sold as investment contracts, and thus as securities," (*Binance* Complaint ¶ 352) and further provided "a non-exhaustive list of ten Crypto Asset Securities … available on the Binance Platforms" (*id.* ¶ 361). Otherwise, denies.

## Request for Admission No. 118

Admit that, prior to June 5, 2023, the ICP token was available for trading on the Binance Platforms.

Answer: The Commission objects to Request No. 118 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving its objections, the Commission admits that on or about May 10, 2021, Binance announced in its "New Cryptocurrency Listing" that "Binance will list Internet Computer (ICP)." Otherwise, denies.

## Request for Admission No. 119

Admit that the SEC knew, prior to June 5, 2023, that the ICP token was available for trading on the Binance Platforms.

Answer: The Commission objects to Request No. 119 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees. Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Binance Platforms was informed prior to June 5, 2023 that the ICP token was available for trading on the Binance Platforms. Otherwise, denies.

## Request for Admission No. 120

Admit that the SEC does not allege in the *Binance* Complaint that ICP tokens were purchased, sold, or traded as investment contracts on the Binance Platforms.

Answer: The Commission objects to Request No. 120 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that the *Binance* Complaint does not specifically reference the ICP token. The Commission avers that the *Binance* Complaint alleged that "the Binance Platforms … have made available for trading on them crypto assets that are offered and sold as investment contracts, and thus as securities," (*Binance* Complaint ¶ 352) and

further provided "a non-exhaustive list of ten Crypto Asset Securities … available on the Binance Platforms" (*id.* ¶ 361).  Otherwise, denies.

**Request for Admission No. 121**

Admit that, prior to June 5, 2023, the NEAR token was available for trading on the Binance Platforms.

Answer:  The Commission objects to Request No. 121 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  Subject to and without waiving its objections, the Commission admits that on or about October 13, 2020, Binance announced in its "New Cryptocurrency Listing" that "Binance will list Near Protocol."  Otherwise, denies.

**Request for Admission No. 122**

Admit that the SEC knew, prior to June 5, 2023, that the NEAR token was available for trading on the Binance Platforms.

Answer:  The Commission objects to Request No. 122 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case.  The Commission further reiterates its Objection to Coinbase's Definition and Instruction No. 3, which improperly defines "the Commission" as including each of the SEC's over 4,500 employees.  Subject to and without waiving its objections, the Commission admits that certain Commission staff assigned to the investigation into the Binance Platforms was informed prior to June 5, 2023 that the NEAR token was available for trading on the Binance Platforms.  Otherwise, denies.

**Request for Admission No. 123**

Admit that the SEC does not allege in the *Binance* Complaint that NEAR tokens were purchased, sold, or traded as investment contracts on the Binance Platforms.

Answer:  The Commission objects to Request No. 123 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  Subject to and without waiving its objections, the Commission admits that the *Binance* Complaint does not specifically reference the NEAR token.  The Commission avers that the *Binance* Complaint alleged that "the Binance Platforms … have made available for trading on them crypto assets that are offered and sold as investment contracts, and thus as securities," (*Binance* Complaint ¶ 352) and further provided "a non-exhaustive list of ten Crypto Asset Securities … available on the Binance Platforms" (*id.* ¶ 361).  Otherwise, denies.

**Request for Admission No. 124**

Admit that, in his May 6, 2021 testimony before Congress, Chair Gensler stated that, "I do think that working with Congress, and I think it is only Congress that could really address it, it would be good to consider, if you would ask my thoughts, to consider whether to bring greater investor protection to the crypto exchanges. And I think if that were the case, because right now the exchanges trading in these crypto assets do not have a regulatory framework either at the SEC, or our sister agency, the Commodity Futures Trading Commission, that could instill greater confidence. Right now, there is not a market regulator around these crypto exchanges, and, thus, there is really not a protection against fraud or manipulation."

Answer: The Commission objects to Request No. 124 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that attached hereto as Exhibit 1 is a true and correct copy of Chair Gensler's May 6, 2021 testimony before Congress and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 125**

Admit that, in a July 7, 2023 letter to Chair Gensler regarding "cryptocurrency exchanges," Senator Elizabeth Warren stated: "As you [Chair Gensler] acknowledged in May, '[cryptocurrency] exchanges do not have a regulatory framework at the SEC or at our sister agency, the Commodity Futures Trading Commission,' and as a result, 'there's really no protection around fraud or manipulation.' Instead, these platforms are generally subject to state- level regulations for money transfer or payment services."

