UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>      -against-<br><br>COINBASE, INC. AND COINBASE GLOBAL, INC.,<br><br>                              Defendants. | 23 Civ. 04738 (KPF) |

## DECLARATION OF NICHOLAS C. MARGIDA IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

I, Nicholas C. Margida, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am an attorney admitted *pro hac vice* to appear as counsel for Plaintiff, U.S. Securities and Exchange Commission ("SEC") in the above-captioned action. I am trial counsel in the SEC's Division of Enforcement, working in the SEC's home office in Washington, D.C.

2. I have personal knowledge of the facts and circumstances presented in this declaration based upon my representation of the SEC in this action. As counsel for the SEC, I am leading the SEC's discovery efforts in this action, have reviewed documents obtained by the SEC during its investigation and litigation of this matter, and have conducted meet-and-confers with counsel for Defendants Coinbase, Inc. and Coinbase Global., Inc.'s (collectively, "Defendants" or "Coinbase.").

3. I submit this declaration in support of the SEC's Opposition to Defendants' Motion to Compel the Production of Documents from the SEC and from the current SEC Chair (the "Motion"), D.E. 145-146.

1

**The SEC's Production of the Investigative File**

4. Between May 24 and May 29, 2024, the SEC produced to Defendants the entire non-privileged portion of the two investigative files for the matters captioned *In the Matter of Coinbase*, conducted under SEC Enforcement Division ("Enforcement") File Nos. HO-14315 and SF-04523 (the "Investigative File"), which together led to the filing of this litigation.

5. This document production comprised approximately 241,320 documents, a volume of over 136 GB, and included all documents gathered in connection with the SEC's investigation of Coinbase in this matter (the "Investigation").

6. The SEC's Investigative File production was comprised of the following:

   a. All documents and information produced to SEC Enforcement staff by Coinbase and third parties in connection with the Investigation;

   b. All public documents obtained by SEC Enforcement staff during the Investigation, including public SEC filings, transcripts of Coinbase earnings and analysts calls, press releases, analyst reports, news articles, and website captures (including of videos, social media posts, and other electronic information) concerning Coinbase and the crypto assets identified in the SEC's Complaint (the "Named Tokens"), including offers and sales of those assets, and the issuers, developers, and ecosystems thereof);

   c. All transcripts of investigative testimony taken by the SEC staff of certain witnesses during the Investigation and all exhibits marked during that testimony;

   d. All documents relied upon and/or referenced in the SEC's Complaint; and

   e. All communications between SEC Enforcement staff conducting the Investigation and Coinbase or any non-governmental third parties.

7. To produce the email communications referenced in ¶ 6(e) above, SEC staff searched all emails sent during the Investigation, by and to 18 Enforcement staff who conducted the Investigation, by applying 17 search terms, including "Coinbase." After migrating the search-yield set to its review platform, the SEC reviewed approximately 33,652 emails and therefrom produced all non-privileged SEC emails (including any attachments thereto) with Coinbase (including its attorneys) or with any third party. *See infra* at ¶ 17 (describing the SEC's privilege review for the

Investigative File).

8. The SEC's Investigative File production included documents responsive to, among others, Coinbase's Requests for Production ("RFPs") Nos. 2, 4-5, 8, 15-17, and 20-21, all of which are the subject of the Motion—or were among the 16 RFPs disputed by the parties, as of July 12, *see* Ex. 5 to the Declaration of Rebecca Dunnan ("Dunnan Decl.") filed herewith. *See also* App'x A attached hereto.

**The SEC's Search of 10 Additional Enforcement Division Files In Addition to the Investigative File**

9. To respond to the RFPs and after meeting and conferring with Coinbase, the SEC has also undertaken efforts to search 10 additional investigative files. The SEC selected these 10 additional investigations in part by ████████████████████████████████████████████████ ████████████████████████████████████████████████

10. These 10 additional investigations also include four investigations that resulted in five SEC civil enforcement actions, which Coinbase specifically requested in RFP 26 (*see* D.E. 149-1 at 17)—*SEC v. Wahi et al.*, Case No. 2:22-cv-1009 (W.D. Wash.), *SEC v. Binance Holdings Ltd. et al.*, Case No. 23-cv-1599 (D.D.C.); *SEC v. Bittrex, Inc., et al.*, Case No. 23-cv-580 (W.D. Wash.); *SEC v. Payward Ventures, Inc. and Payward Trading, Ltd. (D/B/A Kraken)*, Case No. 23-cv-588 (N.D. Cal.); and *SEC v. Payward, Inc. and Payward Ventures, Inc.*, Case No. 23-cv-6003 (N.D. Cal.). The *Wahi* matter involves trading on Coinbase's platform. The *Binance*, *Bittrex*, and second *Payward* matter involve Exchange Act registration charges, like this case does. The first *Payward* matter, and also *Binance*, involve Securities Act registration charges as to staking programs, like this case does. The 10 additional investigations also include *SEC v. Consensys Software Inc.*, Case No. 24-cv-4578 (E.D.N.Y.), *In the Matter of Voyager Digital LLC*, and ████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████

