# Exhibit 6

**Margida, Nicholas**

| | |
|---|---|
| **From:** | Schwartz, Kevin S. <KSchwartz@wlrk.com> |
| **Sent:** | Friday, July 19, 2024 9:41 PM |
| **To:** | Margida, Nicholas; Gogolak, Adam M.; Webb, David P. T.; James M. McDonald; Julia A. Malkina; Kathleen S. McArthur; Olivia G. Chalos; Eddy, Sarah K.; Barreca, Emily R.; Peikin, Steven R. (Sullivan & Cromwell LLP); Savitt, William D. |
| **Cc:** | Tenreiro, Jorge; Connor, James; Costello, Patrick R.; Mendel, David S; Dunnan, Rebecca; Mancuso, Peter |
| **Subject:** | RE: SEC v. Coinbase, Inc., et al., 23-cv-4738-KPF (SDNY) |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Nick,

I am following up on the three items noted in your email below.

1. We confirm receipt of your July 12 letter. We are fine proceeding as you suggest with respect to the redaction/sealing of information concerning non-public Enforcement Division investigations disclosed in the parties' motion to compel briefing. Please send us a proposed stipulation for our review.

2. We will not be withdrawing the subpoena, but we have notified MIT that we will not be pursuing any additional documents pursuant to the subpoena.

3. We disagree with your characterizations of our position and also disagree that Chair Gensler's prior representations about his communication practices for official SEC business resolve the issues raised by Coinbase's subpoena. As set out in our pre-motion letter and during the hearing, while Chair, Mr. Gensler made numerous public statements on relevant issues in his concededly personal capacity and not on behalf of the SEC — your message fails to address whether Mr. Gensler similarly communicated about such relevant statements in his personal capacity by using his personal email.

Best,
Kevin

**From:** Margida, Nicholas <margidan@SEC.GOV>
**Sent:** Wednesday, July 17, 2024 12:04 PM
**To:** Gogolak, Adam M. <AMGogolak@wlrk.com>; Webb, David P. T. <DPTWebb@wlrk.com>; James M. McDonald <mcdonaldj@sullcrom.com>; Julia A. Malkina <malkinaj@sullcrom.com>; Kathleen S. McArthur <mcarthurk@sullcrom.com>; Schwartz, Kevin S. <KSchwartz@wlrk.com>; Olivia G. Chalos <chaloso@sullcrom.com>; Eddy, Sarah K. <SKEddy@wlrk.com>; Barreca, Emily R. <ERBarreca@wlrk.com>; Peikin, Steven R. (Sullivan & Cromwell LLP) <peikins@sullcrom.com>; Savitt, William D. <wdsavitt@WLRK.com>
**Cc:** Tenreiro, Jorge <tenreiroj@SEC.GOV>; Connor, James <connorja@SEC.GOV>; Costello, Patrick R. <CostelloP@SEC.GOV>; Mendel, David S <MendelD@sec.gov>; Dunnan, Rebecca <DunnanR@sec.gov>; Mancuso, Peter <MancusoPe@SEC.GOV>; Margida, Nicholas <margidan@SEC.GOV>
**Subject:** SEC v. Coinbase, Inc., et al., 23-cv-4738-KPF (SDNY)

**\*\*External Email-Use Caution\*\***

Hi Kevin,

We are reaching out about three items related to Coinbase's discovery efforts and forthcoming motion to compel:

(1) <u>Redaction/Sealing of Confidential Information</u>.

    Please confirm receipt of my letter to you dated July 12 regarding our designation of a non-public Enforcement Division investigation as "Confidential" under the terms of the Protective Order entered by the Court (D.E. 131).  Also, with respect to the redaction/sealing of that and any other Confidential Information related to the parties' forthcoming filings on Coinbase's motion to compel, the SEC proposes a stipulation pursuant to which the parties would file redacted versions of their court papers in the first instance, and, at the conclusion of briefing, meet and confer about the redaction of Confidential Information across all three filings and comply with the other terms of Paragraph 12 of the Protective Order.  Practically, this would result in the parties' having to meet and confer only once instead of three times, and in the filing of fewer letter motions pursuant to Section 9 of the Court's Individual Rules.  Please let us know if Coinbase is willing to so stipulate so that we may propose this way forward to the Court.  If it helps, and without having seen Coinbase's opening motion papers, currently we expect the only material that will be at issue will be any disclosure of the existence or the name of any current SEC investigation that is not public.  While we still intend to file a motion to seal that information pursuant to Judge Failla's Individual Rules, please let us know your position on such a motion (as required by the Protective Order).

(2) <u>Coinbase's Fed. R. Civ. P. 45 Subpoena to MIT</u>.

    Considering Coinbase's decision to no longer pursue Chair Gensler's communications prior to his tenure as SEC Chair following the July 11 conference, will Coinbase be withdrawing its Fed. R. Civ. P. 45 subpoena for documents directed to MIT?

(3) <u>Chair Gensler's Personal Device and Private Communications</u>.

    Lastly, we write to follow up on the parties' July 11 discussion with the Court concerning Coinbase's request for Chair Gensler's private communications from his personal device.  During the July 11 conference, Coinbase alluded to "responsive communications that [Chair Gensler] happened to have apparently carried out on his personal device."  Hr'g Tr. at 8.  Coinbase has no good-faith basis to make such a claim, and contrary to Coinbase's suggestion during the July 11 conference, it is neither Chair Gensler's nor the SEC's responsibility to undertake a burdensome and harassing search of Chair Gensler's personal device in order to answer a baseless and improper question.  In any event, Chair Gensler has addressed this publicly—specifically, in his written responses to questions for the record submitted by Representative Byron Donalds of the U.S. House of Representatives Committee on Financial Services, *see*: https://www.govinfo.gov/content/pkg/CHRG-118hhrg52391/pdf/CHRG-118hhrg52391.pdf at pp. 157-158.  In response to Question 32 Chair Gensler stated: "It is my practice to conduct SEC business *exclusively* through official channels.  Consistent with the Federal Records Act, any business-related messages inadvertently sent to my personal email account are forwarded to an SEC email."  *Id.* at 157 (emphasis added).  This response before Congress reinforces what is already, or at least should be, plain: Chair Gensler does not use his personal device to carry out SEC business.  Accordingly, and for the other reasons set forth in the SEC's pre-motion conference letter (D.E. 133) and by the Court at the July 11 conference, we ask that you reconsider what appears to be a continued pursuit of Chair Gensler's private communications from his personal device since the time he became Chair of the SEC.

Thank you,
Nick

Nick Margida
Senior Trial Counsel

U.S. Securities & Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, DC 20549-5977
(202) 551-8504

==================================================
Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or re-transmit this communication. If you have received this communication in error, please notify us by e-mail (helpdesk@wlrk.com) or by telephone (call us collect at 212-403-4357) and delete this message and any attachments.

Thank you in advance for your cooperation and assistance.
==================================================