Exhibit 13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **U.S. SECURITIES AND EXCHANGE COMMISSION,** | |
| **Plaintiff,** | **Case No. 1:19-cv-05244** |
| **v.** | |
| **KIK INTERACTIVE INC.,** | |
| **Defendant.** | |

## PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York, Plaintiff United States Securities and Exchange Commission (the "SEC" or the "Commission") hereby objects and responds to Defendant's First Set of Request for the Production of Documents to Plaintiff ("Defendant's Request").

## PRELIMINARY STATEMENT

Plaintiff United States Securities and Exchange Commission's Response to Defendant's Request ("Response") is based on information and documents presently known to or in possession of the Commission. By responding and objecting below, the Commission does not intend to—and does not—waive any applicable privilege, doctrine, or right that may prevent the disclosure of any such information, including, without limitation, the attorney-client privilege, the work product doctrine, privileges and protections pursuant to Sections 24(d) and (f) of the Securities Exchange Act of 1934, the qualified settlement privilege, the governmental

deliberative process privilege, and any and all other applicable privileges, doctrines, and rights. Discovery is ongoing, and the Commission expressly reserves the right to supplement or amend this Response if other responsive information or documents are identified. The Commission also provides this Response without prejudice to its right to produce or object to evidence, witnesses, facts, writings, or documents that are identified either in these Responses or in any later supplements or amendments. The Commission does not necessarily represent or agree that any of the documents identified below contain relevant or admissible information.

Since filing its Complaint on June 4, 2019, the Commission produced to Defendant in three separate productions, dated June 28, 2019, July 8, 2019 and August 16, 2019,[1] large, non-privileged portions of the Commission's investigative file pertaining to this matter, consisting of over 96,000 documents. For each of these three productions, the Commission also provided a detailed index of the production's contents and, where applicable, identified the original source(s) of the documents being produced. The Commission's three productions consisted of large volumes of documents that are now being sought by your requests for production, including, among other things: documents concerning the subject matter of the investigation conducted under File No. HO-13388 ("Investigation") or the Action,[2] including subpoenas and written requests to provide documents and testimony, documents received in response to any such subpoenas, testimony transcripts and corresponding testimony exhibits, documents and communications referenced in the Complaint[3] (*see* Request Nos. 1-3, 18 below); documents concerning Kin, Kik and/or the Kik Foundation as it relates to the Investigation (*see* Request

---

[1] On September 18, 2019, in response to Defendant's request dated September 16, 2019, the Commission reproduced a portion of the documents from its third (August 16, 2019) production.

[2] The term "Action" has the definition set forth in Defendant's Request, Definitions No. 1.

[3] The term "Complaint" has the definition set forth in Defendant's Request, Definitions No. 3.

Nos. 4, 13); documents the Commission reviewed, considered or relined upon in preparing the

Complaint (*see* Request No. 16); documents described in the Commission's Initial Disclosures,

dated August 9, 2019 (*see* Request No. 17); documents that support the allegations and claims

made in the Complaint (see Request No. 31); and documents the Commission intends to

introduce as evidence at trial or hearings in this Action (see Request No. 34).

    Through its three productions, the Commission provided Defendant with the entire non-

privileged portion of its investigative file for this case, with the general exception of emails that

SEC staff had exchanged with numerous third parties. As we explained to Defendant during our

meet-and-confer on July 8, 2019, the Commission did not include these third-party emails in its

three productions because of the burden involved in gathering the emails and because they are

irrelevant to the parties' claims and defenses. In response to Defendant's requests for

production, as explained further below, SEC staff is in the process of gathering these remaining

emails and will produce at least those non-privileged emails that do not require inter-

governmental consultation.[4]

## GENERAL OBJECTIONS

    The Commission asserts the following general objections to Defendant's Request and

incorporates such objections into the Commission's response to each request.

    1.    The Commission objects generally to the extent that Defendant's Request

purports to impose obligations and burdens beyond those imposed by the Federal Rules of Civil

Procedure and the Local Civil Rules of the United States District Court for the Southern and

---

[4] Most of the SEC's emails that the staff is collecting for production are with non-governmental third-parties. A subset of the third-party emails consist of the SEC staff's emails with the Ontario Securities Commission ("SEC-OSC emails"). In addition to conducting its own privilege review of the SEC-OSC emails, the SEC, consistent with Sections 24(d) and (f) of the Securities Exchange Act of 1934, must consult with the OSC about the emails before producing them to Defendant. Such consultation is in progress.

Eastern Districts of New York. In responding to Defendant's Request, the Commission has conducted its search for responsive documents under the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York.

