

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

August 14, 2024

<u>Via ECF</u>

The Honorable Katherine Polk Failla
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   *Securities and Exchange Commission v. Coinbase, Inc., et al.*, 23 Civ. 4738 (KPF)

Dear Judge Failla:

Pursuant to the May 31, 2024 Protective Order (D.E. 131) ("Protective Order"), the July 23, 2024 Stipulation and Order (D.E. 144) ("July 23 Order"), and Rule 9 of the Court's Individual Rules, Plaintiff Securities and Exchange Commission ("SEC") respectfully moves to permanently file under seal certain minimal redactions from both parties' filings in connection with Defendants Coinbase, Inc. and Coinbase Global, Inc.'s ("Coinbase") motion to compel discovery, D.E. 145-147 (public); D.E. 148-149 (sealed) ("Motion"). With two exceptions discussed below, where Coinbase does not object, Coinbase takes no position with respect to this motion, subject to its review thereof once filed.

The information regarding the *number of* SEC investigative files the SEC has agreed to search for material responsive to Coinbase's Request for Production is not confidential and need not remain sealed. Specifically, the redactions appearing on pages 3 and 6 of Exhibit D to Coinbase's Motion (D.E. 147-4 & 149-4) should not be maintained. Coinbase does not object and intends to file versions of these documents without redacting that information once this sealing motion is fully resolved.

The redactions the SEC *does* seek to seal are limited in number (approximately 12 redacted excerpts across dozens of pages of briefing and hundreds of pages of exhibits) and are narrowly tailored consistent with Individual Rule 9B and Second Circuit authority. These redactions relate primarily to information constituting or concerning the existence, name, nature, and subject of any ongoing, non-public SEC investigation. *See* Defs.' Memo (D.E. 146/148) at 3; Ex. C (D.E. 147-3/149-3) at 3; Ex. D (D.E. 147-4/149-4) at 2 & 7; SEC Decl. (D.E. 151/153) at ¶¶ 9-11; *id.*, App'x A (D.E. 151-1/153-1) at 1, n.3. Maintaining the sealed status of this information is proper for several reasons. First, sealing is necessary to protect the identities and privacy interests of non-parties who may be the subject of current non-public investigations that may or may not result in the filing of an enforcement action. The existence of an investigation by the SEC into a particular person could have unforeseen consequences on that person, including their reputational or business interests. Further,

sealing "confidential information relating to ongoing investigations" is "necessary" because the disclosure of that information could "harm the SEC's ability to complete these investigations and potentially interfere with the SEC's ability to engage witnesses in future investigations." *Wickens v. Rite Aid Hdqtrs Corp.*, 2021 WL 5876695, at *2 (M.D. Pa. Feb. 23, 2021) (finding parties' "interest in secrecy" of ongoing SEC investigations "outweighed the presumption of public access"). Moreover, the existence or not of an investigation into a particular third party and the identity of that third party is not in any way relevant to the Court's determination of the issues presented by the Motion. Thus, the proposed redactions and sealing requests are "necessary to preserve higher values" and are "narrowly tailored to achieve that aim." *Lugosch v. Pyramind Co. of Onandaga*, 435 F.3d 110, 124 (2d Cir. 2006).[1]

Lastly, the SEC also moves to maintain the redaction of the names of certain Dash Core Group personnel (and their attorneys) from the "DASH Memo" discussed in, and attached to, the parties' briefing on the Motion. *See* Mot. at 7 & Ex. I (D.E. 147-9/149-9); SEC Opp. (D.E. 150) at 7 & Ex. 11 (D.E. 152-11/154-1). The SEC redacted this information from its Exhibit 11 (an SEC email attaching the DASH Memo), to be consistent with Coinbase's Exhibit I (a redacted version from the *Ripple* docket). While this information is not sensitive under Individual Rule 9A, it is not directly relevant to the Court's consideration of the Motion—and, in any event, Coinbase's Exhibit I was filed under seal by court order. *See SEC v. Ripple Labs*, No. 20 Civ 10832 (D.E. 819) (S.D.N.Y. May 16, 2023). Thus, the SEC would propose keeping this identifying information sealed so as not to discourage open or frank communication by the public with the SEC.

Accordingly, the SEC respectfully requests that the subject confidential information remain redacted from the filings set forth above, and sealed.

Respectfully submitted,

*/s/ Nicholas Margida*
Nicholas Margida

*Counsel for Plaintiff*
*Securities and Exchange Commission*

---

[1] The SEC is not specifically moving to maintain the redaction of Chair Gensler's home address from Coinbase's Rule 45 Subpoena, *see* Mot., Ex. F (D.E. 147-6/149-6), because that information should remain sealed automatically pursuant to Individual Rule 9A (including "home addresses" among "sensitive information"); *see also Abbey v. 3F Therapeutics, Inc.*, 2010 WL 11677681, at *1 (S.D.N.Y. Aug. 3, 2010) (granting motion to seal home address because it has "no bearing on adjudication in this case and implicates important privacy concerns."). Coinbase does not object to Chair Gensler's home address remaining sealed.