WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

Direct Dial: (212) 403-1329
Direct Fax: (212) 403-2329
E-Mail: WDSavitt@wlrk.com

August 28, 2024

<u>Via ECF</u>

The Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re: *Securities and Exchange Commission* v. *Coinbase, Inc. and Coinbase Global, Inc.*, 23 Civ. 4738 (KPF)

Dear Judge Failla:

 We write in response to Plaintiff Securities and Exchange Commission's ("SEC") Notice of Supplemental Authority, ECF No. 158, concerning an order by the U.S. District Court for the Western District of Washington in *FTC* v. *Amazon.com, Inc.*, No. 2:23-cv-00932-JHC (the "Order"). Coinbase respectfully submits that the Order provides no bearing on Coinbase's motion.

 *First*, the Washington court already had "rejected Defendants' fair notice" defense based on its finding that defendants failed to identify *any* prior FTC statements reflecting a position on the relevant statute. Order at 9. The Order was predicated on that prior finding. *Id.* at 11. Here, by contrast, the Court has made clear that the fair notice defense remains alive to be adjudicated based on an evidentiary record, Dkt. 137 at 19:11-14, and Coinbase's fair notice defense is grounded in numerous public statements and actions by the SEC — including the 2018 Hinman Speech, the 2019 Framework, and Chair Gensler's 2021 sworn Congressional testimony that "there is not a market regulator around [] crypto exchanges" — concerning the statute at issue and the SEC's authority (or lack thereof) to regulate secondary-market transactions in digital assets, *see* Dkt. 148 at 6-10.

 *Second*, the scope of documents at issue in the Order differs materially from the discovery dispute at issue in Coinbase's motion. The only "'fair notice' defense" documents at issue in *Amazon* were the FTC's purely "internal discussions regarding its interpretation" of the relevant statute. Order at 4; *see also id.* at 9 (same). The SEC fails to note that the FTC had already produced (i) "communications between the FTC and third parties" *and* (ii) "non-privileged FTC internal documents concerning any final decision as to what guidance the FTC staff may provide third parties," *id.* at 3 — precisely the types of documents the SEC refuses to search for and produce or log in this litigation, requiring Coinbase's resort to a motion to compel. Dkt. 148 at 6-10.

 For the reasons previously stated, the Court should grant the pending motion to compel. Coinbase looks forward to the opportunity to address any questions from the Court.

Wachtell, Lipton, Rosen & Katz

Hon. Katherine Polk Failla
August 28, 2024
Page 2

                        Respectfully,

                        /s/ *William Savitt*

                        William Savitt

cc:    all counsel of record (via ECF)