# EXHIBIT D



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

<u>Via Email</u>                                                                                                          July 2, 2024

Mr. Kevin S. Schwartz, Esq.
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019

      Re: *SEC v. Coinbase, Inc.*, *et al.*, Case No. 1:23-cv-04738-KPF

Dear Kevin:

      I write in response to your letter dated June 25, 2024 ("Letter"), summarizing your understanding of the SEC's positions concerning its Responses and Objections ("Responses and Objections") to Coinbase's First Request for the Production of Documents ("RFPs"), which the SEC served on May 23, 2024, and the meet and confers relating thereto held on June 13, 17, and 20, 2024. Below the SEC addresses each of the "General Issues" and "Specific RFPs" set forth in your Letter, to clarify the SEC's positions where necessary and to convey our understanding of Coinbase's positions, including regarding the claimed relevance of the documents the RFPs seek. But first, the SEC sets forth a summary of its efforts to respond to the RFPs (and to the concerns raised by you and your colleagues during the meet and confer process) and proposes an additional search in a good-faith effort to resolve the parties' disputes with respect to 12 of the 16 RFPs discussed in your Letter.

## THE SEC'S EFFORTS AND PROPOSAL

      Between May 24 and May 29, 2024, the SEC produced the entire non-privileged portion of its investigative files for the investigations captioned In the Matter of Coinbase, Inc. conducted under File Nos. HO-14315 and SF-04523 (the "Investigative File"). That production consisted of approximately 241,320 documents, and a volume of over 136 GB. The Investigative File consisted of all documents gathered in connection with the SEC's investigation of Coinbase in this matter, including all documents relied upon by the SEC in bringing this Action and/or forming the basis for the SEC's allegations set forth in the SEC's complaint in this case ("Complaint"). Given the SEC's comprehensive production of documents relevant to its claims in this matter, and as set forth in its Responses and Objections, the SEC objected to Coinbase's RFPs to the extent they sought documents outside of the Investigative File.[1] During the meet and confer process, the SEC further

---

[1]     Specifically, in its Responses and Objections, the SEC objected to Coinbase's definition of the "SEC" or "Commission" to the extent it purported to include within the scope of any RFP SEC divisions and persons who did not conduct the Investigation or the instant civil enforcement action.

explained the contents of its Investigative File, the significant efforts that the SEC undertook to assemble those documents, and answered questions from Coinbase about it. As noted, the Investigative File contains all the documents in the SEC's possession at the outset of the matter upon which the SEC may rest its claims against Coinbase on the merits. It consists of an electronic production of nearly 4,000 documents, as well as a native production of over 237,000 publicly available documents about Coinbase's Platform, Prime brokerage services, and Staking Program, and the tokens at issue in the Complaint (the "Named Tokens"). All other materials the SEC may rely on to prove its claims against will either be collected by the SEC from third parties in discovery and produced to you or obtained by you directly. And, to the extent any other materials come to the SEC's attention that it may rely on in this litigation, it will produce them to you.

Notwithstanding this backdrop—and without waiving any of the SEC's objections—we offered to undertake additional reasonable searches of certain other Enforcement Division files ██████████████████████████████████████████████ even though those investigations are separate from and independent of this matter and do not contain any materials that the SEC previously intended to rely on in this case. Thus far, the SEC has identified and is undertaking reasonable efforts to search at least seven additional investigative files. That includes, as your Letter acknowledges, three of the files identified in RFP No. 26—*Bittrex, Binance,* and *Payward Ventures* (Exchange). The other four are files of non-public investigations ████████████████████████████████████████.

From these seven *non-Coinbase* investigative files, the SEC expects to produce additional documents responsive to many of the RFPs discussed in your Letter ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Your Letter indicates that the SEC's agreement to expend considerable time and resources searching these additional seven investigative files has not satisfied Coinbase's discovery demands.

