WACHTELL, LIPTON, ROSEN & KATZ

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

Direct Dial: (212) 403-1062
Direct Fax: (212) 403-2062
E-Mail: KSchwartz@wlrk.com

November 14, 2024

<u>Via ECF</u>
The Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

      Re:  *Securities and Exchange Commission* v. *Coinbase, Inc.*
          *and Coinbase Global, Inc.*, 23 Civ. 4738 (KPF)

Dear Judge Failla:

  Pursuant to Local Rule 7.1(d) and this Court's Individual Rule 2(C), Coinbase seeks to amend the operative Case Management Plan and Scheduling Order (Dkt. 166). While both Coinbase and the SEC have been working hard to meet their discovery obligations and to resolve or narrow disagreements, recent developments lay bare the substantial discovery that remains outstanding and renders the current timeline untenable. As detailed below, in light of new SEC document requests, outstanding SEC productions, and the scale and timing of the deposition program sought by the SEC, Coinbase seeks an order to extend the fact discovery deadline and to provide interim deadlines. Revising the schedule now would provide the parties visibility to plan the completion of fact discovery on an efficient, reasonable timetable, with document discovery and depositions undertaken in the appropriate and customary sequence. This is Coinbase's first request to amend the schedule.

  On September 5, the Court granted in part Coinbase's motion to compel the SEC's compliance with 13 requests for production served in April. Dkt. 160. The Court also ordered the SEC to log withheld documents to "give the defense the information it needs to challenge, as appropriate, the SEC's privilege assertions." Tr. at 4. The parties negotiated a search protocol, which required the SEC to collect and review more than 133,000 documents. The SEC then sought Coinbase's consent to a four-month extension of the October 18 fact discovery deadline. Coinbase consented to that extension based on the parties' expectations that document discovery would be substantially complete well before year-end, permitting time to resolve disputes and to begin depositions in mid-January 2025. On September 19, the Court ordered the SEC-proposed schedule.

  In the past two months, several discovery developments have undermined the premises of the schedule and now warrant its amendment:

  1.  <u>SEC's new document requests</u>: In the wake of the Court's motion-to-compel order, the SEC served on Coinbase two additional sets of document demands, with a total of 71 new requests. This wave of requests has imposed several months of additional work for Coinbase to complete, on top of its efforts already underway to respond to the SEC's 222 prior requests. And just two days ago, on November 12, the SEC served on Coinbase another wave of 461 Requests for Admission, indicative of the voluminous ongoing work ahead — by both parties — all of which may inform further discovery, including depositions. Nevertheless, the SEC seeks to commence depositions in the coming weeks, to meet the current fact discovery deadline. But during the weeks

WACHTELL, LIPTON, ROSEN & KATZ

Hon. Katherine Polk Failla
November 14, 2024
Page 2

ahead, with ongoing document discovery and the upcoming holidays, there is no reason to subject Coinbase's witnesses to depositions with the attendant risk that the SEC may invoke subsequent productions to seek witnesses' additional appearances for testimony. Nor, for that matter, would there be reason to subject SEC witnesses to that risk and burden. Revising the schedule now would remove this risk and burden.

  2. <u>SEC's outstanding production obligations</u>: To date, despite its obligation to review more than 133,000 documents to comply with the motion-to-compel order, the SEC has produced only 300 documents subject to that review, comprised almost entirely of documents already in Coinbase's possession (SEC communications with Coinbase). The SEC committed to make a further production arising from the order on November 11, but that did not happen. Instead, the SEC now represents that such production will come on November 19, with its initial review of all documents anticipated by December 20. The SEC has not stated when its privilege log will follow.

  Given this state of affairs, there is little prospect that meet and confers concerning the SEC's production, let alone any Coinbase motions to follow, can be raised or resolved until well into 2025 (for example, to resolve disputes with respect to SEC documents withheld as privileged). These substantial SEC production obligations that remain outstanding also preclude Coinbase from having now, or anytime soon, a fully informed basis in the documentary record for assessing what depositions are needed for its defense. Revising the schedule now would address this problem.

  3. <u>Ongoing meet and confers</u>: Coinbase has met and conferred constructively with the SEC on various issues relating to both parties' requests for production. For certain Coinbase requests to which the SEC objected, on October 28 the SEC agreed, while preserving its objections, to provide a hit report for a search Coinbase proposed to resolve the dispute; yesterday, the SEC furnished that report, identifying an additional 50,000 documents potentially responsive in this case. On this and other matters, Coinbase would like to have the time to continue working with the SEC to address any burden concerns they might have and to resolve open disagreements before seeking the Court's intervention. Revising the schedule now would allow that.

  4. <u>SEC's proposed deposition program</u>: Contrary to the parties' original understanding that they would complete document productions before commencing depositions in mid-January, in order to complete its desired deposition program by the February 18 fact discovery deadline, the SEC now seeks to begin depositions in December — despite the substantial documentary discovery (and potential issues in dispute) still outstanding. Further, the SEC has sought Coinbase's consent to increase each side's permissible number of depositions to 15 — five more than the default under the federal rules — and, due to the approaching fact discovery deadline, to take party and third-party depositions concurrently.

  Across several meet and confers, Coinbase has attempted to address the SEC's concerns about its ability to complete depositions before the current deadline, including by exploring potential dates of witness and counsel availability far earlier than the parties had envisioned. The SEC sought to proceed with depositions on those potential dates, but Coinbase ultimately remained resolved that it is neither appropriate nor necessary to subject either side's witnesses to depositions with such substantial documentary discovery outstanding, and for that reason sought the SEC's

WACHTELL, LIPTON, ROSEN & KATZ

Hon. Katherine Polk Failla
November 14, 2024
Page 3

consent to a reasonable schedule extension to resolve both sides' timing concerns. As Coinbase made clear to the SEC during the parties' meet and confer, it does not seek to deprive the SEC of testimony from any of the witnesses it has noticed for deposition in this case, but rather requests an extension of the schedule in order to permit the witnesses — for both sides — to provide their deposition testimony in the customary sequence, after documentary discovery is substantially complete. Again, revising the schedule now on the terms proposed would allow this to happen.

In light of these developments, and the SEC's demand that depositions commence promptly to meet the current discovery schedule, an extension is warranted now to provide clarity for the parties to proceed with an efficient, feasible completion of fact discovery. An amended schedule should include interim deadlines that ensure the parties can complete discovery in the customary sequence. Coinbase respectfully asks the Court to order the enclosed case management plan (*see* Exhibit A), which would result in a shorter extension than the SEC sought (and that Coinbase did not oppose) in September. The proposed deadlines provide for the following schedule:

- <u>Substantial Completion of Document Discovery</u>:     March 7, 2025
- <u>Service of Privilege Logs</u>:     March 17, 2025
- <u>Commencement of Depositions</u>:     April 1, 2025
- <u>Completion of Fact Discovery</u>:     May 30, 2025

We had hoped that the parties could agree on an extension to propose jointly to the Court, and on November 13 the parties held a meet and confer on Coinbase's proposal, but the SEC has notified Coinbase that it opposes any extension of the schedule. Coinbase is available at the Court's convenience should it have any questions.

Respectfully,

*Kevin Schwartz*

Kevin S. Schwartz

cc:     All counsel of record

Enclosure