

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

DIVISION OF
ENFORCEMENT

November 19, 2024

<u>Via ECF</u>

The Honorable Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *SEC v. Coinbase, Inc. and Coinbase Global, Inc.*, 23 Civ. 4738 (KPF)

Dear Judge Failla:

　　Plaintiff Securities and Exchange Commission ("SEC") respectfully responds to Defendants' motion for leave to amend the Case Management Plan ("CMP") and Scheduling Order (the "Motion"), in which Defendants seek to prevent the SEC from taking *any* depositions until April 1, 2025, and to further extend fact discovery by more than three additional months. *See* ECF No. 169. The Court should deny the Motion. The Court should not reward Coinbase's dilatory discovery practices—including its lengthy document production delays, failure to cooperate in scheduling depositions, and failure to timely serve a privilege log despite repeated requests—with an additional, needless extension of the deadlines. Nor is there any basis, under the Federal Rules or otherwise, to preclude a party from conducting depositions until the very end of what is supposed to be an iterative discovery process.

**I.    Coinbase's Motion Should Be Denied Because It Has Not Acted Diligently.**

　　The CMP may be modified only for good cause (Fed. R. Civ. P. 16(b)(4); CMP at 8), which requires Coinbase to show diligence in meeting discovery deadlines. *Peterson v. Home Depot U.S.A., Inc.*, 2013 WL 5502816, at *2 (S.D.N.Y. Oct. 3, 2013); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[A] finding of 'good cause' depends on the diligence of the moving party.").

　　Coinbase's Motion fails under this standard, as its discovery efforts to date have been anything but diligent. Despite being the Defendants in this case and despite complaining of a short SEC pre-filing investigation of its conduct (*see* Ans. ¶ 13), Coinbase has produced fewer than 6,000 documents and no privilege log. The limited documents it has produced have taken months to arrive and only after numerous meetings with Coinbase. Specifically, the SEC served its First Set of Requests for Production ("RFP") in April 2024, yet as of November 18, 2024, Coinbase was still producing documents responsive to this RFP. The SEC served its Second RFP on July 1, 2024, but Coinbase has informed the SEC that it will not be able to complete production until November 22, 2024. And the SEC served its Third RFP on August 22, 2024, but nearly three months later Coinbase has not stated when it would begin producing documents in response.[1]

---

[1] By contrast, the SEC has produced a total of 286,386 documents. And it has conducted the Court-ordered review of the more than 133,000 additional documents (*see* ECF No. 160) in diligent fashion, having reviewed over 100,000 to date.

Coinbase seeks to capitalize on these delays by arguing that an extension is necessary because conducting depositions this December would "subject Coinbase's witnesses to depositions with the attendant risk that the SEC may invoke subsequent [Coinbase] productions to seek witnesses' additional appearances for testimony." Mot. at 2. But Coinbase's lack of diligence in producing documents is not a reason to grant the Motion—it is a reason to deny it.

Coinbase's other purported grounds for an extension similarly have no merit:

- SEC's Document Productions: Coinbase asserts that the SEC's outstanding document production obligations supports its extension request. Mot. at 2. But, as Coinbase recognizes, the SEC intends to complete its document productions in response to the Court motion-to-compel order by December 20, 2024. Coinbase cannot explain why this timely production schedule, which leaves it nearly two months to conduct any additional proper discovery under the current schedule or to seek an extension if and when the complete production reveals a need for one, warrants a three-month discovery extension now.

- Coinbase's Document Requests Regarding BTC and ETH: Coinbase also points to "[o]ngoing meet and confers" related to its document requests for documents related to BTC and ETH, two crypto assets not at issue in this litigation. *Id.* As the SEC has already informed Coinbase, documents related to BTC and ETH are irrelevant to any issue in the case and not within the scope of proper discovery. And Coinbase did not seek to compel production of the BTC-related documents in its prior motion to compel when the relevance of those documents was already in dispute. Critically, allowing discovery into assets *not* alleged in this case based on Coinbase's desire to compare them to the assets that *are* alleged, is not warranted. After all, while the SEC has not brought lawsuits based on BTC or ETH, it *has* brought numerous of lawsuits alleging that many other crypto assets that trade on Coinbase satisfy *Howey*. The Court should not extend discovery on account of Coinbase's efforts to obtain documents unrelated to any claim or defense in the case and in a way that would invite additional delay and waste of the parties' and the Court's time.