Answer: The Commission objects to Request No. 125 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission denies that Senator Elizabeth Warren sent a letter to Chair Gensler with the above quoted language on July 7, 2023. The Commission admits that attached hereto as Exhibit 2 is a true and correct copy of Senator Warren's July 7, 2021 letter to Chair Gensler and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 126**

Admit that, in a July 7, 2023 letter to Chair Gensler regarding "cryptocurrency exchanges," Senator Elizabeth Warren stated: "Coinbase recently became the first major cryptocurrency company to list its shares on a U.S. stock exchange when it began trading on the Nasdaq in April 2021 – giving 'mainstream investors who may be wary of directly buying risky digital securities the ability to own stock in a Securities and Exchange Commission-approved business that facilitates the transactions.' Although they describe themselves as cryptocurrency 'exchanges,' these platforms lack the same types of basic regulatory protections as traditional national securities exchanges like the New York Stock Exchange or Nasdaq."

Answer: The Commission objects to Request No. 126 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission denies that Senator Elizabeth Warren sent a letter to Chair Gensler with the above quoted language on July 7, 2023. The Commission admits that attached hereto as Exhibit 2 is a true and correct copy of Senator Warren's July 7, 2021 letter to Chair Gensler and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 127**

Admit that, during Session 17 of then-Professor Gary Gensler's "Blockchain and Money" course at the Massachusetts Institute of Technology's Sloan School of Management, then- Professor Gensler explained to his students that "We already know in the US and in many other jurisdictions that three-fourths of the market are not ICOs or not what would be called securities, even in the US, Canada, and Taiwan, the three jurisdictions that follow something similar to the *Howey* Test that we've talked about three-fourths of the market is non-securities. It's just a commodity, a cash crypto."

Answer: The Commission objects to Request No. 127 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because the Commission does not have access to this information. To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 128**

Admit that DAO Token holders were entitled to vote to distribute the ETH "received by a DAO [Entity] generated from projects the DAO [Entity] funded" to DAO Token holders.

Answer: The Commission objects to Request No. 128 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that attached hereto as Exhibit 3 is a true and correct copy of the DAO Report and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 129**

Admit that Christoph Jentzsch likened the purchase of DAO Tokens to "buying shares in a company and getting … dividends."

Answer: The Commission objects to Request No. 129 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that attached hereto as Exhibit 3 is a true and correct copy of the DAO Report and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 130**

Admit that the SEC does not view a "common enterprise" as a distinct element of the term "investment contract."

Answer: The Commission objects to Request No. 130 because it improperly seeks a legal conclusion instead of the application of law to specific facts. See Fed. R. Civ. P. 36(a)(1)(A). The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "distinct element" means in the context of this Request. The Commission admits that it has stated, for the purposes of administrative proceedings, a "common enterprise" is part of the analysis under *Howey* but not a "distinct requirement for an investment contract" under *Howey* (*see In re Barkate*, 57 S.E.C. 488, 495 n.13 (Apr. 8, 2004)). The Commission avers that there are divergent standards among the courts of appeals in assessing a "common enterprise" (*see Revak v. SEC Realty Corp.*, 18 F.3d 81, 87 (2d Cir. 1994)), for example the Tenth Circuit does not recognize commonality as the test, but rather looks to the economic reality of the transactions that occurred (*see McGill v. Am. Land & Expl. Co.*, 776 F.2d 923, 925-926 (10th Cir. 1985)). The Commission further avers that courts in the Second Circuit find a common enterprise either by (i) horizontal commonality or (ii) strict vertical commonality (*Revak*, 18 F.3d at 87), which can be demonstrated under a variety of circumstances (*see, e.g., Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 240 (2d Cir. 1985) ("By investigating issuers, marketing the CDs, and creating a secondary market, Merrill Lynch was engaged in a common enterprise within the meaning of *Howey*.")); for the purposes of this action the Commission's position has been and will continue to be that the crypto assets at issue were traded as investment contracts as the term was defined in *Howey* (*Howey*, 328 U.S. 293 at 298-99 (an investment contract is "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of the promoter or a third party")) and applied by the Second Circuit. Otherwise, denies.

**Request for Admission No. 131**

Admit that the 2019 Framework does not advise that a token's "ecosystem" informs whether the token, or transactions in the token, constitutes an investment contract, and thus a security.