3

11. In my experience at the SEC, the SEC Enforcement staff manages and stores files from different investigations or litigations in their own databases, which are independently managed.¹ Thus, as part of the SEC's efforts to review and produce responsive material from these 10 additional files, the SEC undertook the following efforts:

    a. The SEC's staff accessed the databases for these 10 additional matters, which required reactivating or bringing certain document databases back online.

    b. Next, the SEC migrated potentially responsive documents from those databases to its database for this case, for review. To date, the SEC has migrated, and begun reviewing, approximately 57,018 documents.

    c. These 57,018 documents consist of documents gathered by SEC staff in connection with the 10 additional investigations—[REDACTED] responsive to, among others, Coinbase RFPs 2, 6, 8, 16, and 26. *See* App'x A.

    d. Separately, the SEC collected, and is reviewing, an additional 6,007 website captures and other public documents (and corresponding declarations) from the non-Coinbase investigative files.

    e. To date, the SEC has expended over 100 hours reviewing these 63,025 documents from the 10 additional investigative files.

    f. On August 2, 2024, the SEC made its first production of responsive material from these additional files, consisting of approximately 1,379 documents.²

**The SEC's Meet and Confers With Coinbase Regarding Its RFPs**

12. During the parties' meet and confers, the SEC told Coinbase it would, and later did, take steps to assess the burden associated with searching the Enforcement files that Coinbase specifically enumerated in RFP 26. *See* D.E. 149-4, at 6, n.4. In its July 2 letter to Coinbase, the SEC stated it had "run[] searches for 'Coinbase' and each of the 12 Named Tokens and the associated issuers and developers identified in the Complaint" through the following investigative

---

¹ These databases typically do not include SEC staff emails, unless those emails are separately identified and loaded for review in connection with pending litigation.
² This production, in total, included 1,820 documents (and 11,738 pages)—441 of which were website captures gathered by the SEC in connection with, and after the filing of, this case.

files from RFP 26, which yielded a total of 2.1 million "hits" and the following specific results: "*Kik Interactive* (24,216), *Telegram* (35,630), *Ripple Labs* (349,548), *LBRY* (6,378), *Wahi* (13,821), *Genesis* (16,381), *Terraform Labs* (1,625,352), and *Payward Ventures/Kraken Staking* (39,990)." *Id.*[3]  Applying the term "Coinbase" specifically yielded nearly 200,000 hit results.

13.  The SEC has now also applied Coinbase's "preliminary search" proposed in its June 25 letter (D.E. 149-3, App'x), and has generated a hit report for Coinbase's 48 terms applied to 22 SEC custodians (including the SEC's 5 proposed custodians) for a nearly seven-year period.  *See* App'x B attached hereto.

14.  As reflected in Appendix B, applying Coinbase's search yields 1,623,010 documents with a search hit (and inclusive of attachments, a total of 3,009,996 documents).  The total volume is 324.56 GB.

15.  Applying the SEC's proposed search to its 5 proposed custodians, *see* D.E. 149-4, Att. A, yields a total of 29,741 documents with a search hit (and inclusive of attachments, a total of 54,462 documents) thereto, that are potentially responsive to Coinbase's RFPs.  *See* App'x C attached hereto.

16.  Accordingly, the difference between Coinbase's proposed search (¶ 14) and the SEC's proposed search (¶ 15) amounts to 1,593,269 search hits—and a total of 2,955,534 documents.[4]

**The SEC's Privilege Log**

17.  On July 19, 2024, the SEC provided to Coinbase the SEC's Privilege Log (including

---

[3] The SEC did not apply searches to documents in the databases for the *Binance*, *Bittrex*, or second *Payward Ventures* matters, because, by that point, it had already agreed to search those files for certain responsive material and produce documents.  In the same July 2 letter, the SEC further agreed to Coinbase's specific request to search the *Wahi* and first *Payward Ventures* files and produce responsive documents.  D.E. 149-4, at 2-3.

[4] The search hit results for both Coinbase's and the SEC's proposed searches do not reflect the exclusion of duplicate documents, a process the SEC is still undertaking given the large volume of documents.

three metadata logs) in this case, consisting of documents withheld for privilege or protection from the documents in the Investigative File, pursuant to the Court's Fed. R. Evid. 502(d) Order, D.E. 132. The SEC's Privilege Log is 648 pages, and the metadata logs contain approximately 14,000 individual entries, nearly all of which are internal SEC emails. The SEC's privilege review involved reviewing approximately 64,000 emails and attachments thereto from the Coinbase Investigative File. To accomplish this review and prepare the SEC's Privilege Log (including the redaction of privileged or otherwise protected information from the metadata logs), SEC staff expended approximately 400 work hours.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 5, 2024              By:     /s/ *Nicholas C. Margida*
Washington, DC                              Nicholas C. Margida