2.     The Commission objects generally to Defendant's Request to the extent it is unduly burdensome, overly broad, duplicative, or vague, or to the extent it seeks documents not relevant to any party's claim or defense and not proportional to the needs of the case. Defendant's Request is a vastly overbroad and sweeping request that implicates hundreds of thousands, if not millions, of pages of SEC documents that are both privileged or work product and irrelevant to the litigation. This includes virtually every single written word about the application of the federal securities laws to digital assets in the possession of the Commission. Unless expressly stated otherwise, the Commission will only produce documents responsive to Defendant's Request that were obtained by the Commission's Division of Enforcement staff in response to the staff's requests or subpoenas in the Investigation.

3.     The Commission objects to the extent that Defendant's Request seeks documents not in the Commission's possession, custody, or control.

4.     The Commission objects to the extent that Defendant's Request seeks publicly available information, which is available to Defendant on substantially the same basis as it is to the Commission.

5.     The Commission objects to the extent that Defendant's Request seeks documents protected by a claim of privilege, including the attorney-client privilege, the work product doctrine, privileges and protections pursuant to Sections 24(d) and (f) of the Securities Exchange Act of 1934, the qualified settlement privilege, the governmental deliberative process privilege,

the confidential informant's privilege, and any and all other applicable privileges, doctrines, and rights.

6.      The Commission objects to the extent that Defendant's Request seeks documents which, if produced, would reveal the identities of employees of another country's government where the foreign government considers such identities to be sensitive or otherwise necessitating protection.  The Commission reserves the right to redact the names of foreign government employees from documents produced to Defendant at the request of the foreign government. The Commission is willing to meet and confer further about any such redaction.

7.      Although not meant to be an exhaustive description, the Commission objects to producing documents reflecting communications between or among the Commission and Commission staff because they are protected from disclosure under the Exchange Act and by the attorney-client and governmental deliberative process privileges, and the attorney-work-product doctrine.  In addition, the Commission objects to producing internal documents, such as staff memoranda, including the formal order memorandum and action memorandum in this Investigation, analyses, and notes because they are protected from disclosure by the governmental deliberative process privilege, the attorney-work-product doctrine, and, where applicable, the attorney-client privilege.

8.      The Commission generally objects to the extent Defendant's Request seeks documents that the Commission has already produced in this Action.  The Commission further objects to the extent Defendant's Request is duplicative of prior requests for documents that Defendant sent to the Commission in this Action.  The Commission further objects to Defendant's Request to the extent the enumerated items requested are unreasonably cumulative,

or duplicative of each other.  Unless specifically stated, the Commission will not re-produce to Defendant documents it has already previously produced.

9.      The Commission objects to making full production of documents within 30 days on the ground that it would be unduly burdensome.  The Commission will locate and produce documents with reasonable diligence and expects to produce documents in an electronic format (and with associated metadata) to be identified and agreed by the parties.  The Commission anticipates that some responsive documents will be easier to locate than others and that there may be partial productions as documents are located.

10.     The Commission objects to the extent the Defendant's Request seeks documents or communications created after the date of the filing of the Complaint in this Action, on June 4, 2019, because such a request seeks information or documents unrelated to the claims or defenses set forth in the pleadings filed in this action and is not proportional to the needs of the case. Accordingly, and unless expressly stated otherwise, the Commission has limited its search for responsive documents in connection with each specific document request to the time period from September 15, 2017 – the date on which SEC staff first opened an inquiry leading to the Investigation – to the date of the filing of the Complaint in this Action, June 4, 2019.

### OBJECTIONS TO DEFINITIONS

1.      The Commission objects to Defendant's Definition No. 10, "Investigation," to the extent that it means investigations of "individuals and entities" outside of the investigation conducted under File No. HO-13388, because it is overly broad and not proportional to the needs of the case.  Accordingly, unless expressly stated otherwise, the Commission will limit its search and produce responsive documents only to the extent that they are part of the investigation conducted under File No. HO-13388.

2.       The Commission objects to Defendant's Definition No. 15, "Plaintiff," "SEC," "You," or "Your," to the extent that it means each of the Commission's divisions and offices, and each current or former SEC Commissioner, because it is overly broad and not proportional to the needs of the case.  Accordingly, unless expressly stated otherwise, the Commission will limit its search and produce responsive documents only to the extent that they are in the actual possession, custody, or control of the Division of Enforcement, as further limited by the other general and specific objections herein.

## OBJECTIONS TO INSTRUCTIONS

1.       The Commission objects to Defendant's Instruction No. 6 to the extent it purports to prohibit the Commission from redacting Personally Identifiable Information ("PII") and other highly sensitive personal financial information (for example, bank, brokerage, or credit card account numbers) from documents prior to production.  This information is not relevant to any party's claim or defense and is expressly protected pursuant to Federal Rule of Civil Procedure 5.2.  The Commission expressly reserves the right to redact, in a manner consistent with Rule 5.2, PII and highly sensitive personal financial information from documents prior to production.  In so doing, the Commission does not represent that it has removed all PII.  Defendant should ensure compliance with Rule 5.2 before publicly filing any document produced by the Commission.