Now, in a final, good-faith effort to fully resolve the disputes with respect to **RFP Nos. 2-6, 8, 15-17, 20-21, and 26**, and without waiving any of the objections set forth in its Responses and Objections, the SEC makes the following proposal:

*First*, with respect to RFP No. 26, the SEC will agree, as set forth in your Letter (at 4) to conduct reasonable searches of the *Wahi* and *Payward Ventures* (Staking) investigative files.

---

As such, the SEC objected on relevance and proportionality grounds to all RFPs seeking documents obtained or created by SEC divisions, offices, or employees other than those who conducted the Investigation. The SEC further objected to Coinbase's overbroad definition of "Investigation" to the extent any RFPs (using or relying on such definition) sought documents beyond the Coinbase investigative file, on the grounds that such RFPs are overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case. On the basis of those objections, the SEC stated it would search for and produce non-privileged responsive documents only to the extent they were part of the Investigative File.

The SEC's search of the *Wahi* investigative file would include searches relating to the Named Tokens and Coinbase's trading platform and Prime services, and the SEC's search of the *Payward Ventures* (Staking) investigative file would be limited to Coinbase's Staking Program. (The proposed search terms are set forth in Attachment A.)

*Second*, as discussed during the meet and confer process, extending Coinbase's RFPs to SEC divisions and offices *outside of* the Enforcement Division far exceeds the bounds of proportionate discovery in this case, would yield no relevant evidence, and imposes an undue burden on the SEC. Nevertheless, in the spirit of compromise and to achieve final resolution of these 12 RFPs, the SEC would agree to conduct a search of the emails of a discrete number of custodians within the SEC's Division of Corporation Finance and Strategic Hub for Innovation and Financial Technology ("FinHub"), to identify and produce responsive communications between the SEC and any of the Named Token issuers and developers. (The proposed custodians and search terms are set forth in Attachment A.)

Please let us know if Coinbase is willing to accept the SEC's proposal, in which case the parties will have agreed to resolve all disputes with respect to RFP Nos. 2, 3, 4, 5, 6, 8, 15, 16, 17, 20, 21, and 26.

## SUBSTANTIVE RESPONSES TO COINBASE'S JUNE 25th LETTER

The SEC addresses each of the "General Issues" and "Specific RFPs" set forth in your Letter, in order and as follows:

### GENERAL ISSUES

### Documents Held By Non-Investigatory Personnel

As set forth in the SEC's Responses and Objections as discussed *supra* (at 1 & n. 1), to the extent Coinbase's RFPs seek documents outside of the Investigative File, including documents outside the SEC Enforcement Division, the RFPs are not relevant or proportional to the needs of the case, and the undue burden that would be imposed by extending such RFPs to other SEC divisions and offices outweighs any possible benefit to the case. During the meet and confer process, Coinbase was unable to sufficiently explain how its RFPs' requests for documents outside of the Enforcement Division are proportional to the needs of the case, or how the potential benefit or relevance of that material—which in the SEC's view is nonexistent—outweighs the significant burden Coinbase seeks to impose on the SEC to identify, search, and review the email, databases, and files of several other SEC divisions and offices (e.g. Corporation Finance, Trading and Markets, FinHub, Examinations, Office of the Chief Accountant, Investment Management, Office of Public Affairs), and of the SEC's Chair and other Commissioners. As stated during the meet and confer process, such an unduly burdensome search would yield documents that are (i) privileged, (ii) public (and thus available to Coinbase), and/or (iii) duplicative of what the SEC already produced or will produce as a result of searching seven additional investigative files it has already agreed to search beyond the Investigative File (as well as those for *Wahi* and *Payward Ventures* (Staking) if Coinbase agrees to the SEC's proposal set forth above). Nevertheless, to achieve resolution of the above-listed RFPs, the SEC would agree to search the email of the Corporation Finance and FinHub custodians specified in Attachment A. If

Coinbase is unwilling to accept the SEC's proposal, then the SEC agrees the parties will be at an impasse on this issue.