- SEC Depositions: Coinbase argues that the "scale and timing" of the SEC's proposed depositions warrants a three-month discovery extension. *Id.* at 1. As support, Coinbase suggests that the parties had an "original understanding" that depositions would commence in mid-January 2025 (*Id.* at 2), so the Court should prevent the SEC from taking depositions in December 2024. The SEC never committed to such a position. The SEC first served deposition notices in early October 2024 for the following month and engaged in extensive negotiations with Coinbase to find mutually agreeable dates for these depositions. Eventually, Coinbase provided December 2024 and January 2025 deposition dates, but then reneged on its stance when the SEC re-served the notices of deposition with the dates Coinbase supplied. *See* Exhibit 1, Emails between P. Mancuso and K. Schwartz. Coinbase never explains the change of circumstances between November 4 (when it provided deposition dates for three of its witnesses that the SEC agreed to) and November 11, when it first took the position that depositions could not commence until April 2025 and only after an extension of the fact discovery period. Coinbase has thus fallen well short of adducing the good cause necessary for an extension of the discovery period.

## II.    Coinbase's Attempt to Dictate the Timing of SEC's Depositions Should Be Rejected.

The true objective of Coinbase's Motion is to further delay the SEC from taking the deposition of its witnesses. Over the past six weeks, as reflected in Exhibit 1, Coinbase has refused to appropriately cooperate in scheduling depositions, and now, faced with notices of deposition for its witnesses, it resorts to the Court, asking it to order that "[d]epositions of fact witnesses shall not

commence before April 1, 2025." *See* ECF No. 169-1 at 8(f)(i). Yet, Coinbase offers no legal justification for seeking such relief and does not even attempt to satisfy its burden for a protective order under Federal Rule of Civil Procedure 26(c). *SEC v. Collector's Coffee Inc.*, 2020 WL 4034733 (S.D.N.Y. July 17, 2020) ("When a party resists appearing at a noticed deposition, the Federal Rules of Civil Procedure require that the party raise the issue by means of a motion for a protective order" under Rule 26(c) and demonstrate "that good cause exists for issuance of that order").

Coinbase fails to provide the Court—as it did the SEC during the meet and confer process—with a legitimate basis to prevent the SEC from commencing depositions at this time. And there is none: no Federal Rule, Local Rule, or Individual Rule, nor the CMP requires a party to wait until all document discovery is complete before depositions may begin. *See* ECF No. 166 Amended CMP at 8(d)(i). And, contrary to Coinbase's unsupported assertion that no depositions can occur until all document production is completed, the SEC is entitled to pursue discovery in the manner and order it sees fit to prosecute its case. *See* Fed. R. Civ. P. 26(d)(3) (providing that "methods of discovery may be used in any sequence"). Any "risk" (Mot. at 2) incurred by commencing depositions in the coming weeks are the SEC's to bear and they cannot serve as a basis to prevent the SEC from conducting depositions until April 2025. If the SEC conducts a deposition and then seeks to reopen it for whatever reason, then the parties and ultimately the Court can decide whether such a request is proper under the circumstances (*See* Fed. R. Civ. P. 30(a)(2)), including whether Coinbase was diligent in its productions. But the prospect of a potential reopening of a deposition that has not yet occurred is insufficient reason to delay *all* depositions in this case.

Even if the Court extends the discovery period, the SEC respectfully submits there is no basis to restrict depositions, especially because the parties are already in the seventh month of fact discovery.

### III.    The Court Should Not Countenance Coinbase's Efforts to Delay Its Privilege Log.

Coinbase requests that the Court set a deadline of March 17, 2025 for the service of privilege logs, but the Court should require Coinbase to produce a privilege log far sooner than that. *See* Fed. R. Civ. P. 26(b)(5) (requiring a party that withholds information on the basis of privilege to "expressly make the claim" and "describe the nature of the documents"). The SEC served its initial document requests in April 2024, and Coinbase represented that it has withheld documents on the basis of privilege starting with document productions served on September 20, 2024. Yet Coinbase still has not produced a privilege log despite multiple requests by the SEC. Now, Coinbase seeks further delay by asking the Court to set a deadline of March 17, nearly four months away. Coinbase's proposal is particularly inequitable here, when the SEC has already served upon Coinbase a 648-page, 14,000-entry privilege log. *See* ECF No. 150 at 2.

*        *        *        *        *

For the reasons stated above, the Court should deny Coinbase's motion in its entirety.

Respectfully submitted,

*/s/ Peter A. Mancuso*
Peter A. Mancuso
*Counsel for Plaintiff*
*Securities and Exchange Commission*

Cc:    All counsel of record