Answer: The Commission objects to Request No. 131 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "informs whether" means in the context of this request. Subject to and without waiving its objections, the Commission admits that attached hereto as Exhibit 4 is a true and correct copy of the Framework for "Investment Contract" Analysis of Digital Assets (the "2019 Framework") and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 132**

Admit that the DAO Report does not advise that a token's "ecosystem" informs whether the token, or transactions in the token, constitutes an investment contract, and thus a security.

Answer: The Commission objects to Request No. 132 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined term "informs whether" means in the context of this request. Subject to and without waiving its objections, the Commission admits that attached hereto as Exhibit 3 is a true and correct copy of the DAO Report and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 133**

Admit that the 2019 Framework does not use the word "ecosystem."

Answer: The Commission objects to Request No. 133 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that attached hereto as Exhibit 4 is a true and correct copy of the 2019 Framework and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 134**

Admit that the DAO Report does not use the word "ecosystem."

Answer: The Commission objects to Request No. 134 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. Subject to and without waiving its objections, the Commission admits that attached hereto as Exhibit 3 is a true and correct copy of the DAO Report and that its content speaks for itself. Otherwise, denies.

**Request for Admission No. 135**

Admit that Digital Assets comprise a multi-trillion-dollar industry.

Answer: The Commission objects to Request No. 135 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the Request as vague and ambiguous because it is unclear what the undefined terms "comprise" and "industry" mean in the context of this request. Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry due to the ambiguity and vagueness of the Request. To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 136**

Admit that Bitcoin has an ecosystem.

Answer: The Commission objects to Request No. 136 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further objects to the Request as vague and ambiguous because it is unclear how Coinbase is using the undefined term "ecosystem" in the context of this Request; the Commission will interpret that term to mean the coordinated enterprises contemplated by the issuers and promoters of a specific crypto asset. *SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *3 n.4 (S.D.N.Y. Mar. 27, 2024). Subject to and without waiving its objections, the Commission denies this Request.

**Request for Admission No. 137**

Admit that ETH has an ecosystem.

Answer: The Commission objects to Request No. 137 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission also objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case. The Commission further objects to the Request as vague and ambiguous because it is unclear how Coinbase is using the undefined term "ecosystem" in the context of this Request; the Commission will interpret that term to mean the coordinated enterprises contemplated by the issuers and promoters of a specific crypto asset. *SEC v. Coinbase, Inc.*, 2024 WL 1304037, at *3 n.4 (S.D.N.Y. Mar. 27, 2024). Subject to and without waiving its objections, the Commission asserts that it cannot admit or deny this Request after reasonable inquiry because whether "ETH has an ecosystem" is beyond the scope of the Investigation. To the extent a response is required, then subject to and without waiting its objections, the Commission denies this Request.

**Request for Admission No. 138**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 138 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 139**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 139 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 140**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 140 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 141**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 141 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 142**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 142 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 143**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 143 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 144**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 144 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 145**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 145 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 146**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 146 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 147

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 147 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 148

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 148 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 149**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 149 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 150**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 150 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 151**

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 151 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 152

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 152 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 153

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 153 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on

the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 154

Admit that the SEC is not asserting in this action that a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 138 through 153, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 154 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SOL, or a transaction in a unit of SOL, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 138 through 153, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SOL, or a transaction in a unit of SOL is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 138 through 153, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 155

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 155 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 156**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 156 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 157**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 157 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 158**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 158 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 159

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 159 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 160

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 160 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 161**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 161 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 162**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C.§ 78c(a)(10).

Answer: The Commission objects to Request No. 162 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C.§ 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C.§ 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 163**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 163 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

### Request for Admission No. 164

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 164 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

### Request for Admission No. 165

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 165 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 166**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 166 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 167**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 167 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 168**

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 168 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 169

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 169 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 170

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 170 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on

the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 171

Admit that the SEC is not asserting in this action that a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 155 through 170, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 171 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ADA, or a transaction in a unit of ADA, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 155 through 170, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ADA, or a transaction in a unit of ADA is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 155 through 170, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 172

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 172 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 173

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 173 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 174

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 174 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 175

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 175 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 176**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 176 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 177**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 177 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 178**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 178 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 179**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 179 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 180**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 180 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 181

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 181 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 182

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 182 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances

that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 183**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 183 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 184**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 184 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 185**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 185 because it is not relevant to any parties'

claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 186

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 186 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 187