2.       The Commission further objects to Defendant's Instruction No. 6 as unduly burdensome, harassing, and oppressive to the extent it purports to call for the creation of an itemized privilege and redaction log pursuant to Federal Rule of Civil Procedure 26 and Rule 26.2 of the Local Civil Rules.  The Commission staff generated thousands of internal documents during the Investigation (and continues to generate numerous internal documents

during the course of this litigation) that are protected from disclosure by the attorney-client privilege and the work product doctrine. Creating a privilege log in accordance with Defendant's Instruction No. 6 would be unduly burdensome given the large volume of such privileged or protected materials. Furthermore, given the highly compressed four and one-half month period for fact discovery imposed at Defendant's request in this case, creation of a privilege log for any external communications that the SEC (or a foreign government) determines to be privileged, in accordance with Defendant's Instruction No. 6, also would be unduly burdensome and disproportionate to the needs of the case. Accordingly, absent a further showing of need and proportionality, the Commission will not individually log documents generated during the Investigation or this Action.

      3.      The Commission objects to Defendant's Instruction No. 9 to the extent it purports to require the Commission to search for responsive documents in "the possession, custody or control of … [the Commission's] agents … representatives, managing agents, affiliates, investigators, or . . . [the Commission's] attorneys or their agents, employees, representatives or investigators." This instruction is vague, ambiguous, and overly broad, because it could be construed to require the Commission to identify and obtain information from non-parties who might have responsive information. As to private non-parties, the Defendant has essentially the same access to documents by issuing subpoenas under Rule 45 of the Federal Rules of Civil Procedure. To the Commission's knowledge, it has no outside agents – such as attorneys or representatives – who have documents responsive to the requests. The Commission therefore responds to the Defendant's Request only with respect to documents the Commission has in its possession, custody, or control, as further limited by the other general and specific objections set forth herein.

## RESPONSES AND OBJECTIONS TO INDIVIDUAL DOCUMENT REQUESTS

The Commission adopts and incorporates by reference the forgoing Preliminary Statement, General Objections, Objections to Definitions, and Objections to Instructions in response to each numbered request below. Upon request by Defendants, the Commission is willing to meet and confer regarding its response to Defendants' Request.

**Request No. 1:**

Your complete investigative file in connection with the Investigation, including but not limited to the following:

      **i.** All subpoenas and other written requests to provide documents, testimony, or an interview;

      **ii.** All documents received in response to any such subpoenas or other requests, or otherwise obtained by You from third parties or third-party sources;

      **iii.** All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits or witness statements;

      **iv.** All Documents concerning any Communications concerning the Investigation. As examples but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel. For avoidance of doubt, this Request for Production includes the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

      **v.** All documents memorializing, evidencing, or concerning any communications You had with any Government Entity and/or any other third party relating to the Investigation.

      **Plaintiff's Response to Request No. 1**: The Commission has previously produced to Defendant large, non-privileged portions of its investigative file in connection with the Investigation in three separate productions, dated June 28, 2019, July 8, 2019 and August 16, 2019, and as identified in Paragraph B of the Commission's Initial Disclosures, dated August 9, 2019

(the "Initial Disclosures"). Following a reasonable search, the Commission has identified and will produce additional, non-privileged communications between, on the one hand, Commission staff within the Division of Enforcement or the Division of Corporation Finance, and, on the other, non-governmental external parties, concerning the Investigation.

To the extent Defendant's Request No. 1 seeks additional materials, the Commission responds as follows: The Commission objects to Defendants' Request No. 1 – and specifically objects to Defendant's request for "the formal order memorandum, the action memorandum, and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff" – to the extent it purports to call for the production of documents that are protected from disclosure by the attorney-client and governmental deliberative process privileges, and the work-product doctrine. The Commission staff created voluminous internal documents on which it relied in the Investigation, comprising communications exclusively between or among attorneys for the Commission and between or among the Commissioners and its attorneys. Creating a privilege log in accordance with Defendant's Instruction No. 6 would be unduly burdensome given the large volume of such privileged or protected materials. Accordingly, the Commission is withholding such documents and communications on the basis of these objections and will not produce or log these documents.

The Commission also specifically objects to Defendants' request for communications "with any Government Entity and/or any other third party relating to the Investigation." "Government Entity" is defined in Defendant's Request Definitions No. 8 to include the Ontario Securities Commission, and, therefore, Request No. 1 calls for the production of documents that are privileged and protected pursuant to Sections 24(d) and (f) of the Securities Exchange Act of 1934. The Commission already has produced documents received from the Ontario Securities

Commission (the "OSC"), including those identified in Paragraph B to its Initial Disclosures, that are not protected pursuant to Sections 24(d) and (f). In addition, in response to Defendant's Request, the Commission has identified communications between, on the one hand, Commission staff within the Division of Enforcement or the Division of Corporation Finance or the Office of International Affairs, and, on the other, the OSC ("SEC-OSC Communications"). The Commission is reviewing the SEC-OSC Communications and will coordinate with the OSC to identify any non-privileged communications for production to Defendant, and the Commission will produce such non-privileged communications as soon as practicable. Absent a further showing of need and proportionality, the Commission will only note on any privilege log that it has generated and received privileged communications from the OSC, and will not individually log each communication withheld.