**Documents Relevant to Coinbase's Defenses**

During the June 13 meet and confer call, and as summarized in an email I sent following that call (*see* Attachment B), Coinbase asked if it was the SEC's position that it would not produce documents concerning Coinbase's fair notice and other affirmative defenses on the grounds that such defenses are meritless and thus documents (if any) related thereto are not the proper subject of discovery. In response to this question, the parties discussed, among other things, Judge Failla's opinion and order on Coinbase's motion for judgment on the pleadings ("MJOP") (and the remaining viability, if any, of certain defenses) and the SEC's relevance objections to producing internal SEC communications and documents and SEC communications with other government agencies. To be clear, the SEC *does* believe that the Court has already rejected Coinbase's fair notice, APA (or "abuse of discretion") and "Major Questions Doctrine" ("MQD") defenses, meaning that discovery into those failed defenses is improper.[2] In any event, Coinbase has also failed even to demonstrate that the discovery it seeks (namely, internal SEC documents and non-public communications with other agencies, all of which are likely privileged) is relevant to its fair notice and other defenses, even were the defenses viable (which they are not).

*Coinbase's Fair Notice Defense*

It is apparent from the meet and confer process that the parties have a pronounced disagreement as to whether internal SEC documents and non-public inter-agency communications (aside from their likely privileged status) are relevant to Coinbase's fair notice defense. As you and your colleagues stated repeatedly during the meet and confer process, Coinbase believes internal SEC documents and inter-agency communications are relevant to its fair notice defense because such documents "inform" the fair notice "inquiry." You further stated Coinbase's view that the fair notice inquiry is "not limited to public statements alone" and that internal SEC documents and its communications with other government agencies are relevant to what market participants "could glean" from the SEC's public statements and/or its inaction or silence. Coinbase cited no caselaw or other authority to support its position. The SEC accordingly disagreed with Coinbase's position and stated that courts in crypto enforcement actions have consistently found internal SEC documents to be entirely irrelevant to the fair notice inquiry and have focused instead on the relevant statute and case law (*Howey* and its progeny), and on the SEC's public statements and official actions, including other enforcement actions filed and published guidance. As set forth in the SEC's pre-motion conference request to quash Coinbase's improper Fed. R. Civ. P. 45 subpoena to the SEC's Chair, examples of these cases include *Kik Interactive*, *LBRY*, and *Terraform Labs*. D.E. 133 at 2-3.

---

[2]   As explained in our pre-motion conference request to quash Coinbase's improper Fed. R. Civ. P. 45 subpoena to the SEC's Chair, Coinbase's equitable defenses (equitable estoppel, unclean hands, and laches) are also meritless. D.E. 133 at 2-3.

*Coinbase's Other Defenses*

As set forth in my June 13 email, the SEC asked Coinbase—by reply email or on the next scheduled meet and confer call—to identify which of its RFPs seek documents relevant to Coinbase's affirmative defenses (and which defenses relate to which RFP) and explain how the documents sought by each such RFP are relevant to the specified defenses. *See* Attachment B. Coinbase did not provide the requested information in writing. Accordingly, the SEC disagrees with your Letter's apparent assertion that Coinbase provided all of this information—you only identified certain RFPs (e.g., RFP Nos. 13, 15, and 28) relating to your fair notice defense. You did identify four RFPs—from among those your Letter indicated Coinbase is now "willing to reserve its position" on (RFP Nos 7, 9-12, 19, 23-24, 29, and 30)—as calling for documents relating to three defenses other than fair notice.[3] Please confirm Coinbase will no longer seek documents responsive to these RFPs. If Coinbase is unwilling to so confirm, please provide the remainder of the information requested in my June 13 email with respect to those 10 RFPs and any other RFPs to which Coinbase believes its equitable estoppel, unclean hands, laches, and other defenses (other than fair notice) apply.

## SPECIFIC REQUESTS FOR PRODUCTION

### Investigative Files

### The Coinbase Investigative File (RFP No. 1)

With respect to RFP No. 1, we have agreed to produce, and have already produced, to Coinbase the entire non-privileged part of the Investigative File, including information the SEC relied on in preparing the Complaint and other non-privileged documents obtained in the course of the SEC's investigation. As stated in your Letter, Coinbase's position is that "any file for any investigation that formed the basis for the complaint should be produced, not just the Coinbase investigative file." We explained during the meet and confer process that the Coinbase Investigative File includes all documents forming the basis for the complaint and thus, the SEC has already produced all documents responsive to RFP No. 1. Lastly, the SEC agreed that it would log all privileged communications and documents contained in the Investigative File. Given the foregoing, the parties are not, or at least should no longer be, at any impasse with respect to RFP No. 1.