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 187 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, an "instrument commonly known as a 'security'" as that term is

used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 188**

Admit that the SEC is not asserting in this action that a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 172 through 187, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 188 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of MATIC, or a transaction in a unit of MATIC, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 172 through 187, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of MATIC, or a transaction in a unit of MATIC is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 172 through 187, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 189**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 189 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 190**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 190 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 191**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 191 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 192**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 192 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 193

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u>  The Commission objects to Request No. 193 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 194

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u>  The Commission objects to Request No. 194 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 195**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 195 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 196**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 196 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 197**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 197 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 198**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 198 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 199**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 199 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 200**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 200 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 201**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 201 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 202**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 202 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 203**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 203 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 204**

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 204 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on

the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 205

Admit that the SEC is not asserting in this action that a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 189 through 204, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 205 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FIL, or a transaction in a unit of FIL, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 189 through 204, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FIL, or a transaction in a unit of FIL is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 189 through 204, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 206

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 206 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 207

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 207 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 208

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 208 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 209

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 209 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 210**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 210 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 211**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 211 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 212**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 212 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 213**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 213 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 214**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 214 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 215

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 215 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 216

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 216 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances

that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 217**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 217 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 218**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 218 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 219**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 219 because it is not relevant to any parties'

claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 220**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 220 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 221**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 221 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, an "instrument commonly known as a 'security'" as that term is used

in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 222**

Admit that the SEC is not asserting in this action that a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 206 through 221, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 222 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of SAND, or a transaction in a unit of SAND, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 206 through 221, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of SAND, or a transaction in a unit of SAND is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 206 through 221, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 223**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 223 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 224**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 224 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 225**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 225 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 226**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 226 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 227

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 227 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 228

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 228 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 229**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 229 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 230**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 230 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 231**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 231 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 232

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 232 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 233

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 233 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 234**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 234 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 235**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 235 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 236**

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 236 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 237

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 237 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 238

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 238 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on

the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 239

Admit that the SEC is not asserting in this action that a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 224 through 238, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 239 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of AXS, or a transaction in a unit of AXS, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 224 through 238, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of AXS, or a transaction in a unit of AXS is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 224 through 238, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 240

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 240 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 241**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 241 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 242**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 242 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 243**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 243 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 244

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 244 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 245

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 245 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 246**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 246 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 247**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 247 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 248**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 248 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 249**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 249 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 250**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 250 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 251**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 251 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 252**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 252 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 253**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 253 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 254

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 254 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 255

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 255 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on

the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 256**

Admit that the SEC is not asserting in this action that a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 240 through 255, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 256 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of CHZ, or a transaction in a unit of CHZ, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 240 through 255, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of CHZ, or a transaction in a unit of CHZ is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 240 through 255, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 257**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 257 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 258**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 258 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 259**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 259 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 260**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 260 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 261

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 261 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 262

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 262 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 263**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 263 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 264**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 264 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 265**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 265 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 266

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 266 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 267

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 267 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances

that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 268**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 268 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 269**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 269 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 270**

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 270 because it is not relevant to any parties'

claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 271

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 271 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 272

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 272 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, an "instrument commonly known as a 'security'" as that term is used

in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 273

Admit that the SEC is not asserting in this action that a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 257 through 272, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 273 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of FLOW, or a transaction in a unit of FLOW, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 257 through 272, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of FLOW, or a transaction in a unit of FLOW is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 257 through 272, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 274

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 274 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 275**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 275 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 276**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 276 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 277**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 277 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 278

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 278 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 279

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 279 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 280**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 280 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 281**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 281 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 282**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 282 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 283

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 283 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 284

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 284 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 285**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 285 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 286**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 286 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 295**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 295 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 288**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 288 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 289**

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 289 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on

the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 290

Admit that the SEC is not asserting in this action that a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 274 through 289, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 290 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of ICP, or a transaction in a unit of ICP, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 274 through 289, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of ICP, or a transaction in a unit of ICP is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 274 through 289, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 291

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 291 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 292**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 292 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 293**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 293 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 294**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 294 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 295**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 295 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 296**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

<u>Answer:</u> The Commission objects to Request No. 296 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 297**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 297 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 298**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 298 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 299**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 299 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 300

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 300 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 301