The Commission also specifically objects to Defendants' request to the extent it seeks communications or other documents that may identify a whistleblower under the Dodd-Frank Act, 15 U.S.C. § 78u-6(h)(2)(A) and are protected from disclosure under the confidential informant's privilege. In response to Defendant's Request, the Commission has identified – and is withholding from production as privileged – a limited number of documents that may reveal the identity of a whistleblower whom the SEC is not identifying as a potential witness at trial. Absent a further showing of need and proportionality, the Commission will only note on any privilege log that it has generated or received privileged communications from a whistleblower, and will not individually log each communication withheld.

The Commission also specifically objects to Defendant's request as overbroad, because it places no limitation on the relevant time frame of the request and calls for the production of documents created or to be created after the date the Complaint was filed. Absent a further showing of

proportionality and need by Defendants, the Commission will only produce documents responsive to this (and other) request that are dated on or before June 4, 2019, the date the Complaint was filed.

**Request No. 2:**

To the extent not produced in response to Request for Production No. 1, all Documents and Communications concerning any formal or informal requests by You for documents or information concerning the subject matter of the Investigation or the Action, or any other matter involving Kik or Kin, including but not limited to all Documents or Communications You received in response to such informal or formal requests.

**Plaintiff's Response to Request No. 2**: *See* Plaintiff's Response to Request No. 1. The Commission further objects to Request No. 2 to the extent that it calls for documents and communications "concerning . . . any other matter involving Kik or Kin," because it is unduly burdensome, overly broad, vague, seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case, and calls for the production of documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. The request calls for the production of documents and communications bearing no relevance to the allegations in this Action. For example, this request calls for the production of any document or communication in the possession, custody or control of Commission current or former staff in any division or office of the Commission broadly relating to Kik or Kin, which may include subjects outside of the Investigation or the subject matter of this Action. By way of further objection, even if Request No. 2 is limited to documents and communications concerning the investigation that resulted in this Action, the Commission objects on the grounds that the request calls for the production of documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. With the exception of the additional documents and communications the Commission has identified and will produce as stated in its Response to Request No. 1, the

Commission is withholding documents and communications called for by Request No. 2 on the basis of these objections.

**Request No. 3**:

  To the extent not produced in response to the above Requests, all Documents and Communications identified or otherwise referenced in the Complaint.

  **Plaintiff's Response to Request No. 3**:  The Commission has previously produced to Defendant large, non-privileged portions of the Commission's investigative file leading to this Action and responsive to Request No. 3.  The Commission objects to Defendant's Request No. 3 to the extent that it seeks any publicly available documents or communications, which are available to Defendant on substantially the same basis as they are to the Commission.

**Request No. 4**:

  To the extent not produced in response to the above Requests, all Documents and Communications concerning Kin, Kik, and/or the Kin Foundation.

  **Plaintiff's Response to Request No. 4**:  *See* Plaintiff's Response to Request Nos. 1 and 2.

**Request No. 5**:

  All Documents concerning Communications with third parties (including any Government Entity), concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Kin or a Virtual Currency and/or Digital Asset.

  **Plaintiff's Response to Request No. 5**:  The Commission objects to Request No. 5 as unduly burdensome, overly broad, vague, harassing, and oppressive.  The Commission further objects to Request No. 5, because it seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case, and appears to seek documents protected by the attorney-client and governmental deliberative process privileges, and the attorney-work-product doctrine.  Request No. 5 places no limitation on current or former Commission staff, the

Commission's divisions or offices, places no limitation on the relevant time frame of the request and calls for production of documents created or to be created after the date the Complaint was filed. Request No. 5 would furthermore require the Commission to engage in a burdensome, costly, and unnecessary process of producing all documents and communications that have no relevance to the allegations in this Action. For example, this request would appear to encompass all investigative subpoenas and correspondence in unrelated investigations within the Commission's Division of Enforcement. This request would also appear to include communications between Commission staff in any of the Commission's divisions or offices and outside parties relating to the general topic of applying the federal securities laws to virtual currencies or digital assets. As one example of the burdensome and oppressive nature of Request No. 5, over the course of the past two years, multiple members of the staff of the Commission's Division of Corporation Finance have had, and continue to have, frequent conversations with outside parties in relation to virtual currencies and digital assets, including numerous federal agencies, a number of state governmental agencies, and several international governmental agencies. The information and documents passed between members of the Division of Corporation Finance and these federal, state, and international agencies is not only confidential and irrelevant to the subject matter of the Investigation and Action, but, in the case of communications with criminal agencies, highly sensitive. In addition, members of the Commission's Strategic Hub for Innovation and Financial Technology—which include staff from several of the Commission's divisions and offices—regularly interface on a daily basis with multiple innovators, developers, and entrepreneurs on the topic of digital assets and virtual currency. The Commission is withholding documents on the basis of these objections.