### SEC's Other Investigative Files (RFP No. 26)

Notwithstanding and without waiving the SEC's relevance, proportionality, undue burden, and other objections to RFP No. 26, and as described above, the SEC is already undertaking efforts to conduct a reasonable search of three of the 11 Enforcement Division

---

[3] Specifically, Coinbase identified RFP No. 9 as seeking documents relevant to its equitable estoppel and unclean hands defenses. (In discussing RFP No. 9, you alleged that the SEC harmed Coinbase through "adverse communications" and "threats" made to person(s) regarding Coinbase's business but refused to identify such person(s). And you acknowledged such allegation appears nowhere in Coinbase's Answer.) Coinbase also identified RFP Nos. 19 and 22 as seeking documents relevant to its MQD defense, and RFP No. 29 as relevant to its APA (so-called "abuse of discretion") defense.

investigative files (*Bittrex*, *Binance*, and *Payward Ventures* (Exchange)) identified in RFP No. 26 (as well as four others it has identified, for a total of seven).  Furthermore, as set forth at the outset of this letter, the SEC is now proposing to also search two additional files (*Wahi* and *Payward Ventures* (Staking))—for a total of nine.  The SEC is not willing to log any responsive documents that it withholds from among these additional investigative files on the basis of privilege given that the documents in these files live at the outside periphery of information that is relevant and proportional to the needs of the case.  Moreover, conducting a reasonable search of the seven additional investigative files–or all nine under our proposed agreement–requires significant and time-intensive efforts.[4]  An *additional* requirement that the SEC log every privileged communication or document from these *non-Coinbase* investigative files would constitute an extraordinary burden that is not required by the Federal Rules of Civil Procedure.  We know this burden would be extraordinary because, to date, the SEC has expended nearly 375 work hours to conduct a privilege review and log documents from the Coinbase Investigative File.  To do the same for up to nine additional files would be unnecessarily burdensome.  That is not tenable nor reasonable considering the significant extent to which the SEC has gone, and is willing to go, to work with Coinbase and avoid unnecessary discovery disputes.  If Coinbase is unwilling to accept the SEC's proposal set forth at the outset of this letter, then the parties will be at impasse with respect to RFP No. 26.

## **Documents Concerning Coinbase and the Named Tokens and Services (RFP Nos. 2, 3, 4, 5, 6, 15, 16, 17, 20, and 21)**

In producing the Investigative File, the SEC has already produced non-privileged documents responsive to RFP Nos. 2-5, 15-17, and 20-21.  And the SEC has offered, and is already undertaking reasonable efforts, to identify and produce additional responsive material from seven other, non-Coinbase investigative files.  Now, as set forth in the SEC's proposal (at 1), the SEC also would agree to conduct a reasonable search to identify and produce non-privileged documents responsive to these requests from the *Wahi* and *Payward Ventures* (Staking) investigative files, and from identified custodians in the SEC's Division of Corporation Finance and FinHub, if the parties can agree that such a search would resolve all disputes with respect to these 10 RFPs (and RFP No. 8, discussed below).  If Coinbase cannot so agree, then the parties will be at an impasse with respect to these 10 RFPs.