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 301 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances

that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 302**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 302 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 303**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 303 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 304**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 304 because it is not relevant to any parties'

claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 305**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 305 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 306**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 306 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, an "instrument commonly known as a 'security'" as that term is used

in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 307**

Admit that the SEC is not asserting in this action that a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 291 through 306, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 307 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of NEAR, or a transaction in a unit of NEAR, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 291 through 306, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of NEAR, or a transaction in a unit of NEAR is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 291 through 306, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 308**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 308 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 309**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 309 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 310**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 310 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 311**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 311 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 312

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 312 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 313

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 313 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 314**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 314 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 315**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 315 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "certificate of interest or participation in any profit-sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 316**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 316 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 317

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 317 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 318

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 318 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 319**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 319 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 320**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 320 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 321**

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 321 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and

other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 322

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 322 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 323

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 323 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on

the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 324

Admit that the SEC is not asserting in this action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 308 through 323, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 324 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 308 through 323, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of VGX, or a transaction in a unit of VGX, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 308 through 323, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

## Request for Admission No. 325

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 325 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "note" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 326**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 326 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 327**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 327 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "treasury stock" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 328**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 328 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal

conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "security future" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 329

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 329 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "security-based swap" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 330

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 330 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "bond" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 331**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 331 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "debenture" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 332**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 332 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "certificate of interest or participation in any profit- sharing agreement" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 333**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 333 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a

defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "collateral-trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 334

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 334 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "preorganization certificate or subscription" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

## Request for Admission No. 335

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 335 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "transferable share" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances

that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 336**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 336 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "voting trust certificate" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 337**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 337 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses.  The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "certificate of deposit for a security" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).  The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale.  Otherwise, denies.

**Request for Admission No. 338**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "put, call, straggle, option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer:  The Commission objects to Request No. 338 because it is not relevant to any parties'

claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "put, call, [straddle], option, or privilege entered into on a national securities exchange relating to foreign currency" as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 339**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 339 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "certificate of deposit" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 340**

Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

Answer: The Commission objects to Request No. 340 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, an "instrument commonly known as a 'security'" as that term is used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, an "instrument commonly known as a 'security'" as that term is used

in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

**Request for Admission No. 341**

      Admit that the SEC is not asserting in this action that a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 325 through 340, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10).

      <u>Answer:</u> The Commission objects to Request No. 341 because it is not relevant to any parties' claims or defenses in this Action or to the extent Coinbase asserts that this Request is relevant to a defense that is not cognizable in this Commission enforcement action, such as Coinbase's estoppel and other equitable defenses. The Commission further objects to the extent that the Request calls for a legal conclusion as to whether a unit of DASH, or a transaction in a unit of DASH, is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 325 through 340, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). Subject to and without waiving its objections, the Commission admits that the Commission is not asserting in this Action that a unit of DASH, or a transaction in a unit of DASH is, or has ever been, a "certificate of interest or participation in, temporary or interim certificate for, receipt for, or warrant or right to subscribe to or purchase" any of the various terms described above in Request Nos. 325 through 340, as those terms are used in Section 3 of the Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10). The Commission avers that whether a particular instrument meets the definition of "Security" under the Exchange Act depends on the economic reality and all the facts and circumstances that surround its offer and sale. Otherwise, denies.

Dated: July 22, 2024
New York, New York

*s/ Peter A. Mancuso*
Peter A. Mancuso
Jorge G. Tenreiro
SECURITIES AND EXCHANGE
COMMISSION
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004

Nicholas C. Margida
Patrick R. Costello
David S. Mendel
Rebecca R. Dunnan
SECURITIES AND EXCHANGE
COMMISSION
100 F. Street NE
Washington, DC 20549

*Counsel for Plaintiff*
*Securities and Exchange Commission*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 22, 2024, I caused the foregoing Plaintiff's Responses and Objections to Defendants' First Set of Requests for Admission to be served by electronic mail on Defendants' counsel at the following addresses:

William Savitt, wdsavitt@wlrk.com

Kevin S. Schwartz, kschwartz@wlrk.com

Sarah K. Eddy, skeddy@wlrk.com

Adam M. Gogolak, amgogolak@wlrk.com

David P.T. Webb, dpwebb@wlrk.com

Sijin Choi, schoi@wlrk.com

Steven R. Peikin, peikins@sullcrom.com

Kathleen S. McArthur, mcarthurk@sullcrom.com

James M. McDonald, mcdonaldj@sullcrom.com

Julia A. Malkina, malkinaj@sullcrom.com

Olivia G. Chalos, chaloso@sullcrom.com

*s/ Peter A. Mancuso*
Peter A. Mancuso

*Counsel for Plaintiff*

133