**Request No. 6**:

All Documents and Communications concerning statements or presentations by the SEC to third parties (including any Government Entity) concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets. For the avoidance of doubt, this Request for Production includes documents and communications concerning public statements and presentations made by any SEC employee or commissioner at conferences and statements and testimony before Congress or any committee thereof.

**Plaintiff's Response to Request No. 6**: *See* Plaintiff's Response to Request No. 5. The

Commission further objects to Request No. 6 to the extent that it calls for the production of

publicly available information, which is available to Defendant on substantially the same basis as

it is to the Commission. The Commission is withholding documents and communications on the

basis of these objections.

**Request No. 7**:

All Documents and Communications reflecting any decision, determination, conclusion, position taken, or policy by the SEC concerning the application of federal securities laws, regulations, or rules (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets.

**Plaintiff's Response to Request No. 7**: *See* Plaintiff's Response to Request Nos. 5-6.

**Request No. 8**:

All Documents and Communications concerning issuing guidance, or concerning the decision not to issue guidance, concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets. For the avoidance of doubt, this Request for Production includes all Documents and Communications concerning the SEC's decision to issue the *Framework for 'Investment Contract' Analysis of Digital Assets*, including any drafts thereof or actual or proposed updates thereto.

**Plaintiff's Response to Request No. 8**: *See* Plaintiff's Response to Request Nos. 5-6.

**Request No. 9**:

All Documents and Communications evidencing or memorializing a formal and/or informal cooperation agreement between You and any person or entity from whom You gathered information in connection with the Investigation.

**Plaintiff's Response to Request No. 9**: The Commission objects to Request No. 9

because the term "informal cooperation agreement" is vague and undefined. Notwithstanding

this objection, the Commission does not possess any written agreement with any percipient

witness to this Action.

**Request No. 10:**

All Documents and Communications evidencing or memorializing the terms of any
testimony or interview (including proffer agreements) of any person or entity from whom You
gathered information in connection with the Investigation.

**Plaintiff's Response to Request No. 10**: *See* Plaintiff's Response to Request No. 1.

**Request No. 11:**

All internal SEC Documents and Communications concerning whether or when a Virtual
Currency and/or Digital Asset that was originally offered in a securities offering could be later
sold in a manner that does not constitute an offering of a security. For the avoidance of doubt, this
Request for Production includes all Documents and Communications concerning Director William
Hinman's prepared remarks titled *Digital Asset Transactions: When Howey Met Gary (Plastic)*,
dated June 14, 2018, including any drafts thereof or actual or proposed updates thereto.

**Plaintiff's Response to Request No. 11**: The Commission objects to Request No. 11

because it is unduly burdensome, overly broad, vague, harassing, oppressive, and seeks documents

and communications that are not relevant to any party's claim or defense and is not proportional

to the needs of the case. The request for all documents and communications "concerning whether

or when a Virtual Currency and/or Digital Asset that was originally offered in a securities offering

could be later sold in a manner that does not constitute an offering of a security" encompasses

documents and communications bearing no relevance to the Investigation and this Action.

Request No. 11 places no limitation on current or former Commission staff, the Commission's

divisions or offices, places no limitation on the relevant time frame of the request and calls for

production of documents created or to be created after the date the Complaint was filed. The

Commission further objects to Request No. 11, because it calls for the production of internal SEC documents and communications that are protected from disclosure by the attorney-client and governmental deliberative process privileges and the work-product doctrine.  The Commission is withholding documents on the basis of these objections.

**Request No. 12:**

Your complete investigative file relating to the DAO Report, including but not limited to the following:

**i.**     All subpoenas and other written requests to provide documents, testimony, or an interview;

**ii.**     All documents received in response to any such subpoenas or other requests, or otherwise obtained by You from third parties or third-party sources;

**iii.**     All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits or witness statements;

**iv.**     All Documents concerning any Communications concerning the subject matter of the DAO Report.  As examples but without limitation, this category includes all correspondence (including email), cover letters, subpoenas, witness statements, declarations, affidavits, memoranda, summaries, or notes, and any drafts and versions of the foregoing, sent to, or received from any witness, potential witness, entities, or their counsel.  For avoidance of doubt, this Request for Production includes the action memorandum and emails and other communications between the staff of the Enforcement Division and SEC Commissioners or other SEC Divisions and their respective staff; and

**v.**     All documents memorializing, evidencing, or concerning any communications You had with any Government Entity and/or any other third party relating to the subject matter of the DAO Report.