The SEC takes issue with your Letter's summary of the disputes concerning RFP Nos. 2-6, 15-17, and 20-21.  For one, the SEC *does* dispute that RFP Nos. 3, 4, 5, 6, and 15 seek relevant information, as set forth in the SEC's Responses and Objections.  Also, with respect to RFP Nos. 2, 16, 17, 20, and 21, the SEC, as noted above (at 2, n.1) objected on relevance and proportionality grounds to the extent any RFPs seek documents obtained or

---

[4]   As you acknowledged in your Letter, the SEC indicated it would take steps to assess the burden of having to search the investigative files identified in RFP No. 26.  The SEC did so with respect to the 11 files identified in RFP No. 26, not including *Bittrex*, *Binance*, and *Payward Ventures* (Exchange) because it has already agreed to search and produce documents from those files.  Running searches for "Coinbase" and each of the 12 Named Tokens and the associated issuers and developers identified in the Complaint yielded the following "hit" results: *Kik Interactive* (24,216), *Telegram* (35,630), *Ripple Labs* (349,548), *LBRY* (6,378), *Wahi* (13,821), *Genesis* (16,381), *Terraform Labs* (1,625,352), and *Payward Ventures/Kraken Staking* (39,990).

created by SEC divisions, offices, or employees other than those who conducted the pre-suit investigation in *this* case. Your Letter does not summarize the parties' respective positions with respect to the enumerated RFPs. The SEC does so below.

*RFP Nos. 2 and 3*

In discussing RFP Nos. 2 and 3, you stated Coinbase's position that internal SEC emails responsive to these RFPs—for example, an internal SEC email asking, "Is SOL a security?"—would be relevant to the *Howey* analysis for SOL and "may bear" on the "SEC's credibility" and (claimed) "conflicting positions." We disagreed and refuted the notion that internal SEC views or the "SEC's credibility" are a part of or relevant to whether any of the 12 Named Tokens in this case were offered or sold as investment contracts under *Howey*—an objective inquiry based on the economic reality of the transactions at issue. In applying *Howey*, courts in crypto enforcement cases have uniformly considered token issuers' representations and inducements to investors, not the SEC's internal views about those tokens and you have pointed us to no case to the contrary. Coinbase also indicated RFP Nos. 2 and 3 are relevant to its fair notice defense. As discussed above, the SEC disagrees that internal SEC communications and documents are relevant to how courts assess fair notice, especially in crypto enforcement cases.

*RFP Nos. 4, 5, and 6*

During the meet and confer, Coinbase's stated position was that internal SEC documents and SEC communications with other government agencies responsive to RFP Nos. 4-6 are relevant to Coinbase's fair notice defense. During the discussion about RFP No. 6 specifically, you indicated that a hypothetical email between the SEC and CFTC in which the SEC stated a position on its authority to regulate crypto assets would be relevant to Coinbase's fair notice defense. But, as I noted during that call, market participants can glean nothing from a *non-public*, inter-agency email and you have pointed us to no case reviewing inter-agency communications in determining the fair notice question. As discussed *supra* (at 4-5), the SEC disagrees with Coinbase's conception of what is relevant to the fair notice inquiry and believes that conception is misguided under applicable law.

*RFP Nos. 15, 16, and 17*

The SEC has already produced documents from the Coinbase Investigative File ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ namely, documents relevant to whether the 12 Named Tokens were offered and sold as investment contracts under *Howey* (RFP No. 15) and documents concerning the Named Tokens' ecosystems (RFP Nos. 16 & 17). Coinbase believes it is *also* entitled to internal SEC documents, communications, and analyses concerning "how the securities laws would be applied to digital assets" (Letter at 4, n.1), and that such documents are relevant to the SEC's claims and Coinbase's fair notice defense. In discussing RFP No. 15, for example, you posited that if the SEC has internal "guideposts" as to what a "common enterprise" is or what "reasonable expectation of profits" means (even if beyond the Named Tokens), then that information is relevant. As discussed herein, the SEC disagrees that any such internal "guideposts" or similar documents, information, or analysis are relevant to the *Howey* analysis

of the 12 Named Tokens or to any fair-notice inquiry. In addition, the SEC stated during the meet and confer that, to the extent RFP Nos. 15, 16, and 17 seek internal SEC communications and documents regarding the application of *Howey*, including the role a token's ecosystem plays or might play in that application, such communications and documents are privileged. You did not necessarily disagree but said there could be "analyses" or a "compilation of information" that might be responsive and not privileged. In response, we stated that any "analyses" (and likely the act of compiling information) would be privileged, but more importantly that any information compiled would either be public and thus available to Coinbase or among the voluminous web captures and other relevant documents the SEC has already produced in this case. As such, Coinbase has not sufficiently demonstrated how additional searches or additional productions beyond those the SEC has already undertaken or agreed to undertake for RFP Nos. 15-17 are proportional to the needs of this case.