**Plaintiff's Response to Request No. 12**:  The Commission objects to Request No. 12 as unduly burdensome, overly broad, harassing, and oppressive.  The Commission further objects to Request No. 12 because it seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case.  The DAO Report is a publicly available document, and its underlying investigative file has no relevance to the Investigation or the subject matter of

this Action. The Commission further objects to Request No. 12, because it calls for the production

documents and communications, including the underlying action memorandum, that are protected

from disclosure by the attorney-client and governmental deliberative process privileges and the

work-product doctrine. The Commission further objects to the unduly burdensome and oppressive

nature of Request No. 12, because it would require to the Commission to produce all

communications between Commission staff within any Division or SEC Commissioners and any

outside party or government agency relating to the DAO Report. The Commission is withholding

documents and communications on the basis of these objections.

**Request No. 13:**

    All Documents concerning Your Communications with third parties (including any Government Entity) concerning filings by Kik with the SEC (including, without limitation, filings to register the issuance or sale of securities).

    **Plaintiff's Response to Request No. 13**: *See* Plaintiff's Response to Request No. 2.

**Request No. 14:**

    All Documents concerning Communications between the SEC and any Government Entity concerning the application of federal securities laws (including, but not limited to, the Securities Act of 1933) to Virtual Currency and/or Digital Assets.

    **Plaintiff's Response to Request No. 14**: *See* Plaintiff's Response to Request No. 5.

**Request No. 15:**

    To the extent not produced in response to the above Requests, all Documents concerning Your Communications with the Ontario Securities Commission concerning Kik, Kin, and/or the Kin Foundation.

    **Plaintiff's Response to Request No. 15**: *See* Plaintiff's Response to Request No. 1. The

Commission further objects to Request No. 15 to the extent it seeks documents protected by the

attorney-work-product doctrine, including attorney notes of communications with the OSC. The

Commission is withholding documents based on these objections.

**Request No. 16:**

All Documents reviewed, considered, or relied upon by You in preparing the Complaint filed in this Action.

**Plaintiff's Response to Request No. 16**: *See* Plaintiff's Response to Request Nos. 1 and 3.

To the extent Defendant's Request No. 16 seeks additional materials, beyond what was requested in prior requests, the Commission responds as follows: The Commission objects to Defendant's Request No. 16 to the extent it purports to require the Commission to identify all documents it reviewed, considered, or relied upon, on the basis that such requests are overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case. The Commission is not required to marshal its evidence or identify every one of the many documents that it may have reviewed considered or relied upon, particularly where tens of thousands of documents are involved and have already been provided to Defendant. Nor is the Commission required to organize the evidence for Defendant; the documents produced to Defendant previously were also produced "as they were kept in the usual course of [the Commission's] business." The burden of reviewing and analyzing these materials is the same for the Commission as for Defendant.

The Commission further objects to Request No. 16 to the extent that it calls for the production of publicly available information, which is available to Defendant on substantially the same basis as it is to the Commission. The Commission further objects to Request No. 16, because it seeks documents, including, but not limited to internal attorney memoranda, summaries, drafts, and notes, protected by the attorney-client and governmental deliberative process privileges. The Commission is withholding documents and communications on the basis of these objections.

**Request No. 17**:

All Documents described in the SEC's Initial Disclosures You served on Kik in connection with this Action.

**Plaintiff's Response to Request No. 17**:  Following a reasonable search, the Commission has identified and previously produced the documents identified in Paragraph B of the Commission's Initial Disclosures as responsive to this request.

**Request No. 18**:

All transcripts, transcript exhibits, recorded testimony, verbatim notes, declarations, affidavits, witness statements or summaries reflecting statements by witnesses or potential witnesses concerning the subject matter of this Action.

**Plaintiff's Response to Request No. 18**:  *See* Plaintiff's Response to Request No. 1.  The Commission previously produced to Defendant large, non-privileged portions of its investigative file in connection with the Investigation and as identified in Paragraph B of the Commission's Initial Disclosures, including testimony transcripts and testimony exhibits.  The Commission objects to Defendant's request for "summaries reflecting any statements by witnesses or potential witnesses concerning the subject matter of this action," because it calls for the production of documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine.  The request for "summaries" is also overly broad and unduly burdensome to the extent it calls for the production of summaries of testimony for which a transcript exists and has already been produced.  The Commission is withholding such documents on the basis of these objections.

**Request No. 19**:

All no-action letters, orders, final investigative reports, and enforcement action complaints issued or filed by the SEC from January 1, 2009 to June 1, 2017 concerning the application of the Securities Act of 1933 to any offer or sale of Virtual Currency and/or Digital Asset.