*RFP Nos. 20 and 21*

The SEC has already produced documents responsive to RFP Nos. 20 and 21 concerning the Coinbase Staking Program. Further, as part of the proposal set forth above and without waiving its objections, the SEC is willing to conduct a search of the *Payward Ventures* (Staking) investigative file to identify and produce non-privileged documents relevant to Coinbase's unregistered offers and sales of its Staking Program. The SEC is willing to do so notwithstanding the fact (as we conveyed during the meet and confer process) there have been and are no other investigations that we are aware of involving or regarding Coinbase's offers and sales of its staking program. If Coinbase is unwilling to accept the SEC's proposal, then the SEC reaffirms its position that it will not search for material outside of the Investigative File.

**Communications with Issuers/Developers of the Named Tokens (RFP No. 8)**

In producing the Investigative File, the SEC has already produced non-privileged documents responsive to RFP No. 8. And the SEC has offered to, and is already undertaking reasonable efforts, to identify and produce additional responsive material from at least seven other investigative files, including the *Binance*, *Bittrex*, and *Payward Ventures* (Exchange) files. Now, as set forth in the SEC's proposal above (at p.1), the SEC would also agree to conduct a reasonable search to identify and produce non-privileged documents responsive to RFP No. 8 from the *Wahi* investigative file and from the SEC's Division of Corporation Finance and FinHub, if the parties can agree that such a search would resolve all disputes with respect to RFP No. 8 and the other enumerated RFPs. If Coinbase cannot so agree, then the parties will be at an impasse with respect to RFP No. 8, and the SEC will not undertake the proposed searches, which it continues to view as irrelevant and wholly disproportional to the needs of the case.

**Documents Concerning Public Statements by the SEC (RFP Nos. 13, 14, and 28)**

As set forth in the SEC's Responses and Objections, RFP Nos. 13, 14, and 28 are unduly burdensome, overbroad, and oppressive, and they seek documents that are not relevant or proportional to the needs of the case, publicly available, and privileged. With respect to relevance, your Letter states that these three RFPs are relevant to Coinbase's fair

notice defense, and during the meet and confer you shared Coinbase's position that internal SEC communications and documents "inform the [fair notice] inquiry." We disagreed and directed you to applicable fair-notice cases in the crypto enforcement context, including *Kik Interactive* and *Terraform Labs*. As discussed above (at 4-5), internal SEC documents are not, and cannot be, relevant to any fair notice inquiry based on applicable case law, including the Court's opinion and order on Coinbase's MJOP. Also, though not mentioned in your Letter, during the meet and confer you also shared Coinbase's position that internal SEC communications and documents sought by the subject RFPs would also be relevant to the SEC's affirmative claims. We disagreed and stated the SEC's position that what the SEC communicated internally about any crypto asset—apart from likely being privileged—is not relevant to and has no bearing on the fact-finder's objective inquiry as to whether such token was, or is being, offered or sold as an investment contract under *Howey*. Accordingly, any benefit to Coinbase from documents sought by RFP Nos. 13, 14, and 28 is nil and thus far outweighed by the burden Coinbase seeks to impose on the SEC to search the email and files of the SEC Chair, the Office of Public Affairs, the Division of Corporation Finance, the Office of the Secretary, and other SEC divisions and offices.