**Plaintiff's Response to Request No. 19**:  The Commission objects to this request as overbroad and unduly burdensome because it calls for the production of publicly available information, which is available to Defendant on substantially the same basis as it is to the Commission.  For example, all Commission no-action letters are readily available and searchable on the SEC's website at https://www.sec.gov/interps/noaction.shtml.  The SEC also lists cyber-related enforcement actions, including enforcement actions relating to digital assets, on its website at https://www.sec.gov/spotlight/cybersecurity-enforcement-actions.  Moreover, the SEC includes a variety of information relating to digital assets and virtual currency on its website at https://www.sec.gov/spotlight/cybersecurity and https://www.sec.gov/ICO.  The Commission further objects to Request No. 19, because it seeks production of documents unrelated to the claims or defenses set forth in the pleadings filed in this action and is not proportional to the needs of the case.  The Commission is withholding documents and communications on the basis of these objections.

**Request No. 20:**

All Documents memorializing, evidencing, or concerning the allegation that "the overall size of the ICO market has grown exponentially," as alleged in Paragraph 32 of the Complaint.

**Plaintiff's Response to Request No. 20**:  The Commission previously produced to Defendant large, non-privileged portions of its investigative file in connection with the Investigation and as identified in Paragraph B of the Commission's Initial Disclosures.  The Commission objects to Request No. 20, because documents responsive to this request are publicly available.  *See, e.g.*, https://www.coindesk.com/ico-tracker.  The Commission objects to Request No. 20 to the extent it purports to require the Commission to identify all documents supporting an allegation on the basis that such requests are overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case.  The Commission is not required to

marshal its evidence or identify every one of the many documents that may support an allegation, contention, or position, particularly where tens of thousands of documents are involved and have been disclosed pursuant to Federal Rule of Civil Procedure 26(a). Nor is the Commission required to organize the evidence for Defendant. Moreover, the Commission's allegations are based on documents produced by Defendant and third parties and transcripts of testimony that already have been be produced to Defendant. The burden of reviewing and analyzing these materials is the same for the Commission as for Defendant.

**Request No. 21:**

All Documents memorializing, evidencing, or concerning the "dramatic uptick in the number of ICOs" in 2017, as alleged in Paragraph 44 of the Complaint.

**Plaintiff's Response to Request No. 21**: *See* Plaintiff's Response to Request No. 20.

**Request No. 22:**

Documents sufficient to identify all entities that have engaged, to your knowledge and understanding, in a possible offer or sale of a Virtual Currency and/or Digital Asset from January 1, 2013 to June 4, 2019, including Your understanding of the dates of such offers or sales.

**Plaintiff's Response to Request No. 22**: The Commission objects to Request No. 22 because it is unduly burdensome, overly broad, vague, harassing, oppressive, seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case, and calls for the production of documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. The Commission's knowledge of any other entities aside from Defendant that have engaged in a "possible offer or sale of a Virtual Currency and/or Digital Asset from January 1, 2013 to June 4, 2019" bears no relevance to the allegations in this Action. The Commission is withholding documents and communications on the basis of these objections.

**Request No. 23:**

All formal or informal communications that any of the entities identified in the foregoing request had with the SEC prior to and regarding its offer or sale of a Virtual Currency and/or Digital Asset, including but not limited to any requests for a no-action letter.

**Plaintiff's Response to Request No. 23**:  See Plaintiff's Response to Request No. 5.

**Request No. 24:**

All registration statements filed with the SEC in connection with the "ICOs" referenced in Paragraph 44 of the Complaint.

**Plaintiff's Response to Request No. 24**:  The Commission objects to Request No. 24 because it is unduly burdensome, overly broad, vague, seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case, and calls for the production of publicly available documents, which are available to Defendant on substantially the same basis as they are to the Commission.  The Commission is withholding documents on the basis of these objections.

**Request No. 25:**

Documents sufficient to identify all formal or informal inquiries or investigations initiated by the SEC from January 1, 2017 to June 4, 2019 concerning the application of federal securities laws, regulations, or rules (including the Securities Act of 1933) to any offer or sale of Virtual Currency and/or Digital Asset, including the resolution of such inquiries or investigations, if any.

**Plaintiff's Response to Request No. 25**:  The Commission objects to Request No. 25 because it is unduly burdensome, overly broad, vague, harassing, oppressive, seeks documents not relevant to any party's claim or defense and is not proportional to the needs of the case, and calls for the production of documents that are protected from disclosure by the attorney-client and governmental deliberative process privileges and the work-product doctrine, and, further, the identification of non-public inquiries and investigations the disclosure of which would interfere

with the Commission's law enforcement functions and compromise the confidentiality of the investigations and their related entities and individuals.

**Request No. 26:**

Documents sufficient to identify all entities that were or are the subject of formal or informal inquiries or investigations conducted by the SEC from January 1, 2017 to June 4, 2019 concerning the application of federal securities laws (including the Securities Act of 1933) to any offer or sale of Virtual Currency and/or Digital Asset, including the resolution of such inquiries or investigations, if any.

**Plaintiff's Response to Request No. 26**: *See* Plaintiff's Response to Request No. 25.

**Request No. 27:**

All documents evidencing or concerning the allegation that "the Kin to be delivered under the SAFT were securities" as alleged in Paragraph 91 of the Complaint.