**Documents Concerning Coinbase's Form S-1 and Direct Public Offering (RFP No. 27)**

As set forth in the SEC's Requests and Objections, Request No. 27 is unduly burdensome, overbroad, and oppressive, and seeks documents that are (i) not relevant, (ii) not proportional to the needs of the case, (iii) publicly available (e.g. filed registration statements and amendments and attachments thereto), (iv) already in Coinbase's possession (e.g. correspondence between Coinbase and the SEC's Division of Corporation Finance), and (v) privileged (e.g. internal SEC communications). During the meet and confer, Coinbase claimed that the documents sought by RFP No. 27 are relevant to Coinbase's fair notice defense. When asked if RFP No. 27 applied to any of Coinbase's other defenses, you indicated that it "might" also be relevant to, or "could potentially inform," Coinbase's other equitable defenses, though when asked you declined to specify which. With respect to Coinbase's fair notice defense, you posited that the internal SEC documents sought by RFP No. 27 could "inform the [fair notice] inquiry." Again, internal SEC documents are not, and cannot possibly be, relevant to any fair notice inquiry based on applicable case law, including the Court's opinion and order on Coinbase's MJOP. Accordingly, RFP No. 27 does not seek relevant information, and during the meet and confer Coinbase failed to sufficiently explain how RFP No. 27 is proportional to the needs of the case. And, as demonstrated during the meet and confer, the documents sought by RFP No. 27 would be of little to no benefit to the resolution of this case, and such benefit is far outweighed by the burden Coinbase seeks to impose on the SEC to search the email and internal databases of its Division of Corporation Finance, Office of the Chief Accountant, and other SEC divisions and offices that may have been involved in the disclosure and accounting review of Coinbase's Form S-1. Accordingly, the SEC agrees that the parties are at an impasse with respect to RFP No. 27.

\*   \*   \*   \*   \*

Please let us know if Coinbase is willing to accept the SEC's proposal as set forth above or, at least, to meet and confer regarding that proposal.

Regards,

*/s/ Nicholas C. Margida*
Nicholas C. Margida

*Counsel for Plaintiff SEC*

Attachment A
Letter to Kevin Schwartz
July 2, 2024

## Attachment A – Proposed Search Terms and Custodians

The *Wahi* Investigative File

    **Search Terms**

- Coinbase /2 exchange
- Coinbase /2 clearing
- Coinbase /2 broker!
- Coinbase /2 platform
- Coinbase / 2 Prime
- SOL
- @solana.org
- @solana.com
- @solana.foundation
- ADA
- @cardanofoundation.org
- @iohk.io
- @emurgo.io
- Polygon
- MATIC
- @polygon.technology
- @protocol.ai
- Filecoin
- FIL
- @fil.org
- Sandbox
- SAND
- @sandbox.game
- @animocabrands.com
- @pixowl.com
- Axie
- AXS
- @axieinfinity.com
- @skymavis.com
- Chiliz
- CHZ
- @chiliz.com
- @mediarex.com
- Dapper Labs
- (FLOW /2 token)
- (FLOW /2 asset)

Attachment A
Letter to Kevin Schwartz
July 2, 2024

- (FLOW /2 crypto*)
- @dapperlabs.com
- "Internet Computer"
- ICP
- internetcomputer.org
- @dfinity.org
- NEAR /2 (protocol or token)
- @near.foundation
- @near.org
- Voyager
- VGX
- @investvoyager.com
- (DASH /2 token)
- (DASH /2 asset)
- (DASH /2 crypto*)
- @dash.org

The *Payward Ventures* (Staking) File

**Search Term**

- "Coinbase" /s stak*

Division of Corporation Finance

**Custodians**

- Jonathan Ingram
- Michael Seaman
- Mark Vilardo

**Search Terms**

- SOL
- @solana.org
- @solana.com
- @solana.foundation
- ADA
- @cardanofoundation.org
- @iohk.io
- @emurgo.io
- Polygon
- MATIC