**Plaintiff's Response to Request No. 27**: *See* Plaintiff's Response to Request No. 20. The Commission further objects to Request No. 27 to the extent it purports to call for the production of documents that are protected from disclosure by the attorney-client and deliberative process privileges and the work-product doctrine.

**Request No. 28:**

All Documents memorializing, evidencing or concerning the allegation that "the company and regulators specifically discussed the United States Supreme Court's decision in *Howey*" as alleged in Paragraph 108 of the Complaint.

**Plaintiff's Response to Request No. 28**: *See* Plaintiff's Response to Request No. 20. The Commission further objects to Request No. 28 to the extent it seeks documents protected by the attorney-work-product doctrine, including attorney notes of communications with third-parties. The Commission is withholding documents based on these objections.

**Request No. 29:**

To the extent not produced in response to the above Requests, all documents memorializing, evidencing, or concerning any communication You had with any Government Entity relating to the allegations in the Complaint.

**Plaintiff's Response to Request No. 29**: *See* Plaintiff's Response to Request No. 15 and 28.

**Request No. 30:**

All Documents and Communications concerning Investor Bulletins relating to the offer and/or sale of Virtual Currencies and/or Digital Assets, including all drafts or commentary thereto.

**Plaintiff's Response to Request No. 30**: The Commission objects to this request as overbroad and unduly burdensome because it calls for the production of publicly available information, which is available to Defendant on substantially the same basis as it is to the Commission. Information relating to digital assets and virtual currency, including investor bulletins concerning digital assets and virtual currency, are available on the SEC's website at https://www.sec.gov/spotlight/cybersecurity. And all investor bulletins are posted on the SEC's website at https://www.sec.gov/investor/alerts. The Commission further objects to Request No. 30, because it calls for the production of documents unrelated to the claims or defenses set forth in the pleadings filed in this Action and is not proportional to the needs of the case. The Commission is withholding documents in the basis of these objections.

**Request No. 31:**

All Documents You contend support the allegations and claims made in the Complaint filed in this Action.

**Plaintiff's Response to Request No. 31**: *See* Plaintiff's Response to Request No. 20. The Commission further objects to Request No. 31 to the extent it seeks documents protected by the

attorney-client and governmental deliberative process privileges, and the attorney-work-product doctrine.

**Request No. 32**:

All Documents that tend to contradict, disprove, refute or undercut Your allegations and claims made in the Complaint filed in this Action.

**Plaintiff's Response to Request No. 32**:  *See* Plaintiff's Response to Request No. 20.  The Commission further objects to Request No. 32 to the extent it seeks documents protected by the attorney-client and governmental deliberative process privileges, and the attorney-work-product doctrine.

**Request No. 33**:

All Documents and Communications which might reasonably be considered exculpatory to Kik with respect to the allegations in the Complaint.

**Plaintiff's Response to Request No. 33**:  *See* Plaintiff's Response to Request No. 20.  The Commission further objects to Request No. 33 to the extent it seeks documents protected by the attorney-client and governmental deliberative process privileges, and the attorney-work-product doctrine.

**Request No. 34**:

All Documents the SEC intends to introduce as evidence at trial or at any hearing in this Action.

**Plaintiff's Response to Request No. 34**:  The Commission previously produced to Defendant large, non-privileged portions of its investigative file in connection with the Investigation, and as identified in Paragraph B of the Commission's Initial Disclosures that are responsive to Request No. 34.  The Commission objects to Request No. 34 as premature, harassing, and oppressive.  Discovery is ongoing, and the Commission reserves the right to

introduce as evidence at trial or any hearing in this Action documents and communications produced during the course of discovery in this Action.

**Request No. 35:**

All Documents the SEC may rely upon at trial or at any hearing in this action for any purpose.

**Plaintiff's Response to Request No. 35**: *See* Plaintiff's Response to Request No. 34.

**Request No. 36:**

All Documents concerning each expert the SEC expects to call as a witness, including any opinions rendered, any documents upon which each opinion is based, all documents authored or contributed to and all presentations given or participated in by such expert, all documents that the SEC has shown or otherwise made available to such expert, all documents that such expert has shown or transmitted to the SEC, and all facts or data considered by any testifying expert.

**Plaintiff's Response to Request No. 36**: The Commission objects to Request No. 36 as premature, harassing, and oppressive, and as contrary to the requirements of Rule 26 of the Federal Rules of Civil Procedure. The Court has not set a schedule for expert discovery at this time. The Commission will make appropriate expert disclosures and productions relating to experts as required by the Federal Rules of Civil Procedure according to the Court's schedule for expert discovery.

Dated: October 4, 2019

Respectfully submitted,

/s *Laura K. D'Allaird*
Laura K. D'Allaird
Stephan J. Schlegelmilch
David S. Mendel
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, DC  20549-5971
202.551.5475 (D'Allaird)
DAllairdL@SEC.gov
*Attorneys for Plaintiff*