Attachment A
Letter to Kevin Schwartz
July 2, 2024

- @polygon.technology
- @protocol.ai
- Filecoin
- FIL
- @fil.org
- Sandbox
- SAND
- @sandbox.game
- @animocabrands.com
- @pixowl.com
- Axie
- AXS
- @axieinfinity.com
- @skymavis.com
- Chiliz
- CHZ
- @chiliz.com
- @mediarex.com
- Dapper Labs
- (FLOW /2 token)
- (FLOW /2 asset)
- (FLOW /2 crypto*)
- @dapperlabs.com
- "Internet Computer"
- ICP
- internetcomputer.org
- @dfinity.org
- NEAR /2 (protocol or token)
- @near.foundation
- @near.org
- Voyager
- VGX
- @investvoyager.com
- (DASH /2 token)
- (DASH /2 asset)
- (DASH /2 crypto*)
- @dash.org

FinHub

**Custodians**

Attachment A
Letter to Kevin Schwartz
July 2, 2024

- Valerie Szczepanik
- Amy Starr

**Search Terms**

- SOL
- @solana.org
- @solana.com
- @solana.foundation
- ADA
- @cardanofoundation.org
- @iohk.io
- @emurgo.io
- Polygon
- MATIC
- @polygon.technology
- @protocol.ai
- Filecoin
- FIL
- @fil.org
- Sandbox
- SAND
- @sandbox.game
- @animocabrands.com
- @pixowl.com
- Axie
- AXS
- @axieinfinity.com
- @skymavis.com
- Chiliz
- CHZ
- @chiliz.com
- @mediarex.com
- Dapper Labs
- (FLOW /2 token)
- (FLOW /2 asset)
- (FLOW /2 crypto*)
- @dapperlabs.com
- "Internet Computer"
- ICP
- internetcomputer.org
- @dfinity.org

Attachment A
Letter to Kevin Schwartz
July 2, 2024

- NEAR /2 (protocol or token)
- @near.foundation
- @near.org
- Voyager
- VGX
- @investvoyager.com
- (DASH /2 token)
- (DASH /2 asset)
- (DASH /2 crypto*)
- @dash.org

## Margida, Nicholas

| | |
|---|---|
| **From:** | Margida, Nicholas |
| **Sent:** | Thursday, June 13, 2024 2:22 PM |
| **To:** | Adam M. Gogolak; David P.T. Webb; James M. McDonald; Julia A. Malkina; Kathleen S. McArthur; Kevin S. Schwartz; Olivia G. Chalos; Sarah K. Eddy; Sijin Choi; Steven R. Peikin; William Savitt |
| **Cc:** | Costello, Patrick R.; Mendel, David S; Mancuso, Peter; Dunnan, Rebecca |
| **Subject:** | Follow up on Initial Meet and Confer re: Coinbase's Requests for Production |

Kevin,

Following up on this morning's telephonic meet and confer regarding Coinbase's requests for production ("RFPs"), we heard you ask if it is the SEC's position that it would not produce documents concerning Coinbase's affirmative defenses on the grounds that such defenses are meritless and thus documents related thereto are not relevant. In response to this question, the parties discussed, among other things, the import of the Court's March opinion and order on Coinbase's motion for judgment on the pleadings (and the remaining viability of certain defenses) and the SEC's relevance objections to producing certain types of documents, such as internal documents. It occurred to us after the call that in order to fully answer your question, with all appropriate context, the SEC would like (and indeed, needs) to better understand which of Coinbase's RFPs you all believe seek documents related to Coinbase's affirmative defenses and how the defenses apply. I know we discussed on this morning's call Coinbase's Administrative Procedures Act/"abuse of discretion" defense as relating to RFP No. 29, and its fair notice defense with respect to RFP No. 6. But it would be helpful, during the continuation of the meet and confer next week (or by reply email if preferable), if you could: (1) identify which of Coinbase's RFPs seek documents concerning Coinbase's defenses; (2) identify which defenses apply to each such RFP; and (3) explain how the documents sought by each such RFP are relevant to the specified defense(s). Then, we can fairly consider the question you posed this morning and whether the SEC is willing to search and/or conduct additional searches for documents concerning the enumerated RFPs that you inform us relate to Coinbase's defenses. Thank you.

Regards,
Nick


Nick Margida
Senior Trial Counsel
U.S. Securities & Exchange Commission
Division of Enforcement
100 F Street, N.E.
Washington, DC 20549-5977
(202) 551-8504